**\*\* § 362 INFORMATION COVER SHEET \*\***

Schulte Properties, LLC         17-12883-mkn        

**Debtor**         **Case No:**         **Motion #:**

Wells Fargo Bank, N.A.

**MOVANT**         **Chapter:** 11

---

**Certification of Attempt to Resolve the Matter without Court Action:**

Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: September 15, 2017      Signature: /s/ Gregory L. Wilde , Esq.
                             Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: 1528 Splinter Rock Way, North Las Vegas, NV 89031

NOTICE SERVED ON:      Debtor ☒          Debtor's Counsel ☒

DATE OF SERVICE: September 15, 2017

---

**MOVING PARTY'S CONTENTIONS:**

The EXTENT and PRIORITY of LIENS: \*

Movant: $133,665.98

Other:

Total Encumbrances:          $133,665.98

APPRAISAL or OPINION as to VALUE: $231,000.00
Per attached Schedule "A"

---

**DEBTOR'S CONTENTIONS:**

The EXTENT and PRIORITY of LIENS:

1st

2nd

3rd

4th

Other:

Total Encumbrances: $

APPRAISAL or OPINION as to VALUE:

---

**TERMS OF MOVANT'S CONTRACT
WITH THE DEBTOR:\***

Amount of Note: $132,600.00†
Interest Rate: Current 5.0%
Duration: 30 Year
Payment Per Month: $704.51
Date of Default: January 1, 2013
Amount of Arrearages: $40,665.91
Date of Notice of Default: N/A

SPECIAL CIRCUMSTANCES: **The undersigned hereby certifies that an attempt has been made to confer with debtor's counsel, or with debtor, and that more than three (3) business days have expired, and that after sincere effort to do so, counsel has been unable to resolve this matter without court action.**

SUBMITTED BY: Greg Wilde

SIGNATURE: /s/ Gregory L. Wilde, Esq.

---

**DEBTOR'S OFFER OF "ADEQUATE
PROTECTION" FOR MOVANT:**

SPECIAL CIRCUMSTANCES:

SUBMITTED BY: _____

SIGNATURE: _____

---

\* All amounts due to Movant as of August 15, 2017
† The loan was crammed down in the debtor's managing partner's previous Chapter 11 case to a total secured lien of $105,942.62

**TIFFANY & BOSCO, P.A.**
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone:  702 258-8200
Fax:  702 258-8787
**Attorney for Secured Creditor Wells Fargo Bank, N.A.**
09-74153

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Bk Case No.: 17-12883-mkn |
| Schulte Properties, LLC | Date:  October 18, 2017<br>Time: 9:30am |
| | Chapter 11 |
| Debtor. | |

## <u>MOTION FOR RELIEF FROM AUTOMATIC STAY AND IN REM RELIEF</u>

Wells Fargo Bank, N.A., Secured Creditor herein, ("Secured Creditor" or "Movant" hereinafter), alleges as follows:

1.      That on or about May 31, 2017, the above named Debtor filed this instant Chapter 11 Petition in Bankruptcy with the Court.

2.      John Killilee and Shellie Killilie ("Borrowers") executed and delivered that certain promissory note in the original principal amount of $132,600.00 (the "Note").   A true and correct copy of the Note is attached hereto as Exhibit "A".  Movant is an entity entitled to enforce the Note.

3.      Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Borrowers under the Note and the Deed of Trust with respect to the Loan are secured by the Property detailed hereinafter.  A true and correct copy of the Deed of Trust is attached hereto as Exhibit "B".

4.      All rights and remedies under the Deed of Trust were assigned to Norwest Mortgage, Inc. pursuant to that certain Assignment of Deed of Trust.  A true and correct copy of the Assignment of Deed of Trust is attached hereto as Exhibit "C".

5.      Norwest Mortgage, Inc. subsequently merged into Wells Fargo Bank, N.A.  A true and correct copy of the Merger Document is attached hereto as Exhibit "D".

6.      The property was grant deeded from the Original Borrowers to William R. Schulte and Melani Schulte through a series of transfers.  True and correct copies of the relevant Grant Deeds is attached hereto as "Exhibit E".

7.      William R. Schulte and Melani Schulte subsequently filed a Chapter 7 case, 09-19658-bam, which was dismissed August 4, 2009, and a Chapter 11 case, 09-29123-mkn, in which they received a discharge December 15, 2015.  Movant's secured claim was revalued at $105,942.62 in the second bankruptcy case.

8.      The property was grant deeded to the Melani Schulte and subsequently to the Debtor (an entity created May 30, 2017 and controlled by Melani Schulte) on May 30, 2017.  True and correct copy of the relevant Grant Deeds is attached hereto as "Exhibit F".

9.      Secured Creditor is the current payee of the aforementioned Promissory Note dated February 29, 1996 in the principal sum of $132,600.00, secured by  the aforementioned Deed of Trust of same date upon property generally described as 1528 Splinter Rock Way, North Las Vegas, NV 89031, and legally described as follows:

THE FEE SIMPLE TITLE TO LOT TWENTY-THREE (23) IN BLOCK FOUR (4) IN ELDORADO 3 - RCL NO. 8, AS SHOWN BY MAP THEREOF RECORDED ON SEPTEMBER 25, 1992 ON FILE IN BOOK 54 OF PLATS, PAGE 7. IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY NEVADA.

("subject property" herein).

10.      Secured Creditor is informed and believes, and, based upon such information and belief, alleges that title to the subject property is currently vested in the name of Debtor.

/././

11.     Immediately prior to the filing of this Motion, the status of payment towards the Secured Creditor's note was as follows:

a.   The current monthly payment under the note is $704.51.

b.   The current amount due and owing is as follows:

| | |
|---|---|
| 53 Monthly Payments at $727.46 | $38,555.38 |
| (January 1, 2013 - May 1, 2017) | |
| 3 Monthly Payments at $704.51 | $2,113.53 |
| (June 1, 2017 - August 1, 2017) | |
| Suspense | ($3.00) |
| Total | $40,665.91 |

through August 15, 2017 with another payment coming due on the first (1st) day of every month thereafter.  Secured Creditor will provide an update of the above information for the Court and interested parties if there is an opposition filed or upon written request to undersigned counsel.

12.     Secured Creditor has not initiated foreclosure proceedings on the Property with respect to the subject Trust Deed.

13.     Secured Creditor urges that this Court issue and Order herein permitting this Secured Creditor to proceed to begin executing upon its security interest in the Subject Property, including necessary action to obtain possession of the Property.

14.      Secured Creditor's Information Sheet as to the extent of liens and encumbrances against the subject property is attached hereto as "Coversheet" and incorporated herein by reference. Secured Creditor will seek leave of Court to specify any further encumbrances against the subject property at the time of hearing.

15.     This Court has jurisdiction of this action pursuant to the provisions of 11 U.S.C. Section 362(d).

**_In Rem_ Relief is Warranted Under Section 11 U.S.C. § 362(d)(4)(B) as the Debtor is Scheming to Delay Foreclosure by the Filing of Multiple Bankruptcies.**

16.     Debtor has clearly delayed and hindered Secured Creditor's right to proceed to a Trustee's sale of the real property by filing multiple bankruptcy cases involving the unauthorized transfer of the subject property. Section 11 U.S.C. § 362(d)(4)(B) states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
   . . . .
    (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
        (B) multiple bankruptcy filings affecting such real property.

17.     *In rem* relief is critical here because the Debtor is clearly seeking to delay and hinder the exercise of the Secured Creditor's rights, particularly with respect to foreclosure.  In this case, even if the Court lifts the stay, Secured Creditor will have to expend additional fees and costs seeking relief in future bankruptcy filings, unless *in rem* relief is granted.

18.     Secured Creditor requests, pursuant to 11 U.S.C.§ 362(d)(4), that the Court's order lifting the automatic stay contain findings that (1) Debtor's bankruptcy is part of a scheme; (2) the object of the scheme is to delay and hinder Secured Creditor; and (3) the scheme involves multiple bankruptcy filings affecting the Property.  In other words, Secured Creditor asks that the order lifting the stay be binding, *in rem*, with respect to the Property.  Secured Creditor submits that, in light of the factual history presented above, there can be no doubt that the requirements of section 362(d)(4)(B) are met.

WHEREFORE, Secured Creditor prays judgment as follows:

(1)     For an order granting relief from the Automatic Stay, and permitting this Secured Creditor to execute upon its security interest in the subject property, including necessary action to obtain possession of the Property.

(2)     That since a foreclosure process has not been initiated, Secured Creditor asks the Court to waive the requirement of notifying other lienholders as detailed in FRBP 4001 (a)(1), because such lienholders will be notified of a foreclosure proceeding if an when one is initiated.

(3)      In the alternative, an Order requiring the Debtor to reinstate and maintain all obligations due under all of the Deeds of Trust encumbering the subject property and further allowing Secured Creditor with the remedies to proceed with foreclosure should the Debtor not maintain payments.

(4)      That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

(5)      That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

(6)      For attorneys' fees and costs of suit incurred herein.

(7)      For such other and further relief as this Court deems appropriate.


DATED this 15th day of September, 2017.          **TIFFANY & BOSCO, P.A.**

By:    /s/Gregory L. Wilde, Esq
**GREGORY L. WILDE, ESQ.**
Attorney for Secured Creditor
212 South Jones Boulevard
Las Vegas, Nevada 89107

1

2

3

4

5

6 **TIFFANY & BOSCO, P.A.**
Gregory L. Wilde, Esq.
7 Nevada Bar No. 004417
212 South Jones Boulevard
8 Las Vegas, Nevada 89107
Telephone:  702 258-8200
9 Fax:  702 258-8787
nvbk@tblaw.com
10

11 **Attorney for Secured Creditor Wells Fargo Bank, N.A.**
09-74153
12

13 **UNITED STATES BANKRUPTCY COURT**

14 **DISTRICT OF NEVADA**

15

| In Re: | Bk Case No.: 17-12883-mkn |
|---|---|
| Schulte Properties, LLC | Date:  October 18, 2017<br>Time: 9:30am |
| Debtor. | Chapter 11 |

20

21 **[PROPOSED] ORDER TERMINATING AUTOMATIC STAY**

22

23        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in the

24 above-entitled bankruptcy proceedings is terminated as to the Debtor in favor of Secured Creditor,

25 Wells Fargo Bank, N.A., its assignees and/or successors in interest, of the subject property, generally

26 described as 1528 Splinter Rock Way, North Las Vegas, NV 89031.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that the requirement detailed in FRBP 4001 (a)(1) to notify other lienholders is hereby waived, because such lienholders will be notified of a foreclosure proceeding if and when one is initiated

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

Submitted by:

**TIFFANY & BOSCO, P.A.**

By:    /s/Gregory L. Wilde, Esq
**Gregory L. Wilde, Esq.**
Attorney for Secured Creditor

**APPROVED / DISAPPROVED**

By:
**Amberlea Davis**
Attorney for Debtor

# NOTE

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

FEBRUARY 29th, 1996       ,        LAS VEGAS       , NEVA
[Date]                           [City]                     [State]

1528 SPLINTER ROCK WAY, NORTH LAS VEGAS, NEVADA 89031
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $      132,600.00     (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
    PROVIDENT SAVINGS BANK, F.S.B.
                                                   . I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of     7.500    %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

#### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the     first    day of each month beginning on     April 1    . 1996 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on     March 1    ,   2026   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 3756 CENTRAL AVENUE,
    RIVERSIDE, CA 92506

                                     or at a different place if required by the Note Holder.

#### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $     927.16    .

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

#### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     15  calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     4.00    % of my overdue payment. I will pay this late charge promptly but only once on each late payment.

#### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac Uniform Instrument

Form 3200 12/83
Amended 4/92

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. ALLONGE TO THIS NOTE**

If an allonge providing for payment adjustments or for any other supplemental information is executed by the Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge    ☐ Other [Specify]    ☐ Other [Specify]

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Regulations (38 C.F.R. Part 36) issued under the Department of Veteran's Affairs ("V.A.") Guaranteed Loan Authority (38 U.S.C. Chapter 37) and in effect on the date of loan closing shall govern the rights, duties and liabilities of the parties to this loan and any provisions of this Note which are inconsistent with such regulations are hereby amended and supplemented to conform thereto.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
JOHN KILLILEE                      -Borrower
SSN: ████████████

_____ (Seal)
                                   -Borrower
SSN: ████

_____ (Seal)
SHELLIE KILLILEE                   -Borrower
SSN: ████████████

_____ (Seal)
                                   -Borrower
SSN:

*(Sign Original Only)*

**PAY TO THE ORDER OF**
WITHOUT RECOURSE
**NORWEST MORTGAGE INC.**
BY: PROVIDENT SAVINGS BANK, FSB
SIGNED: _____
NAME: RICHARD L., GALE, SENIOR VICE PRESIDENT

WITHOUT RECOURSE
PAY TO THE ORDER OF

**NORWEST MORTGAGE, INC.**
By _____
Anne McAnallen
Assistant Secretary

VMP -5V (9204)    Page 2 of 2    Form 3200 12/83

WHEN RECORDED MAIL TO

PROVIDENT SAVINGS BANK
3756 CENTRAL AVENUE
RIVERSIDE, CA   92506

# Exhibit B



―――――――――――――― [Space Above This Line For Recording Data] ――――――――――――――

# DEED OF TRUST

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS DEED OF TRUST ("Security Instrument") is made on    **FEBRUARY 29th, 1996**    . The grantor is
**JOHN KILLILEE  AND
SHELLIE KILLILEE , HUSBAND AND WIFE**

("Borrower"). The trustee is     **PROVIDENT FINANCIAL CORP., A CALIFORNIA CORPORATION**

("Trustee"). The beneficiary is     **PROVIDENT SAVINGS BANK, F.S.B.**

which is organized and existing under the laws of    **THE UNITED STATES OF AMERICA**    , and whose
address is **3756 CENTRAL AVENUE, RIVERSIDE, CA 92506**

("Lender"). Borrower owes Lender the principal sum of
**ONE HUNDRED THIRTY TWO THOUSAND SIX HUNDRED & 00/100**

Dollars (U.S. $    **132,600.00** )
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly
payments, with the full debt, if not paid earlier, due and payable on **MARCH 1st, 2026**    . This Security
Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and
modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of
this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the
Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described
property located in     **CLARK**     County, Nevada:
**THE FEE SIMPLE TITLE TO LOT TWENTY-THREE (23) IN BLOCK FOUR (4) IN ELDORADO
3 - RCL NO. 8, AS SHOWN BY MAP THEREOF RECORDED ON SEPTEMBER 25, 1992 ON
FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY RECORDER OF
CLARK COUNTY, NEVADA.**

which has the address of     **1528 SPLINTER ROCK WAY, NORTH LAS VEGAS**
Nevada          **89031**          [Zip Code] ("Property Address"):     [Street, City].

**NEVADA- Single Family -FNMA/FHLMC UNIFORM
INSTRUMENT  Form 3029 9/90**
-BV(NV) (9409)          Amended 8/93
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 8          Initials:

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.**   Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.**   Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.**   Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. **Charges; Liens.**   Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. **Hazard or Property Insurance.**   Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Form 3029 9/90

Initials: _JJK_

-6V(NV) (9403)   Page 2 of 6

Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

(WMP) -6V(NV) (9501)

Page 3 of 6

Form 3029 9/90

Initials: _____

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17 Borrower's covenants and agreements shall be joint and several Any Borrower who co-signs this Security Instrument but does not execute the Note (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument, (b) is not personally obligated to pay the sums secured by this Security Instrument, and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of. (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred, (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law


-6V(NV) (9307)

2.325 3 3.6


Form 3029 9/90
Inisials

20. Hazardous Substances. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

21. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender, at its option, and without further demand, may invoke the power of sale, including the right to accelerate full payment of the Note, and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by applicable law to Borrower and to the persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

22. Reconveyance.    Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

23. Substitute Trustee. Lender at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law

24. Assumption Fee. If there is an assumption of this loan, Lender may charge an assumption fee of U.S. $

-BV(NV) (9407)

Form 3029 9/90

**25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)]

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ 1-4 Family Rider |
| ☐ Graduated Payment Rider | ☒ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☐ Balloon Rider | ☐ Rate Improvement Rider | ☐ Second Home Rider |
| ☐ V.A. Rider | ☒ Other(s) [specify] ASSUMPTION POLICY RIDER | |

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____

_____ (Seal)
JOHN KILLILEE                               -Borrower

_____

_____ (Seal)
SHELLIE KILLILEE                            -Borrower

_____ (Seal)      _____ (Seal)
                              -Borrower                                      -Borrower

STATE OF NEVADA
COUNTY OF     Clark

This instrument was acknowledged before me on   February 29, 1996                              by
   John Killilee and Shellie Killilee

GAYLENA S. GORGAS
Notary Public - Nevada
Clark County
My appt. exp. Apr. 5, 1997

_____
My Commission Expires:   4-5-97

-6V(NV) (9402)                              Page 6 of 6                              Form 3029 9/90

## PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 29th day of FEBRUARY , 1996 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to

PROVIDENT SAVINGS BANK, F.S.B.

(the "Lender")

of the same date and covering the Property described in the Security Instrument and located at.

1528 SPLINTER ROCK WAY,
NORTH LAS VEGAS, NEVADA 89031

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in

COVENANTS, CONDITIONS, AND RESTRICTIONS

(the "Declaration").

The Property is a part of a planned unit development known as

[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

B. Hazard Insurance. So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," then:

(i) Lender waives the provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and

(ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, with any excess paid to Borrower.

C. Public Liability Insurance. Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3150 9/90

VMP-7 (9108)

Page 1 of 2
VMP MORTGAGE FORMS (313)293-8100 (800)521-7291

D. Condemnation.    The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 10

E. Lender's Prior Consent.    Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to.

(i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain;

(ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender;

(iii) termination of professional management and assumption of self-management of the Owners Association; or

(iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender

F. Remedies.    If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)
JOHN KILLILEE                                       -Borrower

_____ (Seal)
SHELLIE KILLILEE                                    -Borrower

_____ (Seal)
                                                    -Borrower

_____ (Seal)
                                                    Borrower

-7 (9704)                    Page 2 of 2                    Form 3150 9/90

## VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER

# NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER is made this    29th    day of
FEBRUARY    ,    1996    , and is incorporated into and shall be deemed to amend and supplement the
Mortgage, Deed of Trust or Deed to Secure Debt (herein "Security Instrument") dated of even date herewith, given
by the undersigned (herein "Borrower") to secure Borrower's Note to

PROVIDENT SAVINGS BANK, F.S.B.

(herein "Lender") and covering the Property described in the Security Instrument and located at

1528 SPLINTER ROCK WAY, NORTH LAS VEGAS, NEVADA 89031
(Property Address)

VA GUARANTEED LOAN COVENANT. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:
If the indebtedness secured hereby be guaranteed or insured under Title 38, United States Code, such Title and
Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties and liabilities of
Borrower and Lender. Any provisions of the Security Instrument or other instruments executed in connection with
said indebtedness which are inconsistent with said Title or Regulations, including, but not limited to, the provision
for payment of any sum in connection with prepayment of the secured indebtedness and the provision that the
Lender may accelerate payment of the secured indebtedness pursuant to Covenant 17 of the Security Instrument,
are hereby amended or negated to the extent necessary to conform such instruments to said Title or Regulations.

LATE CHARGE: At Lender's option, Borrower will pay a "late charge" not exceeding four per centum (4%) of the
overdue payment when paid more than fifteen (15) days after the due date thereof to cover the extra expense
involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any
sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire
indebtedness and all proper costs and expenses secured hereby.

GUARANTY. Should the Department of Veterans Affairs fail or refuse to issue its guaranty in full amount within
60 days from the date that this loan would normally become eligible for such guaranty committed upon by the
Department of Veterans Affairs under the provisions of Title 38 of the U.S. Code "Veterans Benefits," the
Mortgagee may declare the indebtedness hereby secured at once due and payable and may foreclose immediately or
may exercise any other rights hereunder or take any other proper action as by law provided.

TRANSFER OF THE PROPERTY. This loan may be declared immediately due and payable upon transfer of the
property securing such loan to any transferee, unless the acceptability of the assumption of the loan is established
pursuant to Section 3714 of Chapter 37, Title 38, United States Code.

An authorized transfer ("assumption") of the property shall also be subject to additional covenants and agreements
as set forth below:

    (a) ASSUMPTION FUNDING FEE: A fee equal to one-half of 1 percent (.50%) of the balance of this loan as
of the date of transfer of the property shall be payable at the time of transfer to the loan holder or its authorized
agent, as trustee for the Department of Veterans Affairs. If the assumer fails to pay this fee at the time of

VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER

-538B (9504).01    1/95
VMP MORTGAGE FORMS (800)521-7291
Page 1 of 2    Initials _____

transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the payee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729 (c).

(b) ASSUMPTION PROCESSING CHARGE: Upon application for approval to allow assumption of this loan, a processing fee may be charged by the loan holder or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which Section 3714 of Chapter 37, Title 38, United States Code applies.

(c) ASSUMPTION INDEMNITY LIABILITY: If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan. The assumer further agrees to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

IN WITNESS WHEREOF, Borrower(s) has executed this VA Guaranteed Loan and Assumption Policy Rider.

JOHN KILLIAN _____ -Borrower

SHELLIE KILLIAN _____ -Borrower

_____ -Borrower

_____ -Borrower

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
OLD REPUBLIC TITLE COMPANY OF NE

03-05-96  14:52    JMC          10
OFFICIAL RECORDS
BOOK:  960305  INST:   01234

FEE:      16.00   RPTT:        .00

Exhibit C

RECORDING REQUESTED BY

960618.01640 ②

AND WHEN RECORDED MAIL TO

NAME  PROVIDENT SAVINGS BANK
ADDRESS  3756 CENTRAL AVENUE
CITY &  RIVERSIDE, CA  92506
STATE

LOAN #

**SPACE ABOVE THIS LINE FOR RECORDER'S USE**

## Corporation Assignment of Deed of Trust

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to

**NORWEST MORTGAGE INC., A CALIFORNIA CORPORATION**

all beneficial interest under that certain Deed of Trust dated   **FEBRUARY 29,**       1996        ,
executed by  **John Killilee AND**
   **Shellie Killilee, HUSBAND AND WIFE**

, Trustor        ,

to **PROVIDENT FINANCIAL CORP, A CALIFORNIA CORPORATION**
Trustee, and recorded as Instrument No.   **01234**        on  **3/05/96**        in book        ,
page  **\*\***    , of Official Records in the County Recorder's office of  **CLARK**
County, California, describing land therein as:  **\*\*NEVADA**
   **THE FEE SIMPLE TITLE TO LOT TWENTY-THREE (23) IN BLOCK FOUR (4) IN ELDORADO
   3 - RCL NO. 8, AS SHOWN BY MAP THEREOF RECORDED ON SEPTEMBER 25, 1992 ON
   FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY RECORDER OF
   CLARK COUNTY, NEVADA.**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Deed of Trust.
   **PROVIDENT SAVINGS BANK, F.S.B.**

Dated   **04/09/96**                  **RICHARD L. GALE, SENIOR VICE PRESIDENT**

**State of California**                    } ss.
**County of RIVERSIDE**
                                                **E. H. SNYDER, ASSISTANT VICE PRESIDENT**
On  **4/10/96**                 before me,   **KIMBERLY A. SAMSON, NOTARY PUBLIC**
personally appeared   **RICHARD L. GALE AND E. H. SNYDER**

, personally
known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s) or the entity
upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

                                  (Seal)

**KIMBERLY A. SAMSON**

| FOR NOTARY SEAL OR STAMP |
| --- |
| KIMBERLY A. SAMSON COMM. #1017218 Notary Public - California Riverside County My Comm. Exp. Oct. 17, 1997 |

Title Order No.                 Escrow No.



CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:

PROVIDENT SAVINGS BANK

06-18-96   14:54   NEL        2
OFFICIAL RECORDS
BOOK:   960618   INST:   01640

FEE:        8.00   RPTT:        .00

# Exhibit D

A0542642



## SECRETARY OF STATE

I, *BILL JONES*, Secretary of State of the State of California, hereby certify:

That the attached transcript of ⎰ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.



*IN WITNESS WHEREOF*, I execute this certificate and affix the Great Seal of the State of California this day of

APR 1 1 2000

Secretary of State

Sec/State Form CE-107 (rev. 9/88)

A0542642

## CERTIFICATE OF AMENDMENT
## OF
## ARTICLES OF INCORPORATION
## OF
## NORWEST MORTGAGE, INC.

ENDORSED-FILED
IN THE OFFICE OF THE
SECRETARY OF STATE
OF THE STATE OF CALIFORNIA

APR -3 2000

BILL JONES, SECRETARY OF STATE

We, James M. Strother, the Secretary, and David V. Gorsche, the Assistant Vice President of Norwest Mortgage, Inc., a corporation duly organized and existing under the laws of the State of California, do hereby certify:

1.      That they are the Secretary and Assistant Vice President, respectively, of Norwest Mortgage, Inc., a California corporation.

2.      That an Amendment to the Articles of Incorporation of this corporation has been approved by the board of directors.

3.      The Amendment so approved by the board of directors is as follows:

Article I of the Articles of Incorporation of this corporation is hereby amended to read as follows:

        Article I:  The name of this Corporation is Wells Fargo Home Mortgage, Inc.

4.      The foregoing Amendment of Articles of Incorporation has been duly approved by the required vote of shareholders in accordance with section 902 of the Corporations Code. The total number of outstanding shares of Corporation is 100. The number of shares voting in favor of the amendment equaled or exceeding the vote required. The percentage vote required was more than fifty percent (50%).

5.      That this certificate shall become effective on April 14, 2000.

Each of the undersigned declares under penalty of perjury of the laws of California that the statements contained in the foregoing certificate are true of their own knowledge.

Executed at Des Moines, Iowa on March 29, 2000.

James M. Strother, Secretary

David V. Gorsche, Assistant Vice President

00737510



## State of California

### SECRETARY OF STATE

I, *Kevin Shelley*, Secretary of State of the State of California, hereby certify:

That the attached transcript of ___*9*___ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.



***IN WITNESS WHEREOF***, I execute this certificate and affix the Great Seal of the State of California this day of

MAY – 5 2004

Secretary of State

Sec/State Form CE-107 (rev. 1/03)

OSP 03 80510

05/05/2004 11:56 FAX 415 393 8304        GD&C S.F.#2                                    ☑002

**ENDORSED - FILED**
In the office of the Secretary of State
of the State of California

MAY - 5 2004

KEVIN SHELLEY
**Secretary of State**

## AGREEMENT OF MERGER OF
## WELLS FARGO HOME MORTGAGE, INC.
## INTO
## WELLS FARGO BANK, NATIONAL ASSOCIATION

THIS AGREEMENT OF MERGER (the "Agreement") entered into and to be effective on the Effective Time set forth below, is by and between Wells Fargo Home Mortgage, Inc., a California corporation ("Mortgage Company"), and Wells Fargo Bank, National Association, a national banking association ("WFB").

### WITNESSETH

WHEREAS, Mortgage Company and WFB have entered into an agreement and plan of merger dated April 30, 2004.

WHEREAS, the Boards of Directors of each of Mortgage Company and WFB deem it advisable and in their mutual best interests and in the best interests of the shareholders of each of Mortgage Company and WFB that Mortgage Company merge (the "Merger") with and into WFB, with WFB as the surviving corporation of the Merger.

NOW THEREFORE, in consideration of the promises and the mutual covenants set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement hereby agree as follows:

### AGREEMENT

1.  **Merger.**  Upon the Effective Time, as defined below, Mortgage Company shall be merged with and into WFB in accordance with the provisions of 12 U.S.C. § 215 et seq. (the "US Law") and the General Corporation Law of California, Section 1100 et seq. (the "CA Law").  For purposes of the US Law, the CA Law and this Agreement, WFB shall be the surviving corporation, and Mortgage Company shall be the disappearing corporation.

2.  **Surviving Corporation.**  Mortgage Company shall be merged with and into WFB and WFB shall be the surviving corporation (the "Surviving Corporation").  The name of the Surviving Corporation shall be Wells Fargo Bank, National Association.

3.  **Effective Time.**  The Merger shall become effective as prescribed by law (the "Effective Time").

4.  **Compliance With the Law.**  The parties shall take such steps as may be necessary under the US Law, the CA Law or otherwise to give effect to this Agreement, including the filing of a copy of this Agreement in the offices of the Secretary of State of the State of California, together with the certificates required by Section 1103 of the CA Law.

Merger CA docs - WFHM into WFB050404FINAL

05/05/2004 11:57 FAX 415 393 8304          GD&C S.F.#2                                      ☑003

5.     **Articles of Incorporation.**  The Articles of Association of WFB shall not be amended as a result of the Merger and shall be the Articles of Association of the Surviving Corporation.

6.     **Board of Directors.**  The Board of Directors of the Surviving Corporation immediately following the Effective Time shall be those persons serving as directors of WFB as of the Effective Time until the next annual meeting of the shareholders, or until such time as their successor have been elected and have qualified.

7.     **Officers.**  The officers of WFB as of the Effective Time shall be the officers of the Surviving Corporation, each of whom shall hold office in accordance with the Articles of Association and Bylaws of the Surviving Corporation for the term prescribed in the Bylaws except that (i) John G. Stumpf shall be the Chairman of the Board and Carrie L. Tolstedt shall be President of the Association, (ii) each person who is now Chairman, President, Chief Executive Officer or Executive Vice President of Mortgage Company shall be elected or appointed to such officer position, if any, of the Surviving Corporation as the Board of Directors shall determine, and (iii) each person who now holds the position of Secretary, Cashier, Treasurer, Controller, or Chief Financial Officer of Mortgage Company shall relinquish such position as of the Effective Time.

8.     **Effect on Outstanding Shares of Disappearing and Surviving Corporation.**  At the Effective Time, all outstanding shares of common stock, no par value per share, of Mortgage Company issued and outstanding immediately prior to the Effective Time shall be cancelled without consideration and cease to exist as of the Effective Time, and no securities of the Surviving Corporation or any other corporation, or any money or property, shall be issued or transferred in exchange therefor.  One shareholder owns all of the outstanding shares of Mortgage Company.  At the Effective Time, the outstanding shares of WFB shall remain outstanding.

9.     **Effect of Merger.**  The effect of the Merger shall be as set forth in the US Law and the CA Law.  Without limiting the generality of the foregoing and subject thereto, at the Effective Time, all the properties, rights, privileges, powers and franchises of Mortgage Company and WFB shall vest in the Surviving Corporation, and all debts, liabilities and duties of Mortgage Company and WFB shall become the debts, liabilities and duties of the Surviving Corporation.

10.     **Further Assurances.**  WFB shall, from time to time, take all such actions and execute and deliver, or cause to be executed and delivered, all such instruments and documents, as WFB may deem necessary or advisable to carry out the intent and purpose of the Merger.

11.     **Miscellaneous.**

(a)     **Governing Law.**  This Agreement shall be governed by, and shall be construed and enforced in accordance with, the US Law.

(b)     **Headings.**  The headings and subheadings used in this Agreement are for convenience of reference only and shall not be considered in construing this Agreement.

Merger CA docs - WFHM into WFB050404FINAL              2

     (c)    **Counterpart Execution.**  This Agreement may be executed in multiple counterparts with the same effect as if all parties hereto had signed the same document.  All counterparts so executed shall be deemed to be an original, shall be construed together and shall constitute one Agreement.

     (d)    **Severability.**  In the event any provision, or portion thereof, of this Agreement is held by a court having proper jurisdiction to be unenforceable in any jurisdiction, then such portion or provision shall be deemed to be severable as to such jurisdiction (but, to the extent permitted by law, not elsewhere) and shall not affect the remainder of this Agreement, which shall continue in full force and effect.  If any provision of this Agreement is held to be so broad as to be unenforceable, such provision shall be interpreted to be only so broad as is necessary for it to be enforceable.

     (e)    **Amendments.**  This Agreement may not be amended except by an instrument in writing, specifying such amendment, alteration or modification, signed by each of the parties hereto.  Such amendment must occur prior to the Effective Time.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of May 4, 2004.

**WELLS FARGO BANK,**
**NATIONAL ASSOCIATION**

By: _____
       James E. Hanson
       Vice President


       Patricia A. Ruedenberg
       Assistant Secretary


**WELLS FARGO HOME MORTGAGE, INC.**

By: _____

*[Signature Page to Agreement of Merger of*
*Wells Fargo Home Mortgage, Inc. into Wells Fargo Bank, National Association.]*

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of May 4, 2004.

**WELLS FARGO BANK,**
**NATIONAL ASSOCIATION**


By:_____
       James E. Hanson
       Vice President


_____
       Patricia A. Ruedenberg
       Assistant Secretary


**WELLS FARGO HOME MORTGAGE, INC.**

By:_____
       Michael J. Heid
       Executive Vice President


_____
       David V. Gorsche
       Assistant Secretary

*[Signature Page to Agreement of Merger of*
*Wells Fargo Home Mortgage, Inc. into Wells Fargo Bank, National Association.]*

# CERTIFICATE OF APPROVAL
## OF
## AGREEMENT OF MERGER
## OF
## WELLS FARGO BANK, NATIONAL ASSOCIATION,
### a national banking association

We, James E. Hanson and Patricia A. Ruedenberg, do hereby certify:

1.      That we are the duly elected and acting Vice President and Assistant Secretary, respectively, of Wells Fargo Bank, National Association, a national banking association (the "Corporation");

2.      That the Agreement of Merger in the form attached and the terms thereof were duly approved by the board of directors of the Corporation;

3.      That the Agreement of Merger in the form attached and the terms thereof were approved by the holders of 100% of the outstanding shares of the Corporation; and

4.      That, as of the date hereof, Wells Fargo Bank had (i) 1,225,000 shares of preferred stock, with a par value of $.01 per share authorized, of which no shares were outstanding, and (ii) 112,200,000 shares of common stock, with a par value of $10 per share authorized, of which 52,015,261 shares of common stock were issued and outstanding.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

DATED:  May 4, 2004

_____
James E. Hanson
Vice President

_____
Patricia A. Ruedenberg
Assistant Secretary

*[Signature Page to Certificate of Approval of Agreement of Merger of Wells Fargo Bank, National Association]*

## CERTIFICATE OF APPROVAL
## OF
## AGREEMENT OF MERGER
## OF
## WELLS FARGO HOME MORTGAGE, INC.,

a California corporation

We, Michael J. Heid and David V. Gorsche, do hereby certify:

1.    That we are the duly elected and acting Executive Vice President and Assistant Secretary of Wells Fargo Home Mortgage, Inc., a California corporation (the "Corporation");

2.    That the Agreement of Merger in the form attached and the terms thereof were duly approved by the board of directors of the Corporation;

3.    That the Agreement of Merger in the form attached and the terms thereof were approved by the holder of 100% of the outstanding shares of the Corporation; and

4.    That, as of the date hereof, there is only one class of shares of the Corporation and the number of shares outstanding is 100.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Merger-Agmt of Merger into WFB.doc

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

DATED: May 4, 2004

_____
Michael J. Heid
Executive Vice President

_____
David V. Borsche
Assistant Secretary

*[Signature Page to Certificate of Approval of Agreement of Merger of Wells Fargo Home Mortgage, Inc., a California corporation]*



26 49 65 7



**SECRETARY OF STATE**

I, *Kevin Shelley*, Secretary of State of the State of California, hereby certify:

That the attached transcript of ⎯⎯ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.

**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

MAY - 5 2004



Secretary of State

Sec/State Form CE-107 (rev. 1/03)

OSP 03 80510

ENDORSED - FILED
in the office of the Secretary of State
of the State of California

MAY - 4 2004

KEVIN SHELLEY
Secretary of State

## STATEMENT AND DESIGNATION
## BY FOREIGN CORPORATION

Wells Fargo Bank, National Association
_____
(Name of Corporation)

_____ , a corporation organized and existing under the

laws of _____the United States of America_____ ,makes the following statements and designation:
(State or Place of Incorporation)

1. The address of its principal executive office is _____

   101 North Phillips Avenue, Sioux Falls, South Dakota  57104

2. The address of its principal office in the State of California is _____

   464 California Street, San Francisco, California  94163

### DESIGNATION OF AGENT FOR SERVICE OF PROCESS IN THE STATE OF CALIFORNIA
(Complete either Item 3 or Item 4.)

3. (Use this paragraph if the process agent is a natural person.)

   _____ ,a natural person residing in the State of

   California, whose complete address is _____

   _____ , is designated as agent upon whom process directed to
   this corporation may be served within the State of California, in the manner provided by law.

4. (Use this paragraph if the process agent is a corporation.)

   Corporation Service Company which will do business in California as _____ , a corporation organized and existing
   CSC-Lawyers Incorporating Service

   under the laws of _____Delaware_____ , is designated as agent upon whom process directed
   to this corporation may be served within the State of California, in the manner provided by law.

   **NOTE:  Corporate agents must have complied with California Corporations Code Section 1505
   prior to designation.**

5. It irrevocably consents to service of process directed to it upon the agent designated above, and to service
   of process on the Secretary of State of the State of California if the agent so designated or the agent's
   successor is no longer authorized to act or cannot be found at the address given.

_____                    James E. Hanson, Vice President
(Signature of Corporate Officer)                          (Typed Name and Title of Officer Signing)

*Secretary of State Form*
*S&DC-STOCK/NONPROFIT (05/2003)*



Exhibit E

980811.00725

## GRANT, BARGAIN, SALE DEED

③

RPTT $ _327.50_

FOR VALUABLE CONSIDERATION the receipt of which is hereby acknowledged

JOHN KILLILEE AND SHELLIE KILLILEE, HUSBAND AND WIFE AS JOINT TENANTS

do(es) hereby Grant, Bargain, Sell and convey to

WILLIAM R. SCHULTE AND MELANI SCHULTE, HUSBAND AND WIFE AS JOINT TENANTS WITH RIGHTS OF SURVIVORSHIP

all that real property situate in the _____ County of _CLARK_
State of Nevada, bounded and described as follows:

LOT TWENTY-THREE (23) IN BLOCK FOUR (4) OF ELDORADO 3 - RCL NO. 8, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

SEE EXHIBIT "A" ATTACHED HERETO AND BY REFERENCE MADE A PART HEREOF.

A.P.N.:  ████████

SUBJECT TO: 1. Taxes for fiscal year 1998 - 1999.
2. Reservations, restrictions and conditions if any; rights of way and easements either of record or actually existing on said premises.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging in otherwise appertaining.

DATED:    _July 06, 1998_

_____          _____
JOHN KILLILEE                          SHELLIE KILLILEE

STATE OF NEVADA,
COUNTY OF _Clark_          } ss.

On    _8/10/98_
before me, the undersigned, a Notary Public in and for
said County and State, personally appeared
JOHN KILLILEE
SHELLIE KILLILEE

known to me  to be  the person(s) described in and who
executed the foregoing instrument, who acknowledged to
me that  T he y  executed the same freely and voluntarily
and for the uses and purposes therein mentioned.
WITNESS my hand and official seal.

_Edwina L. Carroll_

EDWINA L. CARROLL
Notary Public - Nevada
My appt. exp. Nov. 4, 2001
No. 98-0253-1

ESCROW NO.  }
ORDER NO.        ████████
WHEN RECORDED MAIL TO:  William & Melanie Schulte
                        6010 Smoke Ranch Road
                        Las Vegas, NV 89108

980811.00725

Loan Number _____

# THE FOLLOWING CLAUSE MUST
# BE CONTAINED IN THE DEED
# USED TO TRANSFER TITLE ON
# THIS PROPERTY

## (IF ATTACHED TO THE DEED AS AN EXHIBIT BOTH BUYERS
## AND SELLERS MUST SIGN DIRECTLY BELOW THE CLAUSE)

Grantees herein, as a part of the purchase price and consideration for this deed, assume and agree to pay the indebtedness evidenced by that certain mortgage (or Deed of Trust) made from JOHN KILLILEE and SHELLIE KILLILEE to Norwest Mortgage, Inc., which mortgage is recorded in the office of   County Recorder of Clark County                , in book   960305           and page _____ and/or Document Number  01234        . And for the same consideration Grantees hereby assume the obligation of JOHN KILLILEE and SHELLIE KILLILEE under the terms of the instruments creating the loan to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness above mentioned. This liability to the Department of Veterans Affairs is under the authority of Chapter 37, Title 38 of the United States Code, and supersedes any State or local law barring or limiting deficiencies following foreclosure of real property.

_____
JOHN KILLILEE

_____
WILLIAM R. SCHULTE

_____
SHELLIE KILLILEE

_____
MELANI SCHULTE

_____

_____

_____

_____

980811.00725

*EXHIBIT*

SCHEDULE A (CONTINUED)

DESCRIPTION:  THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF
CLARK, STATE OF NEVADA AND IS DESCRIBED AS FOLLOWS:

Lot TWENTY-THREE (23) in Block FOUR (4) of ELDORADO 3 - RCL NO.
8, recorded September 25, 1992 in Book 54, Page 7 in the Office
of the County Recorder of Clark County, Nevada.

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
STEWART TITLE OF NEVADA

08-11-98  10:54   PAR        3
                OFFICIAL RECORDS
BOOK:   980811 INST:  00725

FEE:      9.00  RPTT:      3.75

Parcel No. ███████

RPTT: Exempt #8

Recording Requested by and
when recorded, return to:



William R. Schulte
7201 W Lake Mead Blvd # 550
Las Vegas, Nevada 89128

20040824-0004161
Fee: $16.00          RPTT: EX#008
08/24/2004 13:58:38    T20040089168
Req: WILLIAM R SCHULTE
Frances Deane          N/C: $0.00
Clark County Recorder   Pgs: 3

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

---

# Grant, Bargain, Sale Deed

THIS INDENTURE WITNESSETH:    That **William R. Schulte and Melani Schulte, as Joint Tenants,** for good and other valuable consideration, do hereby Grant, Bargain, Sell and Convey to 1528 SPLINTER ROCK, LLC, a Nevada limited liability company, all of their right, title and interest in that real property situated in the County of Clark, State of Nevada, bounded and described as follows:

Lot Twenty-three (23) in Block (4) in ELDORADO 3 - RCL No. 8, as shown by map thereof recorded September 25, 1992 on file in Book 54 of Plats, Page 7 in the Office of the County Recorder of Clark County, Nevada

**SUBJECT TO:**        1.      Taxes for the current fiscal year.
                    2.      Restrictions. conditions. reservations, rights, rights of way
and easements now of record, if any, or any that actually exist on the property.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining.

**IN WITNESS WHEREOF,** this instrument has been executed this *24th* day of *August*, 2004.

_____
William R. Schulte

_____
Melani Schulte

M&A.09470-007 271326 1 282304 16:12

STATE OF <u>NEVADA</u>                )
                                      ) ss.
COUNTY OF <u>CLARK</u>             )

    On this _24th_ day of _August_, 2004, before me, personally appeared **William R. Schulte** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

<u>B. Saunders</u>    _B. Saunders_
Notary Public

Notary Public - State of Nevada
County of Clark
B. SAUNDERS
My Appointment Expires
April 4, 2008
No. 04-88180-1

STATE OF <u>NEVADA</u>                )
                                      ) ss.
COUNTY OF <u>CLARK</u>             )

    On this _24th_ day of _August_, 2004, before me, personally appeared **Melani X Schulte** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

<u>B. Saunders</u>    _B. Saunders_
Notary Public

Notary Public - State of Nevada
County of Clark
B. SAUNDERS
My Appointment Expires
April 4, 2008
No. 04-88180-1

**Grantee's Name and Mail future tax statements to:**

**1528 SPLINTER ROCK, LLC
William R. Schulte, Manager
7201 W Lake Mead Blvd, #550
Las Vegas, Nevada 89128**

M&A 09870-007 27:326-1 082704 16:12

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**
1. Assessor Parcel Number(s)
   a) ▮▮▮▮▮▮▮▮▮▮▮▮
   b) _____
   c) _____
   d) _____
2. Type of Property:
   a) ☐ Vacant Land       b) ☑ Single Fam. Res.
   c) ☐ Condo/Twnhse      d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg         f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural      h) ☐ Mobile Home
   ☐ Other_____

   | FOR RECORDER'S OPTIONAL USE ONLY |
   | Book:_____ Page:_____ |
   | Date of Recording:_____ |
   | Notes: |

3. Total Value/Sales Price of Property          $_____
   Deed in Lieu of Foreclosure Only (value of property)  (_____)
   Transfer Tax Value:                          $_____
   Real Property Transfer Tax Due               $_____
4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section _8_
   b. Explain Reason for Exemption: TRANSFER TO LLC without consideration

5. Partial Interest: Percentage being transferred: _____ %
   The undersigned declares and acknowledges, under penalty of perjury, pursuant to
NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their
information and belief, and can be supported by documentation if called upon to substantiate the
information provided herein. Furthermore, the parties agree that disallowance of any claimed
exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax
due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be
jointly and severally liable for any additional amount owed.

Signature _Melani Schulte_          Capacity _Grantor_

Signature _____          Capacity _____

| **SELLER (GRANTOR) INFORMATION (REQUIRED)** | **BUYER (GRANTEE) INFORMATION (REQUIRED)** |
|---|---|
| Print Name: William + Melani Schulte | Print Name: 1528 Splinter Rock LLC |
| Address: 7201 W. Lake Mead Bl #550 | Address: 7201 W. Lake Mead Bl. 550 |
| City: Las Vegas | City: Las Vegas |
| State: NV  Zip: 89128 | State: NV  Zip: 89128 |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name:_____   Escrow #:_____
Address:_____
City:_____   State:_____ Zip:_____

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

4/161

20070510-0002854

Fee: $14.00    RPTT: EX#007
N/C Fee:  $0.00

05/10/2007              12:46:52
T20070082566
Requestor:
  W SCHULTE

Debbie Conway              SOL
Clark County Recorder    Pgs: 2

RECORDING REQUESTED BY:
**WILLIAM AND MELANI SCHULTE TRUST**
**When Recorded Mail Document**
**and Tax Statement To:**
**WILLIAM AND MELANI SCHULTE TRUST**
7201 W. Lake Mead Blvd., #550
Las Vegas, NV  89128

APN: ▮▮▮▮▮▮▮▮
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That **1528 SPLINTER ROCK, LLC, a Nevada limited liability company**

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to **WILLIAM AND MELANI SCHULTE TRUST**

all that real property situated in Clark County, State of Nevada, bounded and described as follows:

Lot Twenty-three (23) in Block (4) of ELDORADO 3 – RCL No. 8,  as shown by map thereof recorded September 25, 1992 on file in Book 54 of Plats, Page 7, in the Office of the County Recorder of Clark County, Nevada

SUBJECT TO:   1.   Taxes for the fiscal year 2006-2007
              2.   Covenants, Conditions, Reservations, Rights, Rights of Way and Easements now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: _____

STATE OF NEVADA
COUNTY OF ____Clark____

This instrument was acknowledged before me
on ____May 10, 2007____
by ____Melani Schulte____

_____

Signature _____

My Commission Expires: __6 28 2010__

**MELANI SCHULTE, Member**

Notary Public

NOTARY PUBLIC
County of Clark-State of Nevada
C. BUTLER
No. 06-107991-1
My Appointment Expires June 28, 2010

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1. Assessor Parcel Number(s)
   a. ▓▓▓▓▓▓▓▓▓▓
   b. _____
   c. _____
   d. _____

2. Type of Property:
   | | | |
   |---|---|---|
   | a. ☐ Vacant Land | b. ☑ Single Fam. Res. | |
   | c. ☐ Condo/Twnhse | d. ☐ 2-4 Plex | |
   | e. ☐ Apt. Bldg | f. ☐ Comm'l/Ind'l | |
   | g. ☐ Agricultural | h. ☐ Mobile Home | |
   | ☐ Other | | |

   FOR RECORDER'S OPTIONAL USE ONLY
   Book:_____ Page:_____
   Date of Recording:_____
   Notes: TrustSal

3. a. Total Value/Sales Price of Property        $ _____
   b. Deed in Lieu of Foreclosure Only (value of property)  $ _____
   c. Transfer Tax Value:                        $ _____
   d. Real Property Transfer Tax Due             $ _____

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section ⑦
   b. Explain Reason for Exemption: transfer To TRUST w/o CONSIDERATION

5. Partial Interest: Percentage being transferred: _____ %

   The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

   Signature _____   Capacity  grantor
   Signature _____   Capacity  grantor

   | **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
   |---|---|
   | **(REQUIRED)** | **(REQUIRED)** |
   | Print Name: William + Melani Schulte TRUST | Print Name: _____ |
   | Address: 7201 W. Lake Mead Blvd #550 | Address: _____ |
   | City: LAs VegAs | City: _____ SAME |
   | State: NV   Zip: 89128 | State: _____  Zip: _____ |

   **COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
   Print Name: _____   Escrow #: _____
   Address: _____
   City: _____   State: _____ Zip: _____

**AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED**

2854



20070510-0002855

Fee: $14.00       RPTT: EX#007
N/C Fee:  $0.00

05/10/2007              12:46:52
T20070082566
Requestor:
  W SCHULTE

Debbie Conway              SOL
Clark County Recorder      Pgs: 2

**RECORDING REQUESTED BY:**
**WILLIAM AND MELANI SCHULTE TRUST**
**When Recorded Mail Document**
**and Tax Statement To:**
**WILLIAM AND MELANI SCHULTE TRUST**
7201 W. Lake Mead Blvd., #550
Las Vegas, NV  89128

APN: ▮▮▮▮▮▮▮▮
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That **WILLIAM AND MELANI SCHULTE TRUST**

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to **MELANI SCHULTE, a married woman, as her sole and separate property**

all that real property situated in Clark County, State of Nevada, bounded and described as follows:

Lot Twenty-three (23) in Block (4) of ELDORADO 3 – RCL No. 8,  as shown by map thereof recorded September 25, 1992 on file in Book 54 of Plats, Page 7, in the Office of the County Recorder of Clark County, Nevada

SUBJECT TO:     1.     Taxes for the fiscal year 2006-2007
                2.     Covenants, Conditions, Reservations, Rights, Rights of Way and Easements now of
                       record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: _____

STATE OF NEVADA
COUNTY OF _____ Clark

This instrument was acknowledged before me
on _____ MAY 10, 2007 _____
by _ MELANI SCHULTE _____

_____
Signature _____
                          Notary Public
My Commission Expires: _ 6 | 28 | 2010

_____
_____Melani Schulte_____
**MELANI SCHULTE, Trustee**

NOTARY PUBLIC
County of Clark-State of Nevada
C. BUTLER
No. 06-107991-1
My Appointment Expires June 28, 2010

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1. Assessor Parcel Number(s)
   a. ▮▮▮▮▮▮▮▮▮▮▮
   b. _____
   c. _____
   d. _____

2. Type of Property:
   | | | | |
   |---|---|---|---|
   | a. ☐ Vacant Land | b. ☑ Single Fam. Res. |
   | c. ☐ Condo/Twnhse | d. ☐ 2-4 Plex |
   | e. ☐ Apt. Bldg | f. ☐ Comm'l/Ind'l |
   | g. ☐ Agricultural | h. ☐ Mobile Home |
   | ☐ Other _____ | |

   FOR RECORDER'S OPTIONAL USE ONLY
   Book:_____ Page:_____
   Date of Recording:_____
   Notes: _Trust sale_

3. a. Total Value/Sales Price of Property      $_____
   b. Deed in Lieu of Foreclosure Only (value of property) (_____)
   c. Transfer Tax Value:                       $_____
   d. Real Property Transfer Tax Due            $_____

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section ⑦
   b. Explain Reason for Exemption: _Transfer from Trust w/o Consideration_

5. Partial Interest: Percentage being transferred: _____%

   The undersigned declares and acknowledges, under penalty of perjury, pursuant to
   NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their
   information and belief, and can be supported by documentation if called upon to substantiate the
   information provided herein. Furthermore, the parties agree that disallowance of any claimed
   exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax
   due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be
   jointly and severally liable for any additional amount owed.

   Signature _____    Capacity _Grantor_
   Signature _____    Capacity _Grantor_

   | SELLER (GRANTOR) INFORMATION | BUYER (GRANTEE) INFORMATION |
   |---|---|
   | **(REQUIRED)** | **(REQUIRED)** |
   | Print Name: _William + Melani Schulte Trust_ | Print Name: _____ |
   | Address: _7201 W. Lake Mead Blvd #550_ | Address: _____ |
   | City: _Las Vegas_ | City: _SAME_ |
   | State: _NV_ Zip: _89128_ | State: _____ Zip: _____ |

   **COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
   Print Name: _____    Escrow #: _____
   Address: _____
   City: _____    State: _____ Zip: _____

   **AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED**

   2855

**20080109-0000925**

Fee: $14.00    RPTT: EX#007
N/C Fee: $0.00

01/09/2008    09:46:29
T20080004311
Requestor:
MELANI SCHULTE

Debbie Conway    SOL
Clark County Recorder  Pgs: 2

RECORDING REQUESTED BY:
WILLIAM AND MELANI SCHULTE TRUST
When Recorded Mail Document
and Tax Statement To:
WILLIAM AND MELANI SCHULTE TRUST
7201 W. Lake Mead Blvd., #550
Las Vegas, NV 89128

APN: [redacted]
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That **MELANI SCHULTE, a married woman, as her sole and separate property**

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to **WILLIAM AND MELANI SCHULTE TRUST**

all that real property situated in Clark County, State of Nevada, bounded and described as follows:

Lot Twenty-three (23) in Block (4) of ELDORADO 3 – RCL No. 8,  as shown by map thereof recorded September 25, 1992 on file in Book 54 of Plats, Page 7, in the Office of the County Recorder of Clark County, Nevada

SUBJECT TO:     1.     Taxes for the fiscal year 2006-2007
                2.     Covenants, Conditions, Reservations, Rights, Rights of Way and Easements now of
                       record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: _____

STATE OF NEVADA
COUNTY OF _____CLARK_____

This instrument was acknowledged before me
on __MAY 10, 2007__
by __MELANI SCHULTE__

_____
Signature

My Commission Expires: __6/28/2010__

Notary Public

_____
**Melani Schulte**

NOTARY PUBLIC
County of Clark-State of Nevada
C. BUTLER
No. 06-107991-1
My Appointment Expires June 28, 2010

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**
1. Assessor Parcel Number(s)
   a. ▮▮▮▮▮▮▮▮
   b. _____
   c. _____
   d. _____
2. Type of Property:

| | | | | |
|---|---|---|---|---|
| a. ☐ | Vacant Land | b. ☑ | Single Fam. Res. | FOR RECORDER'S OPTIONAL USE ONLY |
| c. ☐ | Condo/Twnhse | d. ☐ | 2-4 Plex | Book: _____ Page: _____ |
| e. ☐ | Apt. Bldg | f. ☐ | Comm'l/Ind'l | Date of Recording: _____ |
| g. ☐ | Agricultural | h. ☐ | Mobile Home | Notes: Trust Sol |
| | ☐ Other _____ | | | |

3.  a.  Total Value/Sales Price of Property                                   $ _____
    b.  Deed in Lieu of Foreclosure Only (value of property)     ( _____ )
    c.  Transfer Tax Value:                                                       $ _____
    d.  Real Property Transfer Tax Due                                       $ _____
4.  **If Exemption Claimed:**
    a.  Transfer Tax Exemption per NRS 375.090, Section ⑦
    b.  Explain Reason for Exemption: Transfer to Trust w/o Consideration
5.  Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.  Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _Melani Schulte_                        Capacity _Grantor_

Signature _Melani Schulte_                        Capacity _grantor_

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
|---|---|
| **(REQUIRED)** | **(REQUIRED)** |
| Print Name: Melani Schulte | Print Name: William & Melani Schulte |
| Address: 7201 W. Lake Mead Blvd #550 | Address: Trust |
| City: LAS VEGAS | City: SAME |
| State: NV     Zip: 89128 | State: ____ Zip: ____ |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name: _____
Address: _____          Escrow #: _____
City: _____          State: _____ Zip: _____

**AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED**

925



**20080109-0000926**

Fee: $14.00    RPTT: EX#007
N/C Fee: $0.00

01/09/2008    09:46:29
T20080004311
Requestor:
MELANI SCHULTE

Debbie Conway    SOL
Clark County Recorder  Pgs: 2

RECORDING REQUESTED BY:
**WILLIAM AND MELANI SCHULTE TRUST**
**When Recorded Mail Document**
**and Tax Statement To:**
**WILLIAM AND MELANI SCHULTE TRUST**
7201 W. Lake Mead Blvd., #550
Las Vegas, NV 89128

APN:
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That WILLIAM AND MELANI SCHULTE TRUST

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** do(es) hereby Grant,
Bargain, Sell and Convey to **1528 SPLINTER ROCK, LLC, a Nevada limited liability company**

all that real property situated in Clark County, State of Nevada, bounded and described as follows:

Lot Twenty-three (23) in Block (4) of ELDORADO 3 – RCL No. 8,  as shown by map thereof recorded
September 25, 1992 on file in Book 54 of Plats, Page 7, in the Office of the County Recorder of Clark County,
Nevada

SUBJECT TO:    1.    Taxes for the fiscal year 2006-2007
               2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements now of
                     record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in
anywise appertaining.

DATED: _____

STATE OF NEVADA
COUNTY OF _____ CLARK

This instrument was acknowledged before me
on _____ MAY 10, 2007
by _____ MELANI SCHULTE

_____
Signature

My Commission Expires: _____ 6/28/2010

_____
**Melani Schulte, Trustee**

NOTARY PUBLIC
County of Clark-State of Nevada
C. BUTLER
No. 06-107991-1
My Appointment Expires June 28, 2010

Notary Public

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**
1. Assessor Parcel Number(s)
   a. ▮▮▮▮▮▮▮▮▮▮▮
   b. _____
   c. _____
   d. _____
2. Type of Property:
   a. ☐ Vacant Land     b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse    d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg       f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural    h. ☐ Mobile Home
      ☐ Other

   | FOR RECORDER'S OPTIONAL USE ONLY |
   | Book:_____ Page:_____ |
   | Date of Recording:_____ |
   | Notes: _Trust S O L_ |

3. a. Total Value/Sales Price of Property              $ _____
   b. Deed in Lieu of Foreclosure Only (value of property) ( _____ )
   c. Transfer Tax Value:                               $ _____
   d. Real Property Transfer Tax Due                    $ _____
4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section ⑦
   b. Explain Reason for Exemption: _Transfer From Trust W/O Consideration_
5. Partial Interest: Percentage being transferred: _____ %

   The undersigned declares and acknowledges, under penalty of perjury, pursuant to
   NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their
   information and belief, and can be supported by documentation if called upon to substantiate the
   information provided herein. Furthermore, the parties agree that disallowance of any claimed
   exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax
   due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be
   jointly and severally liable for any additional amount owed.

   Signature _William Schulte_          Capacity _Grantor_
   Signature _Melani Schulte_           Capacity _Grantor_

| SELLER (GRANTOR) INFORMATION | BUYER (GRANTEE) INFORMATION |
| **(REQUIRED)** | **(REQUIRED)** |
| Print Name: _William + Melani Schulte Trust_ | Print Name: _1528 Splinter Rock LLC_ |
| Address: _7201 W. Lake Mead Blvd #550_ | Address: |
| City: _Las Vegas_ | City: _Same_ |
| State: _NV_   Zip: _89128_ | State: ___   Zip: ___ |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name: _____  Escrow #: _____
Address: _____
City: _____   State: _____ Zip: _____

**AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED**

Inst #: **201011010003496**
Fees: $15.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #011
11/01/2010 01:05:32 PM
Receipt #: 561277
Requestor:
MELANI SCHULTE
Recorded By: ADF   Pgs: 3
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

**RECORDING REQUESTED BY:**
Melani Schulte
**When Recorded Mail Document
and Tax Statement To:**
WILLIAM R. SCHULTE and MELANI SCHULTE
7201 W. Lake Mead Blvd., Suite 550
Las Vegas, NV  89128



APN: ▮▮▮▮▮▮
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That 1528 Splinter Rock, LLC, a Nevada limited liability company

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to  WILLIAM R. SCHULTE and MELANI SCHULTE, husband and wife, as Joint Tenants, with right of survivorship

All that real property situated in Clark County, State of Nevada, bounded and described as follows:·

LOT TWENTY-THREE (23) IN BLOCK FOUR (4) OF ELDORADO 3 - RCL NO. 8, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

EXCEPT ALL OIL, ASPHALTUM, PETROLEUM, NATURAL GAS AND OTHER HYDROCARBONS AND ANY OTHER VALUABLE MINERAL SUBSTANCES AND PRODUCTS, AND ALL OTHER MINERALS, WHETHER OR NOT OF THE SAME CHARACTER HEREINBEFORE GENERALLY DESCRIBED, IN OR UNDER SAID LAND AND LYING AND BEING AT A VERTICAL DEPTH OF 500 OR MORE FEET BELOW THE PRESENT NATURAL SURFACE OF THE GROUND, BUT WITHOUT RIGHT OF ENTRY ON THE SURFACE OR WITHIN A VERTICAL DEPTH OF 500 FEET BELOW THE PRESENT SURFACE OF THE GROUND.

SUBJECT TO:   1.   Taxes for the fiscal year 2010-2011
              2.   Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                   now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

.

DATED: October 28, 2010

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before
me on  10 - 28 - 10
by  Melani Schulte

Signature  Mary Wood
                              Notary Public

My Commission Expires:  4-24-13

MELANI SCHULTE, Member

MARY WOOD
NOTARY PUBLIC
STATE OF NEVADA
CLARK COUNTY
APPT. No. 01-67704-1
MY APPT. EXPIRES APRIL 24, 2013

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1.  Assessor Parcel Number(s)
    a. ▮▮▮▮▮▮▮▮▮ _____
    b. _____
    c. _____
    d. _____

2.  Type of Property:
    a. ☐ Vacant Land        b. ☑ Single Fam. Res.
    c. ☐ Condo/Twnhse      d. ☐ 2-4 Plex
    e. ☐ Apt. Bldg          f. ☐ Comm'l/Ind'l
    g. ☐ Agricultural       h. ☐ Mobile Home
       ☐ Other _____

    **FOR RECORDER'S OPTIONAL USE ONLY**
    Book: _____ Page: _____
    Date of Recording: _____
    Notes:

3.  a. Total Value/Sales Price of Property        $ _____
    b. Deed in Lieu of Foreclosure Only (value of property)  ( _____ )
    c. Transfer Tax Value:                         $ _____
    d. Real Property Transfer Tax Due              $ _____

4.  **If Exemption Claimed:**
    a. Transfer Tax Exemption per NRS 375.090, Section 11 _____
    b. Explain Reason for Exemption: Transfer in accordance with Bankruptcy Order 09-29123-BAM
    _____

5.  Partial Interest: Percentage being transferred:  100 %
    The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

    Signature: _Meli Schulte_____        Capacity: Grantee _____

    Signature: _____         Capacity: _____

**SELLER (GRANTOR) INFORMATION**
**(REQUIRED)**

Print Name: 1528 Splinter Rock, LLC        ▪
Address: 7201 W. Lake Mead Blvd., Suite 550
City: Las Vegas
State: NV            Zip: 89128

**BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**

Print Name: William R. & Melani Schulte
Address: 7201 W. Lake Mead Blvd., Suite 550
City: Las Vegas
State: NV            Zip: 89128

**COMPANY REQUESTING RECORDING**
Print Name: _____
Address: _____
City: _____

Escrow #: _____

State: _____ Zip: _____

As a public record this form may be recorded/microfilmed

# Exhibit F

(A)-1

**Inst #: 201308210002055**
Fees: $18.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #006
08/21/2013 11:45:12 AM
Receipt #: 1741326
Requestor:
**MELANI SCHULTE**
Recorded By: ANI  Pgs: 3

**DEBBIE CONWAY**
CLARK COUNTY RECORDER

**RECORDING REQUESTED BY:**
Melani Schulte
**When Recorded Mail Document**
**and Tax Statement To:**
MELANI SCHULTE
9330 W. Sahara Ave., Suite 210
Las Vegas, NV 89117

APN:
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:** That  WILLIAM R. SCHULTE and MELANI SCHULTE, husband and wife, as Joint Tenants, with right of survivorship

**In Consideration Of $10.00 and other VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged,** do(es) hereby Grant, Bargain, Sell and Convey to  MELANI SCHULTE , a single unmarried woman, as her sole and separate property

All that real property situated in Clark County, State of Nevada, bounded and described as follows:

LOT TWENTY-THREE (23) IN BLOCK FOUR (4) OF ELDORADO 3 - RCL NO. 8, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

EXCEPT ALL OIL, ASPHALTUM, PETROLEUM, NATURAL GAS AND OTHER HYDROCARBONS AND ANY OTHER VALUABLE MINERAL SUBSTANCES AND PRODUCTS, AND ALL OTHER MINERALS, WHETHER OR NOT OF THE SAME CHARACTER HEREINBEFORE GENERALLY DESCRIBED, IN OR UNDER SAID LAND AND LYING AND BEING AT A VERTICAL DEPTH OF 500 OR MORE FEET BELOW THE PRESENT NATURAL SURFACE OF THE GROUND, BUT WITHOUT RIGHT OF ENTRY ON THE SURFACE OR WITHIN A VERTICAL DEPTH OF 500 FEET BELOW THE PRESENT SURFACE OF THE GROUND.

SUBJECT TO:    1.    Taxes for the fiscal year 2013-2014
               2.    Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                     now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

DATED: July 17, 2013

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before
me on ___8|17|13___
by _WILLIAM R. SCHULTE_

Signature _Hannah Julfs_
                        Notary Public

My Commission Expires: _0-27-16_



WILLIAM R. SCHULTE

HANNAH JULFS
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 08-27-16
Certificate No: 12-8632-1

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1.  Assessor Parcel Number(s)
    a.  ████████████
    b.  _____
    c.  _____
    d.  _____
2.  Type of Property:
    a. ☐ Vacant Land          b. ☑ Single Fam. Res.
    c. ☐ Condo/Twnhse         d. ☐ 2-4 Plex
    e. ☐ Apt. Bldg            f. ☐ Comm'l/Ind'l
    g. ☐ Agricultural         h. ☐ Mobile Home
       ☐ Other

| FOR RECORDERS OPTIONAL USE ONLY |
| --- |
| Book_____ Page:_____ |
| Date of Recording: _____ |
| Notes: |

3.a. Total Value/Sales Price of Property          $ _____
   b. Deed in Lieu of Foreclosure Only (value of property) ( _____ )
   c. Transfer Tax Value:                          $ _____
   d. Real Property Transfer Tax Due               $ _____

4.  **If Exemption Claimed:**
    a. Transfer Tax Exemption per NRS 375.090, Section 6 _____
    b. Explain Reason for Exemption:   TRANSFER BETWEEN SPOUSES IN COMPLIANCE
       WITH A DIVORCE.
5.  Partial Interest: Percentage being transferred: 100   %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060
and NRS 375.110, that the information provided is correct to the best of their information and belief,
and can be supported by documentation if called upon to substantiate the information provided herein.
Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of
additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant
to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _Meli Schulte_____   Capacity: **GRANTEE**_____

Signature _____   Capacity: _____

| **SELLER (GRANTOR) INFORMATION** **(REQUIRED)** | **BUYER (GRANTEE) INFORMATION** **(REQUIRED)** |
| --- | --- |
| Print Name: WILLIAM R. SCHULTE | Print Name: MELANI SCHULTE |
| Address:9330 W. SAHARA AVE., SUITE 210 | Address: 9330 W. SAHARA AVE., SUITE 210 |
| City: LAS VEGAS | City: LAS VEGAS |
| State: NEVADA          Zip: 89117 | State: NEVADA          Zip: 89117 |

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**

| Print Name: | Escrow # |
| --- | --- |
| Address: | |
| City: | State:          Zip: |

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

(3)

Inst #: 20170530-0000547
Fees: $18.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #009
05/30/2017 08:54:32 AM
Receipt #: 3096423
Requestor:
SCHULTE PROPERTIES LLC
Recorded By: RNS  Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER

**RECORDING REQUESTED BY:**
MELANI SCHULTE
**When Recorded Mail Document
and Tax Statement To:**
SCHULTE PROPERTIES LLC
9811 W. Charleston Blvd #2-351
Las Vegas, NV  89117

APN: ▮▮▮▮▮▮▮
ADDRESS: 1528 Splinter Rock Way, North Las Vegas, NV 89031

# GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH:  That, MELANI SCHULTE , a single unmarried woman, as
her sole and separate property**

**In Consideration Of $10.00 and other VALUABLE CONSIDERATION, the receipt of which is
hereby acknowledged,** do(es) hereby GRANT, BARGAIN, SELL and CONVEY to
**SCHULTE PROPERTIES LLC , a Nevada Limited Liability Company**

All that real property situated in Clark County, State of Nevada, bounded and described as follows:

LOT TWENTY-THREE (23) IN BLOCK FOUR (4) OF ELDORADO 3 - RCL NO. 8, AS SHOWN BY
MAP THEREOF ON FILE IN BOOK 54 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY
RECORDER OF CLARK COUNTY, NEVADA.

EXCEPT ALL OIL, ASPHALTUM, PETROLEUM, NATURAL GAS AND OTHER HYDROCARBONS
AND ANY OTHER VALUABLE MINERAL SUBSTANCES AND PRODUCTS, AND ALL OTHER
MINERALS, WHETHER OR NOT OF THE SAME CHARACTER HEREINBEFORE GENERALLY
DESCRIBED, IN OR UNDER SAID LAND AND LYING AND BEING AT A VERTICAL DEPTH OF
500 OR MORE FEET BELOW THE PRESENT NATURAL SURFACE OF THE GROUND, BUT
WITHOUT RIGHT OF ENTRY ON THE SURFACE OR WITHIN A VERTICAL DEPTH OF 500 FEET
BELOW THE PRESENT SURFACE OF THE GROUND.

SUBJECT TO:   1.   Taxes for the current fiscal year.
              2.   Covenants, Conditions, Reservations, Rights, Rights of Way and Easements
                   now of record.

Together with all and singular tenements, hereditaments and appurtenances thereunto belonging or
in anywise appertaining.

DATED: May 30, 2017

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before
me on _5/30/17_
by _Melani Schulte_

_____

Signature _____
                                    Notary Public

My Commission Expires: _10/31/18_

_____

MELANI SCHULTE

Amberlea Davis
Notary Public
No. 14-14876-1 Exp 10/31/2018

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. ██████████████
   b. _____
   c. _____
   d. _____

2. Type of Property:
   a. ☐ Vacant Land          b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse         d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg            f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural         h. ☐ Mobile Home
      ☐ Other

   | FOR RECORDERS OPTIONAL USE ONLY |
   | Book_____ Page:_____ |
   | Date of Recording: _____ |
   | Notes: |

3.a. Total Value/Sales Price of Property          $ *181,343*
   b. Deed in Lieu of Foreclosure Only (value of property ( _____ )
   c. Transfer Tax Value:                          $ *0*
   d. Real Property Transfer Tax Due               $ *0*

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section *9*
   b. Explain Reason for Exemption: *TRANSFER TO A BUSINESS ENTITY OF WHICH GRANTOR IS 100% OWNER*

5. Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060
and NRS 375.110, that the information provided is correct to the best of their information and belief,
and can be supported by documentation if called upon to substantiate the information provided herein.
Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of
additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant
to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _*(signed)*_____          Capacity: *GRANTOR*

Signature _____          Capacity: _____

**SELLER (GRANTOR) INFORMATION**          **BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**                            **(REQUIRED)**
Print Name: *MELANI SCHULTE*              Print Name: *SCHULTE PROPERTIES LLC*
Address: *9811 W. Charleston Bl. #2-351*  Address: *9811 W. Charleston Bl. #2-351*
City: *LAS VEGAS*                         City: *LAS VEGAS*
State: *NV*     Zip: *89117*              State: *NV*     Zip: *89117*

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**
Print Name: _____          Escrow # _____
Address: _____
City: _____                State: _____ Zip: _____

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED