Amberlea Davis, Esq.
Law Offices of Amberlea Davis
415 S. Sixth St, Ste 300
Las Vegas, NV 89101
Phone: (702) 440-8000
Fax: (702) 946-1335
Email: Amber@SheIsMyLawyer.com
Attorney for Plaintiff

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In RE: SCHULTE PROPERTIES LLC

Debtors

)
)
)
)
)
)
)
)
)
)
)

Case No.: **02:17-12883-mkn**

**Opposition to Motion for Relief from
Automatic Stay and In Rem Relief**

COMES NOW DEBTOR SCHULTE PROPERTEIS and hereby presents this opposition to

Creditor Bank of America's motion for relief from automatic stay and abandonment.

1.  DEBTOR AGREES WITH CREDITOR'S points 1, 2, 4, 5, 5, 6, 7, 8, and 10.

2.  Pursuant to the Debtor's confirmed plan of reorganization in this very case, the plan set the

    amount due on the loan at $105,000 and the interest rate at 5% over 30 years beginning

    March 8, 2011. (Exhibit 1 page 29 and page 51 respectively.)

3.  Creditor Wells Fargo continued to send bills showing 7.5%. (Exhibit 2).

4.  A party seeking relief from the automatic stay to exercise rights as to property must demonstrate at least a colorable claim to the property.' In re Huggins, 357 B.R. 180, 185 (Bankr. D. Mass. 2006) (citing Grella v. Salem Five Cent. Sav. Bank, 42 F.3d 26 (1st Cir. 1994)). "Parties seeking relief from stay must be aware that by presenting a motion to the Court, they represent that 'the allegations and other factual contentions have evidentiary support...' Fed. R. Bankr. P. 9011(b)(3).

5.  DEBTOR made payments in 2013 and 2014 which are not accounted for by Creditor WELLS FARGO. (Exhibit 3 payments from 2013 and 2014.)

6.  As of May 2017, the statement was corrected to 5% and showed $15,272.74 in unapplied funds.(Exhibit 4).

7.  Creditor WELLS FARGO's proof of claim failed to attach the required 410-A form.

8.  Creditor WELLS FARGO has not produced enough information to adequately account for the amount alleged to be owed or for Debtor to calculate the amount owed despite a request for information on June 22, 2017 which Creditor failed to produce any statements prior to February 26, 2014 and which showed payments due for the January 1, 2013 payment but the CAAS showed it due for the November 1, 2012 payment. As shown earlier, Debtor did in fact make payments in 2013.  Therefore it is impossible to tell what, if anything is owed.

9.  Debtor requests the court deny the motion for relief from stay.

     Dated:October 17, 2017

                 __/s/ Amberlea Davis, Esq. _____
                    Amberlea Davis, Esq.
                    Nevada Bar 11551
                    415 S. 6th St. Suite 300
                    Las Vegas, NV 89101
                    Phone: (702) 440-8000
                    Fax: (702) 946-1335

CERTIFICATE OF SERVICE

On October 17, 2017, I served the foregoing documents described as Opposition to Bank of America N.A.'s Motion and Motion for Relief from Automatic Stay and Abandonment on the following individuals by electronic means through the Court's ECF program:

ARNOLD L. GRAFF on behalf of Creditor FIFTH THIRD BANK

ecfnvb@aldridgepite.com, ALG@ecf.inforuptcy.com

U.S. TRUSTEE - LV - 11

USTPRegion17.lv.ecf@usdoj.gov

GREGORY L. WILDE on behalf of Creditor BAYVIEW LOAN SERVICING, LLC

nvbk@tblaw.com, gwaring@tblaw.com;llcano@tblaw.com;klgamboa@tblaw.com

GREGORY L. WILDE on behalf of Creditor CITIMORTGAGE, INC.

nvbk@tblaw.com, gwaring@tblaw.com;llcano@tblaw.com;klgamboa@tblaw.com

GREGORY L. WILDE on behalf of Creditor WELLS FARGO BANK, N.A.

nvbk@tblaw.com, gwaring@tblaw.com;llcano@tblaw.com;klgamboa@tblaw.com

I declare under penalty of perjury the foregoing is true and correct.


_____/s/Amberlea Davis, Esq. _____

An Employee of Law Office of Amberlea Davis, Esq.

EXHIBIT 1

**Entered on Docket**
**March 08, 2011**

_Bruce A. Markell_
**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
701 E. Bridger Avenue, Suite 120
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case No. 09-29123-BAM |
| | ) | |
| Melani Schulte and William R. Schulte, | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered with: |
| 2704 Sattley LLC, | ) | |
| Hot Endeavor LLC, | ) | 09-27238-BAM |
| Cherish LLC, | ) | 09-27909-BAM |
| SABRECO Inc., | ) | 09-28513-BAM |
| Keep Safe LLC | ) | 09-31584-BAM |
| | ) | 09-31585-BAM |
| Debtors. | ) | |
| | ) | Confirmation Hearing Date: January 31, 2011 |
| | ) | Confirmation Hearing Time:  9:30 a.m. |

### ORDER CONFIRMING THE DEBTORS'
### CHAPTER 11 PLAN OF REORGANIZATION

The above-captioned debtors and debtors-in-possession (the "**Debtors**"), having proposed

and filed their Third Amended Chapter 11 Plan of Reorganization (the "**Plan**");[1] and the Court

---

[1]    All capitalized terms used but not defined herein shall have the respective meanings
ascribed to such terms in the Plan.

1

having conducted a hearing on January 31, 2011 (the "**Hearing**") to consider confirmation of the Plan, and the Court having considered (i) the Debtors' Memorandum of Law in Support of Confirmation of their Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and Reply to Objection (the "**Memo**"), (ii) the declaration of the Debtors submitted in support of their Plan, (iii) the arguments of counsel presented at the Hearing, (iv) the objection of Chase Home Finance, LLC filed with respect to confirmation of the Plan and the response filed thereto, and (v) the pleadings filed in support of confirmation; and the Court being familiar with the Plan and other relevant factors affecting these Chapter 11 cases pending under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "**Bankruptcy Code**"); and the Court having taken judicial notice of the entire record of the Chapter 11 cases, including, without limitation, all pleadings and papers filed by the Debtors in the Chapter 11 cases, the order (the "**Disclosure Statement Order**") entered by the Court on December 1, 2010 (a) approving the Debtors' Fourth Amended Disclosure Statement with Respect to the Plan (the "**Disclosure Statement**"), (b) approving the forms of ballots and solicitation and tabulation procedures, (c) prescribing the form and manner of notice thereof, (d) fixing the last date for filing objections to the Plan, and (e) scheduling the Hearing to consider confirmation for the Chapter 11 Plan and (f) appointing The Schwartz Law Firm, Inc. ("**SLF**") as solicitation and tabulation agent; and the Court having found that due and proper notice has been given with respect to the Hearing and the deadlines and procedures for objections to the Plan and the appearance of all interested parties having been duly noted in the record of the Hearing; and upon the record of the Hearing, and after due deliberation thereon, and sufficient cause appearing therefore;

**IT IS HEREBY FOUND AND CONCLUDED,**[2] that:

### JURISDICTION AND VENUE

A.    The Court has jurisdiction to conduct the Hearing and to confirm the Plan pursuant to 28 U.S.C. § 1334.

B.    Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto.

C.    The Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Plan under section 1121(a) of the Bankruptcy Code.

D.    Each of the conditions precedent to the entry of this Order has been satisfied.

### JUDICIAL NOTICE

E.    This Court takes judicial notice of the docket of the Debtors' Chapter 11 cases maintained by the Clerk of the Court and/or its duly-appointed agent, and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 cases.

### STANDARDS FOR CONFIRMATION UNDER
### SECTION 1129 OF THE BANKRUPTCY CODE

F.    <u>Section 1129(a)(1).</u>    The Plan complies with each applicable provision of the Bankruptcy Code.  In particular, the Plan complies with the requirements of sections 1122, 1123, 1125 and 1126 of the Bankruptcy code.

---

[2]    The Findings of Fact and Conclusions of Law contained herein constitute the findings of fact and conclusions of law required to be entered by this Court pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  To the extent any finding of fact constitutes a conclusion of law, it is adopted as such.  To the extent any conclusion of law constitutes a finding of fact, it is adopted as such.

G.      Section 1129(a)(4).   No payment for services or costs in connection with the Chapter 11 cases or the Plan has been made by the Debtors other than payments that have been authorized by order of the Court.

H.      Section 1129(a)(7).   Each holder of an impaired Claim that has not accepted the Plan will, on account of such Claim, receive or retain property under the Plan having a value, as of the effective date of the Plan (the "**Effective Date**"), that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

I.      Section 1129(a)(8).   The Plan has not been accepted by all impaired classes of Claims.  Nevertheless, the Plan is confirmable because it satisfies 1129(b)(1) of the Bankruptcy Code with respect to such non-accepting classes of Claims.

J.      Section 1129(a)(9).   The Plan provides treatment for Administrative and Priority Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

K.      Section 1129(a)(10).   The Plan has been accepted by a class of impaired Claims that voted on the Plan, including Classes 2(c), (f), (h), (i), (l), (n), (o), (v), (x), (y), (cc), (ff) and (kk), and Class 5, determined without including any acceptance of the Plan by any insider.

L.      Section 1129(a)(11).   Confirmation of the Plan is not likely to be followed by the liquidation or the need for the further financial reorganization of the Debtors.

M.      Section 1129(a)(12).   The Plan provides for the payment of all fees payable under Section 1930, Title 28 of the United States Code by the Debtors on the Effective Date (or as soon as practicable thereafter).  After the Effective Date and until these Chapter 11 cases are closed, converted or dismissed, the Plan provides for the payment by the Disbursement Agent of all such fees as they become due and payable.

4

N.    <u>Section 1129(a)(15).</u>   There were no objections to the Plan from creditors holding allowed unsecured claims.  In accordance with section 1129(a)(15) and as indicated on the record at the Hearing, the Debtors will not make any Plan payments to their unsecured creditors.

O.    <u>Section 1129(c).</u>   The Plan (including previous versions thereof) is the only plan that has been filed in the Chapter 11 cases that has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code.  Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

P.    <u>Section 1129(d).</u>   No party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and the principal purpose of the Plan is not such avoidance.  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

## **EXECUTORY CONTRACTS**

Q.    Pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, upon the occurrence of the Effective Date, the Plan provides for the rejection of each and every executory contract and unexpired lease that is not listed on Exhibit 2 to the Plan as being rejected.  The Debtors' decisions regarding the assumption and rejection of executory contracts and unexpired leases are based on and are within the sound business judgment of the Debtors, are necessary to the implementation of the Plan and are in the best interests of the Debtors, their estate, holders of Claims and other parties in interest in these Chapter 11 cases.

## **SETTLEMENTS**

R.    Pursuant to section 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), and in consideration of the classification, distributions and other benefits provided under the Plan,

the provisions of the Plan constitute a good faith compromise and settlement of all the Claims and controversies resolved pursuant to the Plan.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

**A.    General**

1.    The Plan, attached hereto as **Exhibit A**, is hereby confirmed and the record of the Hearing is hereby closed.

2.    The Effective Date of the Plan shall occur on the tenth day after the Court signs and enters this Order confirming the Plan (the "**Confirmation Date**").

3.    In accordance with section 1141(a) of the Bankruptcy Code and upon the occurrence of the Effective Date, the Plan shall be binding upon and inure to the benefit of (i) the Debtors and their respective successors and assigns, (ii) the holders of Claims and their respective successors and assigns (whether or not they voted to accept the Plan, whether or not they are impaired under the Plan, and whether or not any such holder has filed or is deemed to have filed a proof of Claim), (iii) any other Person giving, acquiring or receiving property under the Plan, (iv) any party to an executory contract or unexpired lease of a Debtors and (v) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries or guardians, if any.

**B.    Treatment of Secured Claims**

4.    The secured portions of the claims of the Debtors' lenders (the "**Lenders**") are reduced to either the appraised value of the underlying properties (the "**Properties**"), pursuant to 11 U.S.C. § 506(a) or as agreed upon between the parties, as set forth in this Order and the Plan.

5.    That the unsecured portions of the Lenders' claims are reduced and shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a).

6.      That the secured and unsecured claims against the property located at 509 Canyon Greens Drive, Las Vegas, Nevada, are bifurcated in accordance in accordance with the agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 509 Canyon Greens Drive, Las Vegas, Nevada  are:

 a.   First Lien – America's Servicing Company – Loan Number: 1205043971

   i.  Secured Claim - $807,141.58

   ii.  Unsecured Claim - $0.00

 b.   Second Lien – Countrywide/BAC Home Loans Servicing, LP – Loan Number: 110655785

   i.  Secured Claim - $0.00

   ii.  Unsecured Claim - $839,500.00

 c.   Third Lien - Deborah Drake

   i.  Secured Claim - $0.00

   ii.  Unsecured Claim - $155,000.00

 d.   Fourth Lien – Z'REA LP

   i.  Secured Claim - $0.00

   ii.  Unsecured Claim - $2,000,000.00

 e.   Fifth Lien – Jeffrey Sylvester

   i.  Secured Claim - $0.00

   ii.  Unsecured Claim - $72,000.00

7.      That the secured and unsecured claims against the property located at 9500 Aspen Glow Drive, Las Vegas, Nevada, are bifurcated in accordance with the agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims,"

pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9500 Aspen Glow Drive, Las Vegas, Nevada, are:

    a.  First Lien – CitiMortgage - Loan Number – 0577014851-7

        i.       Secured Claim -      $94,646.23

        ii.      Unsecured Claim -   $0.00

    b.  Second Lien – City National Bank - Loan Number – 1824409

        i.       Secured Claim -      $25,777.44

        ii.      Unsecured Claim -   $974,222.56

8.      That the secured and unsecured claims against the property located at 2460 Avenida Cortes, Henderson, Nevada, are bifurcated in accordance with the agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2460 Avenida Cortes, Henderson, Nevada, are:

    a.  First Lien – JP Morgan Chase Bank - Loan Number – 8483094531

        i.       Secured Claim -      $69,436.96

        ii.      Unsecured Claim -   $0.00

    b.  Second Lien – BAC Home Loans Servicing, LP - Loan Number – 156496481

        i.       Secured Claim -      $39,883.68

        ii.      Unsecured Claim -   $125,427.32

9.      That the secured and unsecured claims against the property located at 4710 Brently Place, Las Vegas, Nevada, are bifurcated in accordance with the agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 4710 Brently Place, Las Vegas, Nevada, are:

    a.  First Lien – BAC Home Loans Servicing  - Loan Number – 86314260

        i.        Secured Claim -    $109,105.70

        ii.      Unsecured Claim -    $0.00

    b.  Second Lien – Bank of America - Loan Number – 68189001596799

        i.        Unsecured Claim -    $100,000.00

    c.  Third Lien – Deborah Drake

        i.        Unsecured Claim -    $155,000.00

10.    That the secured and unsecured claims against the property located at 7873 Bridgefield Lane, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 7873 Bridgefield Lane, Las Vegas, Nevada, are:

    a.  First Lien – JP Morgan Chase Bank  - Loan Number – 8483094549

        i.        Secured Claim -    $73,213.85

        ii.      Unsecured Claim -    $0.00

    b.  Second Lien – Bank of Nevada – Loan Number – 910016328

        i.        Secured Claim  -    $37,309.74

        ii.      Unsecured Claim -    $472,690.26

11.    That the secured and unsecured claims against the property located at 3322 Cheltenham Street, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditor's wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 3322 Cheltenham Street, Las Vegas, Nevada, are:

    a.  First Lien – BAC Home Loans Servicing LP  - Loan Number – 84536650

  i.  Secured Claim -  $99,806.60

  ii.  Unsecured Claim -  $119,936.54

  12.  That the secured and unsecured claims against the property located at 3383 Cloverdale Court, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 3383 Cloverdale Court, Las Vegas, Nevada, are:

  a. First Lien – BAC Home Loans Servicing, LP - Loan Number – 85885825

   i.  Secured Claim -  $168,856.34

   ii.  Unsecured Claim -  $20,438.13

  b. Second Lien – Bank of America – Loan Number – 68189001211199

   i.  Secured Claim -  $0.00

   ii.  Unsecured Claim -  $100,000.00

  13.  That the secured and unsecured claims against the property located at 1624 Desert Canyon Court, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1624 Desert Canyon Court, Las Vegas, Nevada, are:

  a. First Lien – CitiMortgage - Loan Number – 0011954829-5

   i.  Secured Claim -  $90,568.03

   ii.  Unsecured Claim -  $0.00

  b. Second Lien – Bank of Nevada – Loan Number – 910016328

   i.  Secured Claim -  $49,244.61

   ii.  Unsecured Claim -  $460,755.39

14.    That the secured and unsecured claims against the property located at 3729 Discovery Creek Avenue, North Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditor's wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 3729 Discovery Creek Avenue, North Las Vegas, Nevada are:

    a.  First Lien – BAC Home Loans Servicing, LP  - Loan Number – 101427028

        i.      Secured Claim -        $125,446.93

        ii.     Unsecured Claim -    $128,092.53

15.    That the secured and unsecured claims against the property located at 1392 Echo Falls Avenue, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1392 Echo Falls Avenue, Las Vegas, Nevada, are:

    a.  First Lien – Litton Loan Servicing  - Loan Number – 19732478

        i.      Secured Claim -        $132,000.00

        ii.     Unsecured Claim -    $0.00

    b.  Second Lien – Bank of America – Loan Number – 68189001596999

        i.      Secured Claim  -       $0.00

        ii.     Unsecured Claim -    $100,000.00

16.    That the secured and unsecured claims against the property located at 1701 Empire Mine Drive, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditor's wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1701 Empire Mine Drive, Henderson, Nevada, are:

a.  First Lien – BAC Home Loans Servicing, LP  - Loan Number – 85885841

    i.       Secured Claim -       $80,000.00

    ii.      Unsecured Claim -    $99,633.34

17.    That the secured and unsecured claims against the property located at 9020 Feather River Court, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9020 Feather River Court, Las Vegas, Nevada, are:

a.  First Lien – JP Morgan Chase Bank  - Loan Number – 8483094523

    i.       Secured Claim -       $73,692.98

    ii.      Unsecured Claim -    $0.00

b.  Second Lien – Countrywide/BAC Home Loans Servicing, LP – Loan Number – 156496465

    i.       Secured Claim  -     $44,941.33

    ii.      Unsecured Claim -    $153,468.46

18.    That the secured and unsecured claims against the property located at 1013 Golden Hawk Way, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1013 Golden Hawk Way, Las Vegas, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 0616443148-5

    i.       Secured Claim -       $64,854.69

    ii.      Unsecured Claim -    $0.00

b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 156496457

Transferred to Green Tree Servicing – Loan Number: 89741392

     i.       Secured Claim -     $0.00

     ii.      Unsecured Claim -   $167,756.00

19.     That the secured and unsecured claims against the property located at 4521 W. La Madre Way, North Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 4521 W. La Madre Way, North Las Vegas, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 0011951495-8

     i.       Secured Claim -     $74,304.10

     ii.      Unsecured Claim -   $0.00

b.  Second Lien – Wells Fargo – Loan Number – 65065048763141998

     i.       Secured Claim -     $0.00

     ii.      Unsecured Claim -   $149,951.83

20.     That the secured and unsecured claims against the property located at 8562 Lambert Drive, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 8562 Lambert Drive, Las Vegas, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 0002525827-8

     i.       Secured Claim -     $138,423.56

     ii.      Unsecured Claim -   $0.00

b.  Second Lien – BAC Home Loans Servicing – Loan Number – 156496473

     i.       Secured Claim  -    $0.00

ii.      Unsecured Claim -    $146,269.17

21.    That the secured and unsecured claims against the property located at 276 Manzanita Ranch Lane, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 276 Manzanita Ranch Lane, Henderson, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 0002525553-0

i.      Secured Claim -    $126,038.87

ii.      Unsecured Claim -    $0.00

b.  Second Lien – Wells Fargo – Loan Number – 65065047357831998

i.      Secured Claim -    $9,172.80

ii.      Unsecured Claim -    $134,827.20

22.    That the secured and unsecured claims against the property located at 2861 Marathon Drive, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2861 Marathon Drive, Henderson, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 0702460064-0

i.      Secured Claim -    $101,274.22

ii.      Unsecured Claim -    $0.00

b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705549

i.      Secured Claim -    $0.00

ii.      Unsecured Claim -    $114,363.00

14

23.     That the secured and unsecured claims against the property located at 5218 Misty Morning Drive, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5218 Misty Morning Drive, Las Vegas, Nevada, are:

   a.  First Lien – Fifth Third Bank  - Loan Number – 201746682

      i.     Secured Claim -     $141,640.60

      ii.    Unsecured Claim -   $27,573.99

   b.  Second Lien – City National Bank – Loan Number – 1824409

      i.     Secured Claim -     $0.00

      ii.    Unsecured Claim -   $1,000,000.00

24.     That the secured and unsecured claims against the property located at 10317 Neopolitan Place, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 10317 Neopolitan Place, Las Vegas, Nevada, are:

   a.  First Lien – BAC Home Loans Servicing, LP  - Loan Number – 74761662

      i.     Secured Claim -     $122,425.03

      ii.    Unsecured Claim -   $0.00

   b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705533

      i.     Secured Claim -     $0.00

      ii.    Unsecured Claim -   $117,081.00

25.     That the secured and unsecured claims against the property located at 956 Ostrich Fern Court, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and

the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 956 Ostrich Fern Court, Las Vegas, Nevada, are:

    a.  First Lien – Litton Loan Servicing  - Loan Number – 19732460

        i.        Secured Claim -     $152,440.29

        ii.       Unsecured Claim -   $0.00

    b.  Second Lien – Bank of America – Loan Number – 68189001609399

        i.        Secured Claim -    $0.00

        ii.       Unsecured Claim -   $102,022.20

26.     That the secured and unsecured claims against the property located at 8216 Peaceful Canyon Drive, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 8216 Peaceful Canyon Drive, Las Vegas, Nevada, are:

    a.  First Lien – JP Morgan Chase Bank  - Loan Number – 5942618181

        i.        Secured Claim -     $86,994.02

        ii.       Unsecured Claim -   $0.00

    b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705557

        i.        Secured Claim -    $39,302.59

        ii.       Unsecured Claim -   $114,127.41

27.     That the secured and unsecured claims against the property located at 6091 Pumpkin Patch Avenue, Las Vegas, Nevada, are bifurcated in accordance with that certain stipulation between the parties and filed with this court on March 3, 2011 (Docket No. 907); and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to

11 U.S.C. § 506(a), and the total amounts of the claims against 6091 Pumpkin Patch Avenue, Las Vegas, Nevada, are:

    a.  First Lien – Chase Home Finance, LLC  - Loan Number – 1251107609

        i.       Secured Claim -      $108,307.50

        ii.      Unsecured Claim -    $0.00

    b.  Second Lien – Wells Fargo – Loan Number – 65065046945011998

        i.       Secured Claim  -     $0.00

        ii.      Unsecured Claim -    $154,555.66

28.     That the secured and unsecured claims against the property located at 5709 Ridgetree Avenue, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5709 Ridgetree Avenue, Las Vegas, Nevada, are:

    a.  First Lien – BAC Home Loans Servicing, LP  - Loan Number – 943813

        i.       Secured Claim -     $57,963.85

        ii.      Unsecured Claim -    $17,235.43

    b.  Second Lien – Deborah Drake

        i.       Secured Claim  -     $0.00

        ii.      Unsecured Claim -    $155,000.00

29.     That the secured and unsecured claims against the property located at 5524 Rock Creek Lane, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5524 Rock Creek Lane, Las Vegas, Nevada, are:

a.  First Lien – Fidelity Bank  - Loan Number – 99010769

    i.        Secured Claim -        $83,380.18

    ii.       Unsecured Claim -    $0.00

b.  Second Lien – Wells Fargo – Loan Number - 65065047320381998

    i.        Secured Claim  -      $0.00

    ii.       Unsecured Claim -    $145,000.00

30.     That the secured and unsecured claims against the property located at 922 Saddle Horn Drive, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 922 Saddle Horn Drive, Henderson, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 0002415316-5

    i.        Secured Claim -        $96,734.23

    ii.       Unsecured Claim -    $0.00

b.  Second Lien – Bank of America – Loan Number - 68189001224599

    i.        Secured Claim  -      $0.00

    ii.       Unsecured Claim -    $100,000.00

31.     That the secured and unsecured claims against the property located at 5609 San Ardo Place, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 5609 San Ardo Place, Las Vegas, Nevada, are:

a.  First Lien – CitiMortgage  - Loan Number – 00001535955-7

    i.        Secured Claim -        $100,573.39

18

        ii.      Unsecured Claim -    $0.00

   b.  Second Lien – U.S. Bank – Loan Number: 007-0176-529-098

        i.      Secured Claim  -    $0.00

        ii.      Unsecured Claim -    $48,600.00

   c.  Third Lien – Deborah Drake

        i.      Secured Claim -    $0.00

        ii.      Unsecured Claim -    $155,000.00

32.     That the secured and unsecured claims against the property located at 2704 Sattley Circle, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2704 Sattley Circle, Las Vegas, Nevada, are:

   a.  First Lien – Maxine Llewellyn and Mel Elizer

        i.      Secured Claim -    $210,000.00

        ii.      Unsecured Claim -    $0.00

   b.  Second Lien – Wells Fargo – Loan Number - 83082507423330001

        i.      Secured Claim  -    $0.00

        ii.      Unsecured Claim -    $31,531.11

   c.  Third Lien – Bank of Nevada – Loan Number – 910016328

        i.      Secured Claim -    $0.00

        ii.      Unsecured Claim -    $510,000.00

33.     That the secured and unsecured claims against the property located at 9521 Sierra Summit Avenue, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims,"

pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 9521 Sierra Summit Avenue, Las Vegas, Nevada, are:

    a.  First Lien – BAC Home Loans Servicing, LP – Loan Number - 5266345

        i.      Secured Claim -     $103,824.33

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705541

       Transferred to Green Tree Servicing – Loan Number: 89720808

        i.      Secured Claim -     $0.00

        ii.     Unsecured Claim -   $151,713.00

34.    That the secured and unsecured claims against the property located at 1528 Splinter Rock Way, North Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 1528 Splinter Rock Way, North Las Vegas, Nevada, are:

    a.  First Lien – Wells Fargo – Loan Number - 3464851

        i.      Secured Claim -     $105,942.62

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – Bank of Nevada – Loan Number - 910016328

        i.      Secured Claim -     $0.00

        ii.     Unsecured Claim -   $510,000.00

35.    That the secured and unsecured claims against the property located at 1194 Stormy Valley Road, Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to

11 U.S.C. § 506(a), and the total amounts of the claims against 1194 Stormy Valley Road, Las Vegas, Nevada, are:

    a.   First Lien – CitiMortgage– Loan Number – 0002411561-0

        i.       Secured Claim -      $107,161.54

        ii.      Unsecured Claim -    $0.00

    b.   Second Lien – Wells Fargo – Loan Number - 83765049832011998

        i.       Secured Claim  -      $0.00

        ii.      Unsecured Claim -    $130,000.00

36.     That the secured and unsecured claims against the property located at 2290 Surrey Meadows Avenue, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2290 Surrey Meadows Avenue, Henderson, Nevada, are:

    a.   First Lien – CitiMortgage– Loan Number – 0002488054-4

        i.       Secured Claim -      $160,723.30

        ii.      Unsecured Claim -    $0.00

    b.   Second Lien – BAC Home Loans Servicing, LP – Loan Number – 154705565

       Transferred to Green Tree Servicing – Loan Number: 89741262

        i.       Secured Claim  -      $0.00

        ii.      Unsecured Claim -    $168,075.00

37.     That the secured and unsecured claims against the property located at 2614 Sweet Leilani Avenue, North Las Vegas, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims,"

pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2614 Sweet Leilani Avenue, North Las Vegas, Nevada, are:

    a.  First Lien – BAC Home Loans Servicing, LP – Loan Number – 100242287

        i.      Secured Claim -     $130,720.99

        ii.     Unsecured Claim -   $48,298.87

    b.  Second Lien – Jeff Sylvester

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $72,000.00

38.     That the secured and unsecured claims against the property located at 2525 Via Di Autostrada, Henderson, Nevada, are bifurcated in accordance with agreement of the parties; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against 2525 Via Di Autostrada, Henderson, Nevada, are:

    a.  First Lien – CitiMortgage – Loan Number – 002519792-2

        i.      Secured Claim -     $85,280.12

        ii.     Unsecured Claim -   $0.00

    b.  Second Lien – Homecomings Financial – Loan Number – 9125505

       Transferred to GMAC Mortgage – Loan Number: 7392714689

       Transferred to Specialized Loan Servicing – Loan Number: 1004257193

        i.      Secured Claim  -    $0.00

        ii.     Unsecured Claim -   $141,800.00

39.     That the unsecured portions of the Lenders' claims be reclassified as general unsecured claims with other general unsecured creditors through the Debtors' Plan.

40.     That Lenders' secured rights and/or lien-holder rights in the Properties are hereby modified as set forth above, provided, however, all remaining terms of the mortgages and notes related to the Properties, except as expressly modified herein or in the Plan, shall remain the same.

**C.     Plan Implementation.**

41.     The Debtors are authorized to undertake or cause to be undertaken any and all acts and actions contemplated by the Plan or required to consummate and implement the provisions of the Plan, prior to, on and after the Effective Date, including without limitation, entering, executing, delivering, filing or recording any agreements, instruments or documents necessary to implement the Plan.  All such actions shall be deemed to have occurred and shall be in effect without any requirement or further action by the Debtors.

42.     Each federal, state, commonwealth, local, foreign or other governmental agency is hereby directed and authorized to accept any and all documents, mortgages and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Order.

**D.     Plan Distributions.**

43.     There were no objections to the Plan from creditors holding allowed unsecured claims.  In accordance with section 1129(a)(15) and as indicated on the record at the Hearing, the Debtors will not make any Plan payments to their unsecured creditors.

44.     In accordance with the Plan, all applications for payment of fees and reimbursement of expenses by professionals retained in these Chapter 11 cases as well as parties seeking compensation pursuant to section 503 of the Bankruptcy Code must be filed with the Court by the date that is no later than forty-five (45) days after the Confirmation Date (or, if such date is not a Business Day, by the next Business Day thereafter).  Any Person or entity that fails to file such an application or request on or before such date shall be forever barred from asserting such

23

Administrative Claim against the Debtors or their property, and the holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Administrative Claim.  Applications for approval of professionals' fees not previously awarded during the pendency of the Chapter 11 cases may be included in such professional's final applications as set forth herein and in the Plan.  Objections, if any, to fee Claims shall be filed and served not later than fourteen (14) business days prior to the date set by the Court for the hearing to consider such requests.

**E.      Executory Contracts and Leases.**

45.      As of the Confirmation Date, all executory contracts and unexpired leases of the Debtors shall be assumed or rejected, as set forth in the Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code.

46.      Upon the Confirmation Date of the Plan, the Debtors shall provide notice of the rejection pursuant to the Plan of an executory contract or unexpired lease to any non-debtor parties.  In the event the Plan otherwise is not consummated, the Debtors may modify or amend (including, without limitation, making additions and/or deletions) all rights of the Debtors to assume or reject its unexpired leases and executory contracts shall be reinstated to the date immediately prior to the date of this Order.

**F.      Taxes and Transfers.**

47.      The transfer of any asset under the Plan or this Order has been duly authorized, and when issued, as provided in the Plan, will be validly issued, fully paid and nonassessable.

48.      Creditors seeking to protect the validity, enforceability, perfection and priority of the liens and security interests granted and/or continued under the Plan may file financing statements, deeds of trust, mortgages or other documents and take any and all actions as they deem

24

appropriate, in their respective discretion, to confirm the perfection of such security interests and liens.

49.    Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and all appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

50.    All filing and recording officers are hereby directed to accept for filing or recording all instruments of transfer to be filed and recorded notwithstanding any contrary provision of applicable non-bankruptcy law.  This Court retains jurisdiction to enforce the foregoing direction, by contempt proceedings or otherwise.

**G.    Miscellaneous.**

51.    From and after the Confirmation Date, this Court shall retain and have exclusive jurisdiction over all matters arising out of these Chapter 11 cases pursuant to, and for purposes of, subsection 105(a) and section 1142 of the Bankruptcy Code, including without limitation, jurisdiction over the matters set forth in the Plan, which is incorporated herein by reference, as if set forth *in extenso.*

52.    Except as otherwise provided in the Plan and this Order, notice of all subsequent pleadings in these Chapter 11 cases shall be limited to counsel for the Debtors, the United States Trustee and any party known to be directly affected by the relief sought.

53.    Notwithstanding anything in the Plan or this Order to the contrary, the amount of any priority tax Claim for U.S. federal income taxes, if any, and the rights of the holder of such Claim, if any, to payment in respect thereof shall: (a) survive the Effective Date and consummation

of the Plan and be determined in the manner and by the administrative or judicial tribunal in which the amount of such Claim and the rights of the holder of such Claim would have been resolved or adjudicated if the Chapter 11 cases had not been commenced; and (b) not be discharged, impaired or adversely affected by the Plan. In accordance with section 1124 of the Bankruptcy Code, the Plan shall leave unaltered the legal, equitable and contractual rights of a holder of such Claim.

54.     Failure specifically to include or reference particular sections or provisions of the Plan or any related agreement in this Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent of the Court that the Plan be confirmed and such related agreements be approved in their entirety.

55.     All entities holding Claims against the Debtors that are treated under the Plan are hereby directed to execute, deliver, file or record any document, and to take any action necessary to implement, consummate and otherwise effect the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan.

56.     In accordance with section 1142 of the Bankruptcy Code, the Debtors and any other entity designated pursuant to the Plan, are hereby authorized, empowered and directed to issue, execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan and as set forth in the Plan.

57.     Any document related to the Plan that refers to a plan of reorganization of the Debtors, other than the Plan confirmed by this Order, shall be, and it hereby is, deemed to be

modified such that the reference to a plan of reorganization of the Debtors in such document shall mean the Plan confirmed by this Order, as appropriate.

58.     In the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument or document).  In the event of any inconsistency between the Plan or any agreement, instrument or document intended to implement the Plan, on the one hand, and this Order, on the other, the provisions of this Order shall govern.

59.     The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

60.     This Order is a final order and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

61.     If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other Court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors receipt of written notice of such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all related documents or any amendments or modifications thereto.

27

62.    The Plan shall be substantially consummated on the Confirmation Date because the transactions described in the Plan shall have occurred or shall have been provided for.

Submitted by:

THE SCHWARTZ LAW FIRM, INC.

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
701 E. Bridger Ave., Suite 120
Las Vegas, NV 89101
*Attorneys for Debtors*

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

__X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order or failed to respond, as indicated below [list each party and whether the party has approved, disapproved or failed to respond to the document]:

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

APPROVED:        Michael Chen, Esq.; Brittany Wood, Esq.; Ace Van Patten, Esq.

DISAPPROVED:

FAILED TO RESPOND:

Submitted by:

THE SCHWARTZ LAW FIRM, INC.

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
701 E. Bridger Ave., Suite 120
Las Vegas, NV 89101
*Attorneys for Debtors*

# # #

29

Case 17-12883-mkn    Doc 71-2    Entered 10/17/17 20:11:45    Page 34 of 116

# EXHIBIT A

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
701 E. Bridger Avenue, Suite 120
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtors

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 09-29123-BAM |
| | Chapter 11 |
| Melani Schulte and William R. Schulte, | |
| | Jointly Administered with: |
| | |
| 2704 Sattley LLC, | 09-27238-BAM |
| Hot Endeavor LLC, | 09-27909-BAM |
| Cherish LLC, | 09-28513-BAM |
| SABRECO Inc., | 09-31584-BAM |
| Keep Safe LLC | 09-31585-BAM |
| | |
| Debtors. | Confirmation Hearing Date: January 31, 2011 |
| | Confirmation Hearing Time: 9:30 a.m. |

## THIRD AMENDED JOINT PLAN OF REORGANIZATION OF
## MELANI SCHULTE AND WILLIAM R. SCHULTE

### ARTICLE I - SUMMARY

This Third Amended Joint Plan of Reorganization (the "**Plan**") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") proposes to pay creditors of the above-captioned debtors and debtors-in-possession (the "**Debtors**") from the reorganization of their residential property and secured debt.

This Plan provides for 2 classes of secured claims and 3 classes of unsecured claims. Unsecured creditors holding allowed claims may receive distributions, if objections to the Plan are lodged under Section 1129(a)(15) of the Bankruptcy Code, which the Debtors have valued at approximately 4% of each creditor's allowed claim. If no objections are lodged, the Debtors may elect to make zero distributions to general unsecured creditors. This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan, or as agreed by the holder of such administrative or priority claim.

All creditors should refer to Articles II through IV of this Plan for information regarding the precise treatment of their claims.  A Fourth Amended Joint Disclosure Statement (the "**Disclosure Statement**") that provides more detailed information regarding this Plan and the rights of creditors was circulated with this Plan.  Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.

ARTICLE II - CLASSIFICATION AND TREATMENT OF CLAIMS

This Plan constitutes the Chapter 11 plan of reorganization of the Debtors.  All Claims against the Debtors are placed in classes (each a "**Class**") as designated by Classes 1 through 5.  In accordance with section 1123(a)(1) of the Bankruptcy Code, the Debtors have not classified Administrative Claims and Priority Tax Claims.

The categories of Claims (as defined in the Bankruptcy Code, listed below classify Claims for all purposes, including, without limitation, voting, confirmation and distribution pursuant to this Plan sections 1122 and 1123(a)(1) of the Bankruptcy Code.  The Plan deems a Claim to be classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim qualifies within the description of such different Class.  A Claim is in a particular Class only to the extent that any such Claim is allowed in that Class and has not been paid or otherwise settled prior to the effective date of the Plan as determined in paragraph 6.02 below.

**THE DEBTORS INTEND TO SEEK SUBSTANTIVE CONSOLIDATION IN CONNECTION WITH THE PAYMENT OF THE GENERAL UNSECURED CLAIMS AGAINST THEIR ESTATES THROUGH THE PLAN.  IF SUCH SUBSTANTIVE CONSOLIDATION IS AUTHORIZED AND ORDERED BY THE COURT, CERTAIN ALLOWED CLAIMS OF THE DEBTORS OR THEIR ESTATES SHALL BE SATISFIED FROM THE COMBINED CASH AND OTHER PROPERTY OF THE DEBTORS AND THEIR COMBINED ESTATES.  ALL ALLOWED SECURED CLAIMS IN CLASSES 1 AND 2 WILL RETAIN THEIR LIENS AND NOT BE ELIMINATED AS THE RESULT OF THE SUBSTANTIVE CONSOLIDATION.**

**Classification of Claims**

2.01    <u>Class 1(a) – Secured Claim of America's Servicing Company</u>

(a)    *Classification*: Class 1(a) consists of the Secured Claim of America's Servicing Company against the Debtors' property located at 509 Canyon Greens, Las Vegas, Nevada 89144, which is secured by a lien against the Debtors' residential property, loan number 1205043971.

(b)    *Treatment*: The holder of the allowed Class 1(a) Secured Claim shall be unimpaired and paid in full in accordance with the terms of its related note and mortgage.

(c)     *Voting*: Class 1(a) is an unimpaired class, and the holder of the Class 1(a) claim is conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the holder of the Class 1(a) claim is not entitled to vote to accept or reject the Plan.

2.02     <u>Class 2(a) –Secured Claim of CitiMortgage</u>

(a)     *Classification*: Class 2(a) consists of the Secured Claim of CitiMortgage against the Debtors' property located at 9500 Aspen Glow Drive, Las Vegas, Nevada 89134 which is secured by a lien against the Debtors' residential property, loan number 0577014851-7.

(b)     *Treatment*: The holder of the allowed Class 2(a) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth in **Exhibit 1**, attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(a) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(a) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(a) is an impaired class, and the holder of the Class 2(a) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(b) –Secured Claim of City National Bank</u>

(a)     *Classification*: Class 2(b) consists of the Secured Claim of City National Bank against the Debtors' property located at 9500 Aspen Glow Drive, Las Vegas, Nevada 89134, which is secured by a lien against the Debtors' residential property, loan number 1824409.

(b)     *Treatment*: The holder of the allowed Class 2(b) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth in **Exhibit 1**, attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(b) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving

the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)  *Unsecured Portion of the Claim*: Any amount of a Class 2(b) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)  *Voting*: Class 2(b) is an impaired class, and the holder of the Class 2(b) claim is entitled to vote to accept or reject the Plan.

Class 2(c) –Secured Claim of Chase Home Finance

(a)  *Classification*: Class 2(c) consists of the Secured Claim of Chase Home Finance against the Debtors' property located at 2460 Avenida Cortes, Henderson, Nevada 89074, which is secured by a lien against the Debtors' residential property, loan number 8483094531.

(b)  *Treatment*: The holder of the allowed Class 2(c) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years and in accordance with all other terms of its related note and mortgage.

(c)  *Valuation*: The Class 2(c) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)  *Unsecured Portion of the Claim*: Any amount of a Class 2(c) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)  *Voting*: Class 2(c) is an impaired class, and the holder of the Class 2(c) claim is entitled to vote to accept or reject the Plan.

Class 2(d) –Secured Claim of Countywide Home Loans

(a)  *Classification*: Class 2(d) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 2460 Avenida Cortes, Henderson, Nevada 89074, which is secured by a lien against the Debtors' residential property, loan number 156496481.

(b)  *Treatment*: The holder of the allowed Class 2(d) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth in **Exhibit 1**, attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(d) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(d) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(d) is an impaired class, and the holder of the Class 2(d) claim is entitled to vote to accept or reject the Plan.

### Class 2(e) –Secured Claim of Countrywide Home Loans

(a)    *Classification*: Class 2(e) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 4710 Brently Place, Las Vegas, Nevada 89122, which is secured by a lien against the Debtors' residential property, loan number 86314260.

(b)    *Treatment*: The holder of the allowed Class 2(e) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(e) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(e) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(e) is an impaired class, and the holder of the Class 2(e) claim is entitled to vote to accept or reject the Plan.

### Class 2(f) –Secured Claim of Chase Home Finance

(a)    *Classification*: Class 2(f) consists of the Secured Claim of Chase Home Finance against the Debtors' property located at 7873 Bridgefield Lane, Las Vegas, Nevada 89147, which is secured by a lien against the Debtors' residential property, loan number 8483094549.

(b)    *Treatment*: The holder of the allowed Class 2(f) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(f) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(f) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(f) is an impaired class, and the holder of the Class 2(f) claim is entitled to vote to accept or reject the Plan.

Class 2(g) –Secured Claim of Bank of Nevada

(a)    *Classification*: Class 2(g) consists of the Secured Claim of Bank of Nevada against the Debtors' property located at 7873 Bridgefield Lane, Las Vegas, Nevada 89147, which is secured by a lien against the Debtors' residential property, loan number 910016328.

(b)    *Treatment*: The holder of the allowed Class 2(g) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(g) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(g) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(g) is an impaired class, and the holder of the Class 2(g) claim is entitled to vote to accept or reject the Plan.

Class 2(h) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(h) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 3322 Cheltenham Street, Las Vegas, Nevada 89129, which is secured by a lien against the Debtors' residential property, loan number 84536650.

(b)     *Treatment*: The holder of the allowed Class 2(h) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(h) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(h) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(h) is an impaired class, and the holder of the Class 2(h) claim is entitled to vote to accept or reject the Plan.

Class 2(i) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(i) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 3383 Cloverdale Court, Las Vegas, Nevada 89117, which is secured by a lien against the Debtors' residential property, loan number 85885825.

(b)     *Treatment*: The holder of the allowed Class 2(i) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(i) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(i) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(i) is an impaired class, and the holder of the Class 2(i) claim is entitled to vote to accept or reject the Plan.

Class 2(j) –Secured Claim of CitiMortgage, Inc.

(a)     *Classification*: Class 2(j) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 1624 Desert Canyon Court, Las Vegas, Nevada 89128 which is secured by a lien against the Debtors' residential property, loan number 0011954829-5.

(b)     *Treatment*: The holder of the allowed Class 2(j) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(j) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(j) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(j) is an impaired class, and the holder of the Class 2(j) claim is entitled to vote to accept or reject the Plan.

Class 2(k) –Secured Claim of Bank of Nevada

(a)     *Classification*: Class 2(k) consists of the Secured Claim of Bank of Nevada against the Debtors' property located at 1624 Desert Canyon Court, Las Vegas, Nevada 89128 which is secured by a lien against the Debtors' residential property, loan number 910016328.

(b)     *Treatment*: The holder of the allowed Class 2(k) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(k) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(k) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(k) is an impaired class, and the holder of the Class 2(k) claim is entitled to vote to accept or reject the Plan.

Class 2(l) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(l) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 3729 Discovery Creek Avenue, North Las Vegas, Nevada 89031, which is secured by a lien against the Debtors' residential property, loan number 101427028.

(b)     *Treatment*: The holder of the allowed Class 2(l) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(l) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(l) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(l) is an impaired class, and the holder of the Class 2(l) claim is entitled to vote to accept or reject the Plan.

Class 2(m) –Secured Claim of Litton Loan Servicing

(a)     *Classification*: Class 2(m) consists of the Secured Claim of Litton Loan Servicing against the Debtors' property located at 1392 Echo Falls Avenue, Las Vegas, Nevada 89183, which is secured by a lien against the Debtors' residential property, loan number 19732478.

(b)     *Treatment*: The holder of the allowed Class 2(m) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(m) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property

as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(m) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(m) is an impaired class, and the holder of the Class 2(m) claim is entitled to vote to accept or reject the Plan.

Class 2(n) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(n) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 1701 Empire Mine Drive, Henderson, Nevada 89014, which is secured by a lien against the Debtors' residential property, loan number 85885841.

(b)     *Treatment*: The holder of the allowed Class 2(n) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(n) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(n) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(n) is an impaired class, and the holder of the Class 2(n) claim is entitled to vote to accept or reject the Plan.

Class 2(o) –Secured Claim of Chase Home Finance

(a)     *Classification*: Class 2(o) consists of the Secured Claim of Chase Home Finance against the Debtors' property located at 9020 Feather River Court, Las Vegas, Nevada 89117, which is secured by a lien against the Debtors' residential property, loan number 8483094523.

(b)     *Treatment*: The holder of the allowed Class 2(o) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)  *Valuation*: The Class 2(o) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)  *Unsecured Portion of the Claim*: Any amount of a Class 2(o) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)  *Voting*: Class 2(o) is an impaired class, and the holder of the Class 2(o) claim is entitled to vote to accept or reject the Plan.

Class 2(p) –Secured Claim of Countrywide Home Loans

(a)  *Classification*: Class 2(p) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 9020 Feather River Court, Las Vegas, Nevada 89117, which is secured by a lien against the Debtors' residential property, loan number 156496465.

(b)  *Treatment*: The holder of the allowed Class 2(p) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)  *Valuation*: The Class 2(p) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)  *Unsecured Portion of the Claim*: Any amount of a Class 2(p) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)  *Voting*: Class 2(p) is an impaired class, and the holder of the Class 2(p) claim is entitled to vote to accept or reject the Plan.

Class 2(q) –Secured Claim of CitiMortgage, Inc.

(a)  *Classification*: Class 2(q) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 1013 Golden Hawk Way, Las Vegas, Nevada 89108, which is secured by a lien against the Debtors' residential property, loan number 0616443148-5.

(b)     *Treatment*: The holder of the allowed Class 2(q) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(q) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(q) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(q) is an impaired class, and the holder of the Class 2(q) claim is entitled to vote to accept or reject the Plan.

Class 2(r) –Secured Claim of CitiMortgage, Inc.

(a)     *Classification*: Class 2(r) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 4521 W. La Madre Way, North Las Vegas, Nevada 89031, which is secured by a lien against the Debtors' residential property, loan number 0011951495-8.

(b)     *Treatment*: The holder of the allowed Class 2(r) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(r) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(r) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(r) is an impaired class, and the holder of the Class 2(r) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(s) –Secured Claim of CitiMortgage, Inc.</u>

(a)   *Classification*: Class 2(s) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 8562 Lambert Drive, Las Vegas, Nevada 89147, which is secured by a lien against the Debtors' residential property, loan number 0002525827-8.

(b)   *Treatment*: The holder of the allowed Class 2(s) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(s) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(s) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(s) is an impaired class, and the holder of the Class 2(s) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(t) –Secured Claim of CitiMortgage, Inc.</u>

(a)   *Classification*: Class 2(t) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 276 Manzanita Ranch Lane, Henderson, Nevada 89052 which is secured by a lien against the Debtors' residential property, loan number 0002525553-0.

(b)   *Treatment*: The holder of the allowed Class 2(t) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(t) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(t) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(t) is an impaired class, and the holder of the Class 2(t) claim is entitled to vote to accept or reject the Plan.

## Class 2(u) –Secured Claim of CitiMortgage, Inc.

(a)    *Classification*: Class 2(u) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 2861 Marathon Drive, Henderson, Nevada 89074, which is secured by a lien against the Debtors' residential property, loan number 0702460064-0.

(b)    *Treatment*: The holder of the allowed Class 2(u) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(r) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(u) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(u) is an impaired class, and the holder of the Class 2(u) claim is entitled to vote to accept or reject the Plan.

## Class 2(v) –Secured Claim of Fifth Third Bank

(a)    *Classification*: Class 2(v) consists of the Secured Claim of Fifth Third Bank against the Debtors' property located at 5218 Misty Morning Drive, Las Vegas, Nevada 89118, which is secured by a lien against the Debtors' residential property, loan number 0201746682.

(b)    *Treatment*: The holder of the allowed Class 2(v) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(v) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(v) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(v) is an impaired class, and the holder of the Class 2(v) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(w) –Secured Claim of Countrywide Home Loans</u>

(a)    *Classification*: Class 2(w) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 10317 Neopolitan Place, Las Vegas, Nevada 89144 which is secured by a lien against the Debtors' residential property, loan number 74761662.

(b)    *Treatment*: The holder of the allowed Class 2(w) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(w) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(w) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(w) is an impaired class, and the holder of the Class 2(w) claim is entitled to vote to accept or reject the Plan.

<u>Class 2(x) –Secured Claim of Litton Loan Servicing</u>

(a)    *Classification*: Class 2(x) consists of the Secured Claim of Litton Loan Servicing against the Debtors' property located at 956 Ostrich Fern Court, Las Vegas, Nevada 89183, which is secured by a lien against the Debtors' residential property, loan number 19732460.

(b)    *Treatment*: The holder of the allowed Class 2(x) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(x) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property

as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)  *Unsecured Portion of the Claim*: Any amount of a Class 2(x) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)  *Voting*: Class 2(x) is an impaired class, and the holder of the Class 2(x) claim is entitled to vote to accept or reject the Plan.

Class 2(y) –Secured Claim of Chase Home Finance

(a)  *Classification*: Class 2(y) consists of the Secured Claim of Chase Home Finance against the Debtors' property located at 8216 Peaceful Canyon Drive, Las Vegas, Nevada 89128, which is secured by a lien against the Debtors' residential property, loan number 5942618181.

(b)  *Treatment*: The holder of the allowed Class 2(y) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)  *Valuation*: The Class 2(y) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)  *Unsecured Portion of the Claim*: Any amount of a Class 2(y) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)  *Voting*: Class 2(y) is an impaired class, and the holder of the Class 2(y) claim is entitled to vote to accept or reject the Plan.

Class 2(z) –Secured Claim of Countrywide Home Loans

(a)  *Classification*: Class 2(z) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 8216 Peaceful Canyon Drive, Las Vegas, Nevada 89128, which is secured by a lien against the Debtors' residential property, loan number 154705557.

(b)  *Treatment*: The holder of the allowed Class 2(z) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(z) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(z) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(z) is an impaired class, and the holder of the Class 2(z) claim is entitled to vote to accept or reject the Plan.

Class 2(aa) –Secured Claim of Chase Manhattan Mortgage

(a)     *Classification*: Class 2(aa) consists of the Secured Claim of Chase Manhattan Mortgage against the Debtors' property located at 6091 Pumpkin Patch Avenue, Las Vegas, Nevada 89142, which is secured by a lien against the Debtors' residential property, loan number 001251107609.

(b)     *Treatment*: The holder of the allowed Class 2(aa) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over the remaining loan term, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(aa) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(aa) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(aa) is an impaired class, and the holder of the Class 2(aa) claim is entitled to vote to accept or reject the Plan.

Class 2(bb) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(bb) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 5709 Ridgetree Avenue, Las Vegas, Nevada 89107, which is secured by a lien against the Debtors' residential property, loan number 943813.

(b)   *Treatment*: The holder of the allowed Class 2(bb) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(bb) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(bb) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(bb) is an impaired class, and the holder of the Class 2(bb) claim is entitled to vote to accept or reject the Plan.

Class 2(cc) –Secured Claim of Fidelity Bank

(a)   *Classification*: Class 2(cc) consists of the Secured Claim of Fidelity Bank against the Debtors' property located at 5524 Rock Creek Lane, Las Vegas, Nevada 89130, which is secured by a lien against the Debtors' residential property, loan number 0099010769.

(b)   *Treatment*: The holder of the allowed Class 2(cc) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(cc) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(cc) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(cc) is an impaired class, and the holder of the Class 2(cc) claim is entitled to vote to accept or reject the Plan.

Class 2(dd) –Secured Claim of CitiMortgage, Inc.

(a)    *Classification*: Class 2(dd) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 922 Saddle Horn Drive, Henderson, Nevada 89002, which is secured by a lien against the Debtors' residential property, loan number 0002415316-5.

(b)    *Treatment*: The holder of the allowed Class 2(dd) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(dd) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(dd) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)    *Voting*: Class 2(dd) is an impaired class, and the holder of the Class 2(dd) claim is entitled to vote to accept or reject the Plan.

Class 2(ee) –Secured Claim of CitiMortgage, Inc.

(a)    *Classification*: Class 2(ee) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 5609 San Ardo Place, Las Vegas, Nevada 89130, which is secured by a lien against the Debtors' residential property, loan number 00001535955-7.

(b)    *Treatment*: The holder of the allowed Class 2(ee) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)    *Valuation*: The Class 2(ee) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)    *Unsecured Portion of the Claim*: Any amount of a Class 2(ee) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)  *Voting*: Class 2(ee) is an impaired class, and the holder of the Class 2(ee) claim is entitled to vote to accept or reject the Plan.

Class 2(ff) –Secured Claim of Maxine Llewellyn and Mel Elizer

(a)  *Classification*: Class 2(ff) consists of the Secured Claim of Maxine Llewellyn and Mel Elizer against the Debtors' property located at 2704 Sattley Circle, Las Vegas, Nevada 89117, which is secured by a lien against the Debtors' residential property.

(b)  *Treatment*: The holder of the allowed Class 2(ff) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, payable in monthly installments of $700.00, over a period of 5 years, with a balloon payment of the amount of its claim after the five-year period.

(c)  *Valuation*: The Class 2(ff) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)  *Unsecured Portion of the Claim*: Any amount of a Class 2(ff) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)  *Voting*: Class 2(ff) is an impaired class, and the holder of the Class 2(ff) claim is entitled to vote to accept or reject the Plan.

Class 2(gg) –Secured Claim of Countrywide Home Loans

(a)  *Classification*: Class 2(gg) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 9521 Sierra Summit Avenue, Las Vegas, Nevada 89134, which is secured by a lien against the Debtors' residential property, loan number 005266345.

(b)  *Treatment*: The holder of the allowed Class 2(gg) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)  *Valuation*: The Class 2(gg) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(gg) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(gg) is an impaired class, and the holder of the Class 2(gg) claim is entitled to vote to accept or reject the Plan.

Class 2(hh) –Secured Claim of Wells Fargo Home Mortgage

(a)   *Classification*: Class 2(hh) consists of the Secured Claim of Wells Fargo Home Mortgage against the Debtors' property located at 1528 Splinter Rock Way, North Las Vegas, Nevada 89031, which is secured by a lien against the Debtors' residential property, loan number 3464851.

(b)   *Treatment*: The holder of the allowed Class 2(hh) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(hh) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(hh) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(hh) is an impaired class, and the holder of the Class 2(hh) claim is entitled to vote to accept or reject the Plan.

Class 2(ii) –Secured Claim of CitiMortgage, Inc.

(a)   *Classification*: Class 2(ii) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 1194 Stormy Valley Road, Las Vegas, Nevada 89123, which is secured by a lien against the Debtors' residential property, loan number 0002411561-0.

(b)   *Treatment*: The holder of the allowed Class 2(ii) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(ii) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property

as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(ii) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(ii) is an impaired class, and the holder of the Class 2(ii) claim is entitled to vote to accept or reject the Plan.

Class 2(jj) –Secured Claim of CitiMortgage, Inc.

(a)     *Classification*: Class 2(jj) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 2290 Surrey Meadows Avenue, Henderson, Nevada 89052, which is secured by a lien against the Debtors' residential property, loan number 0002488054-4.

(b)     *Treatment*: The holder of the allowed Class 2(jj) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(jj) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(jj) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(jj) is an impaired class, and the holder of the Class 2(jj) claim is entitled to vote to accept or reject the Plan.

Class 2(kk) –Secured Claim of Countrywide Home Loans

(a)     *Classification*: Class 2(kk) consists of the Secured Claim of Countrywide Home Loans against the Debtors' property located at 2614 Sweet Leilani Avenue, North Las Vegas, Nevada 89031, which is secured by a lien against the Debtors' residential property, loan number 100242287.

(b)     *Treatment*: The holder of the allowed Class 2(kk) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(kk) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(kk) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(kk) is an impaired class, and the holder of the Class 2(kk) claim is entitled to vote to accept or reject the Plan.

Class 2(ll) –Secured Claim of CitiMortgage, Inc.

(a)   *Classification*: Class 2(ll) consists of the Secured Claim of CitiMortgage, Inc. against the Debtors' property located at 2525 Via Di Autostrada, Henderson, Nevada 89074, which is secured by a lien against the Debtors' residential property, loan number 0002519792-2.

(b)   *Treatment*: The holder of the allowed Class 2(ll) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5.25% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)   *Valuation*: The Class 2(ll) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan. The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)   *Unsecured Portion of the Claim*: Any amount of a Class 2(ll) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)   *Voting*: Class 2(ll) is an impaired class, and the holder of the Class 2(ll) claim is entitled to vote to accept or reject the Plan.

Class 2(mm) –Secured Claim of Wells Fargo Bank, N.A.

(a)   *Classification*: Class 2(mm) consists of the Secured Claim of Wells Fargo Bank, N.A. against the Debtors' property located at 276 Manzanita Ranch Lane, Henderson, Nevada 89012, which is secured by a lien against the Debtors' residential property, loan number 65065047357831998.

(b)     *Treatment*: The holder of the allowed Class 2(mm) Secured Claim shall be impaired and paid the allowed amount of its claim as set forth on **Exhibit 1** attached hereto, amortized at 5% over 30 years, and in accordance with all other terms of its related note and mortgage.

(c)     *Valuation*: The Class 2(mm) Secured Claim shall be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit 1** of the Plan.  The confirmation order approving the Plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

(d)     *Unsecured Portion of the Claim*: Any amount of a Class 2(mm) claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 5 below.

(e)     *Voting*: Class 2(mm) is an impaired class, and the holder of the Class 2(mm) claim is entitled to vote to accept or reject the Plan.

2.03     <u>Class 3 – Priority Claims</u>

(a)     *Classification*: Class 3 consists of the Priority Claims against the Debtors.

(b)     *Treatment*:  The legal, equitable and contractual rights of the holders of allowed Class 3 Claims are unaltered.  Except to the extent that a holder of an allowed Class 3 claim has been paid by the Debtors prior to the effective date of this Plan or otherwise agrees to different treatment, each holder of an allowed Class 3 Claim shall receive, in full and final satisfaction of such allowed Class 3 claim, payment in full in cash on or as soon as reasonably practicable after (i) the effective date of the Plan, (ii) the date such allowed Class 3 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.

(c)     *Voting*: Class 3 is an unimpaired Class, and is deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the holders of Class 3 claims are not entitled to vote to accept or reject the Plan.

2.04     <u>Class 4 – Convenience Claims</u>

(a)     *Classification:* Class 4 consists of Convenience Claims in an amount under $1,000.00 each against the Debtors in accordance with section 1122(b) of the Bankruptcy Code.

(b)     *Treatment:*  The legal, equitable and contractual rights of the holders of allowed Class 4 claims are unaltered.  Except to the extent that a holder of an allowed Class 4 claim has been paid by the Debtors prior to the effective date of this Plan or otherwise agrees to different treatment, each

holder of an allowed Class 4 claim shall receive, in full and final satisfaction of such allowed Class 4 claim, payment in full in cash on or as soon as reasonably practicable after (i) the effective date of the Plan, (ii) the date such allowed Class 4 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.

(c)   *Voting:* Class 4 is an unimpaired class, and the holders of Class 4 claims are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the holders of Class 4 claims are not entitled to vote to accept or reject the Plan.

2.05   Class 5 - General Unsecured Claims

(a)   *Classification:* Class 5 consists of General Unsecured Claims against the Debtors, which includes the unsecured portion of the Debtors' first and second lien holders' claims.

(b)   *Treatment:*  Holders of allowed General Unsecured Claims shall receive, in full and final satisfaction of such allowed Class 5 claims, their pro rata share of the Debtors' monthly plan payments, which the Debtors estimate to be 4% of such creditor's claim.

(c)   *Voting:* Class 5 is an impaired Class, and holders of Class 5 claims are entitled to vote to accept or reject the Plan.

ARTICLE III

TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS.
U.S. TRUSTEES FEES AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.  In accordance with section 1123(a)(1) of the Bankruptcy Code, administrative expense claims, and priority tax claims are not in classes.

3.02   Administrative Expense Claims. Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03   Priority Tax Claims. Each holder of a priority tax claim will be paid in full on the effective date of this Plan, or with respect to the Internal Revenue Service, as agreed upon among the parties.

3.04   United States Trustee Fees. All fees required to be paid by 28 U.S.C. § 1930 will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

ARTICLE IV
PROVISIONS FOR EXECUTORY CONTRACTS, UNEXPIRED LEASES AND
DISPOSITION OF VACANT LAND

4.01    Assumed Executory Contracts and Unexpired Leases.

(a) The Debtors shall assume, on the effective date of this Plan, the executory contracts and unexpired leases listed on **Exhibit 2** attached hereto.  Listed on **Exhibit 2** is also the Debtors' estimated cure amount, if any, necessary to assume such contract in accordance with Section 365 of the Bankruptcy Code.

(b) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 4.01(a) above.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

(c) The confirmation order shall constitute an order of the Bankruptcy Court approving such assumptions pursuant to sections 365 and 1123 of the Bankruptcy Code as of the effective date of this Plan.  The Debtors reserve the right to amend **Exhibit 2** at any time before the effective date.

(d) Any objection by a party to an executory contract or unexpired lease to the Debtors' proposed assumption or any related cure amount set forth on **Exhibit 2** must be filed, served and actually received by the Debtors at least seven (7) days prior to the confirmation hearing of this Plan. Any party to an executory contract or unexpired lease that fails to object timely to the proposed cure amount will be deemed to have consented to such assignment of its executory contract or unexpired lease.  The confirmation order shall constitute an order of the Bankruptcy Court approving any proposed assignments of executory contracts or unexpired leases pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.

(e) In the event of a dispute regarding (i) the amount of any cure payment, (ii) the ability of the Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the executory contract or unexpired lease to be assigned or (iii) any other matter pertaining to assignment, the applicable cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a final order or orders resolving the dispute and approving the assumption.  If an objection to a cure amount is sustained by the Bankruptcy Court, the Debtors at their sole option, may elect to reject such executory contract or unexpired lease in lieu of assuming and assigning it.

ARTICLE V - MEANS FOR IMPLEMENTATION OF THE PLAN

5.01    Source of Payments.  If an objection to the Plan is lodged under Section 1129(a)(15) of the Bankruptcy Code, the Debtors' Payments and distributions under the Plan will be funded by the Debtors, based upon their (a) projected monthly rental income and (b) personal income.  The Liquidation Analysis attached the Disclosure Statement as **Exhibit C**, outlines the Debtors' sources and uses of income.  The Debtors' monthly Plan payment shall be four thousand dollars

($4,000.00).  If no objections are lodged to the Plan, the Debtors may make no distributions to general unsecured creditors.

5.02    Method of Plan Payments

(a)     On or about the effective date of the Plan, to the extent necessary, the Debtors shall retain Cynthia Bitaut of Baxter Distribution Services, LLP, 2655 Box Canyon Drive #190, Las Vegas, Nevada 89128 as their disbursement agent (the "**Disbursement Agent**").  Except as otherwise provided in the Plan, upon the first full month after the entry of the order confirming the Plan, the Debtors shall begin making monthly distributions to the Disbursement Agent under the Plan. The Disbursement Agent shall begin, as soon as practical, making pro rata payments to the Debtors' unsecured creditors holding allowed claims, on a quarterly basis, until such claims are paid as set forth in the Plan.

(b)     Except as otherwise provided in the Plan, or upon the entry of a final, non-appealable order of the Bankruptcy Court, or as agreed to by the relevant parties, distributions under the Plan on account of a disputed claim that becomes an allowed claim after the effective date of the Plan shall be begin on the regular quarterly payment date, as established by the Disbursement Agent, which is at least thirty (30) days after such claim becomes an allowed claim.

(c)     Notwithstanding anything in the Plan to the contrary, and except as otherwise agreed to by the relevant parties, no partial payments and no partial distributions shall be made with respect to a disputed claim until all such disputes in connection with such disputed claim have been resolved by settlement among the parties or a final order of the Bankruptcy Court.  In the event that there are disputed claims requiring adjudication and resolution, the Disbursement Agent shall establish appropriate reserves for potential payment of such Claims.

(d)     In no event, however, shall the Disbursement Agent be held liable for any failures of the Debtors to make any of their payments required under the Plan.  If any holders of allowed claims against the Debtors' estate fail to receive payment in accordance with the Plan, the Bankruptcy Court shall retain jurisdiction to hear and determine all matters related to the implementation of this Plan and the payments required hereunder.

(e)     The Disbursement Agent shall be authorized to retain attorneys, if necessary, to object to proofs of claim, pay administrative expenses and collect a reasonable fee for administering the Debtors' post-confirmation estate from the Debtors' plan payments.

5.03    The Holding Company.  On or after the effective date of the Plan, the Debtors shall transfer title to their properties to a Nevada limited liability company (the "**Holding Company**"), for liability purposes.  The transfer shall not limit the Debtors' personal liability to their Class 1 creditors or their obligations to make payments under this Plan.

5.04    Post-confirmation Management.  The Debtors will manage their properties post-petition in the ordinary course, which will include the assumption and continued operation under all partnership agreements, as well as the debt service obligations thereunder.  They will be authorized to enter into, terminate and renew lease agreements as they see fit.  Such activities will include retaining management companies to aid in the renting of their property, drafting and

serving eviction notices, negotiating loan modifications or refinancing their properties, repairing the properties and maintaining a reserve account of up to one month's mortgage payments, or $10,000.00, whichever is greater.  In addition, the Debtors will be authorized to transfer the properties to the Holding Company to limit their liability from claims arising from their rental business (such as injuries occurring at the homes) after the date of confirmation.

5.05    <u>Liquidation and Abandonment of Certain Debtor Entities</u>.  Pursuant to Sections 363 and 554 of the Bankruptcy Code, the Debtors may abandon or liquidate Cherish LLC, Keep Safe LLC, 2704 Sattley LLC and Hot Endeavor, LLC (the "**Abandoned Entities**"), as all properties owned by those entities will be transferred back to the Debtors Melani and William R. Schulte, personally.  Therefore, the order confirming the Plan will constitute the Bankruptcy Court's finding and determination that the abandonment or liquidation of the Abandoned Entities is (1) in the best interests of the Debtors, their estates and parties in interest, (2) fair, equitable and reasonable, (3) made in good faith and (4) approved pursuant to section 363 and 554 of the Bankruptcy Code and Bankruptcy Rule 9019.

5.06    <u>Post-confirmation Payment</u>.  The post-confirmation payment of the claims of allowed general unsecured creditors in the Debtors' cases shall be jointly administered.  Accordingly, the Debtors will pay their combined creditor pool through the continued joint administration of their estates post-confirmation, in order to maximize the distributions to unsecured creditors and avoid the related costs of paying their joint creditors separately for 5 years.  The order confirming the Plan shall direct the foregoing administration of the Debtors' post-confirmation estates.

5.07    <u>Substantive Consolidation</u>.  The filing of the Plan shall constitute a motion for an order of the Bankruptcy Court approving, and the Confirmation Order shall constitute the Bankruptcy Court's approval of, substantive consolidation of the payment of the general unsecured claims against the reorganized Debtors' estates, specifically the estates of Melani and William R. Schulte and SABRECO, Inc. (collectively, the "**Reorganized Debtors**").  On the effective date of the Plan, pursuant to Section 105(a) of the Bankruptcy Code, the Reorganized Debtors' estates shall be substantively consolidated solely for the purposes related to the Plan (including voting and distributions to general unsecured creditors).  The substantive consolidation of the Reorganized Debtors' estates shall have the following effects:

(a)    All assets of the Reorganized Debtors' estates shall be treated as though they were assets of a single consolidated estate for purposes of distributions under the Plan;

(b)    Each and every claim scheduled, filed, to be filed, or deemed to have been filed in these Chapter 11 cases against either Reorganized Debtor shall be deemed scheduled or filed against a single consolidated Estate; and

(c)    No distributions shall be made under the Plan on account of claims among the Reorganized Debtors, and any and all liability on account of such claims between the Reorganized Debtors shall be deemed satisfied and discharged upon confirmation.

Notwithstanding the foregoing, on or after the effective date of the Plan, the Reorganized Debtors may take such actions as are necessary to complete a merger with or dissolution of any of the Reorganized Debtors' assets under applicable law.

**ALL ALLOWED SECURED CLAIMS IN CLASSES 1 AND 2 WILL RETAIN THEIR LIENS, SHALL BE PAID AS SET FORTH IN CLASSES 1 AND 2, AND NOT BE ELIMINATED AS THE RESULT OF THE SUBSTANTIVE CONSOLIDATION.**

ARTICLE VI
GENERAL PROVISIONS

6.01    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

6.02    <u>Effective Date of Plan</u>.   The effective date of this Plan is the eleventh business day following the date of the entry of the confirmation order.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

6.03    <u>Modification of Plan</u>.

The Debtors may modify the Plan at any time before confirmation of the Plan.  The Court, however, may require a new Disclosure Statement and/or re-voting on the Plan.  The Debtors may also seek to modify the Plan at any time after confirmation only if (A) the Plan has not been substantially consummated and (B) the Court authorizes the proposed modifications after notice and a hearing.

Upon request of the Debtors, the Plan may be modified at any time after confirmation of the Plan, but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take on accounting of any payment of a claim made other than under the Plan.

Effective as of the date hereof and subject to the limitations and rights contained in the Plan: (a) the Debtors reserve the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to the entry of the confirmation order; and (b) after the entry of the confirmation order, the Debtors may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan; provided, however, that any modification to the Plan shall not affect the rights or treatment of holders of unsecured claims.

6.04    <u>Final Decree</u>**.**  Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of bankruptcy Procedure, the Debtors, or such other party as the Court shall designate in the Plan confirmation order, shall file a motion with the Court to obtain a final

decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

6.05    <u>Vesting of Assets in the Reorganized Debtors and the Holding Company</u>**.** After confirmation of the Plan, all property of the Debtors shall vest in the reorganized Debtors and the Holding Company, free and clear of all liens, claims, charges or other encumbrances, except those enumerated in Section 6.06, the order approving the Motion to Value and the confirmation order. The reorganized Debtors may operate their business and may use, acquire or dispose of property and compromise or settle any claims without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the confirmation order. Without limiting the foregoing, the Debtors shall pay the charges that incur after confirmation for professionals' fees, disbursements, expenses or related support services (including reasonable fees relating to the preparation of professional fee applications) without application to the Bankruptcy Court.

6.06    <u>Release of Liens, Claims and Equity Interests</u>. Except as otherwise provided herein or in the following sentence or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, upon confirmation, all liens, claims, mortgages, deeds of trust, or other security interests against the property of the Debtors' estate shall be fully released and discharged. The existing liens and lien rights of those lenders holding claims in Class 1 and Class 2 are expressly preserved under the Plan, and their existing liens shall ride through and remain attached to any and all underlying collateral in any transfer of property expressly set forth in, or contemplated by, the Plan. To the extent any provision in this Plan or the Confirmation Order can be read to contradict the express preservation of lien rights in this provision, this provision controls.

6.07    <u>Certificate of Incorporation and Bylaws</u>. The articles of organization and bylaws (or other formation documents) of the Holding Company shall be amended as may be required to be consistent with the provisions of the Plan and the Bankruptcy Code or as otherwise required by, and in a form reasonably acceptable to, the Debtors. On or as soon as reasonably practicable after confirmation of the Plan, the reorganized Debtors shall file a new certificate of organization with the Nevada secretary of state, as required by section 1123(a)(6) of the Bankruptcy Code.

6.08    <u>Effectuating Documents; Further Transactions</u>. The Debtors may take all actions to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

6.09    <u>Exemption from Certain Transfer Taxes</u>. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and the confirmation order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

6.10    <u>Revocation of Plan</u>. The Debtors reserve the right to revoke or withdraw the Plan prior to the confirmation hearing and to file subsequent Chapter 11 plans. If the Debtors revoke or

withdraw the Plan, or if confirmation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Court; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against, the Debtors or any other entity; (b) prejudice in any manner the rights of the Debtors or any other entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtors or any other entity.

6.11    Successors and Assigns.   The rights, benefits and obligations of any entity named or referred to herein shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

6.12    Reservation of Rights.   Except as expressly set forth herein, the Plan shall have no force or effect until the Court enters the confirmation order.   Neither the filing of the Plan, any statement or provision contained in the Disclosure Statement, nor the taking of any action by a Debtors or any other entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) any Debtors with respect to the holders of claims or other entity; or (2) any holder of a Claim or other entity prior to the effective date of the Plan. The Debtors expressly reserve all rights to pursue any claims they may hold against their mortgage lenders or against any other entity prior to or after the effective date of the Plan.

6.13    Further Assurances.   The Debtors or the reorganized Debtors, as applicable, all holders of Claims receiving distributions under the Plan and all other entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the confirmation order.

6.14    Severability.   If, prior to confirmation of the Plan, any term or provision of the Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted, _provided_ that any such alteration or interpretation must be in form and substance reasonably acceptable to the Debtors, and, to the extent such alteration or interpretation affects the rights or treatment of holders of unsecured claims, such claim holder.

6.15    Return of Security Deposits.   Unless the Debtors agree otherwise in a written agreement or stipulation approved by the Court, all security deposits provided by the Debtors to any person or entity at any time after the petition date shall be returned to the Debtors within twenty (20) days after the date of confirmation, without deduction or offset of any kind.

6.16    Filing of Additional Documents.   On or before the Effective Date, the Debtors may file with the Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

6.17 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

ARTICLE VII
DISCHARGE

**7.01 Discharge.** Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments to unsecured creditors under this Plan, if the Debtors elect to make such payments, which is 5 years or 20 quarterly payments, or as otherwise provided in § 1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Dated:   November 23, 2010

Respectfully submitted,

MELANI SCHULTE

/s/ Melani Schulte

WILLIAM R. SCHULTE

/s/ William R. Schulte

# EXHIBIT 1

**Exhibit 1**

**Residential Property Owned by Melani and William R. Schulte_____**.

9500 Aspen Glow Drive
Las Vegas, Nevada 89134
Value:                                    $142,500.00

2460 Avenida Cortes
Henderson, Nevada 89074
Value:                                    $123,000.00

4710 Brently Place
Las Vegas, Nevada 89122
Value:                                    $109,105.70

7873 Bridgefield Lane
Las Vegas, Nevada 89147
Value:                                    $126,000.00

3322 Cheltenham Street
Las Vegas, Nevada 89129
Value:                                    $99,806.60

3383 Cloverdale Court
Las Vegas, Nevada 89117
Value:                                    $168,856.34

1624 Desert Canyon Court
Las Vegas, Nevada 89128
Value:                                    $168,000.00

3729 Discovery Creek Avenue
North Las Vegas, Nevada 89031
Value:                                    $125,446.93

1392 Echo Falls Avenue
Las Vegas, Nevada 89183
Value:                                    $132,000.00

1701 Empire Mine Drive
Henderson, Nevada 89014
Value:                                    $80,000.00

9020 Feather River Court
Las Vegas, Nevada 89117
Value:                                        $135,000.00

1013 Golden Hawk Way
Las Vegas, Nevada 89108
Value:                                        $94,000.00

4521 W. La Madre Way
Las Vegas, Nevada 89031
Value:                                        $100,000.00

8562 Lambert Drive
Las Vegas, Nevada 89147
Value:                                        $148,000.00

276 Manzanita Ranch Lane
Henderson, Nevada 89012
Value:                                        $162,000.00

2861 Marathon Drive
Henderson, Nevada 89074
Value:                                        $125,000.00

5218 Misty Morning Drive
Las Vegas, Nevada 89118
Value:                                        $138,000.00

10317 Neopolitan Place
Las Vegas, Nevada 89144
Value:                                        $140,000.00

956 Ostrich Fern Court
Las Vegas, Nevada 89183
Value:                                        $152,440.29

8216 Peaceful Canyon Drive
Las Vegas, Nevada 89128
Value:                                        $143,000.00

6091 Pumpkin Patch Avenue
Las Vegas, Nevada 89142
Value:                                        $108,307.50

5709 Ridgetree Avenue
Las Vegas, Nevada 89107
Value:                                      $57,963.85

5524 Rock Creek Lane
Las Vegas, Nevada 89130
Value:                                      $100,000.00

922 Saddle Horn Drive
Henderson, Nevada 89002
Value:                                      $114,000.00

5609 San Ardo Place
Las Vegas, Nevada 89130
Value:                                      $115,000.00

2704 Sattley Circle
Las Vegas, Nevada 89117
Value:                                      $210,000.00

9521 Sierra Summit Avenue
Las Vegas, Nevada 89134
Value:                                      $135,000.00

1528 Splinter Rock Way
Las Vegas, Nevada 89031
Value:                                      $112,000.00

1194 Stormy Valley Road
Las Vegas, Nevada 89123
Value:                                      $127,000.00

2290 Surrey Meadows Avenue
Las Vegas, Nevada 89130
Value:                                      $195,000.00

2614 Sweet Leilani Avenue
North Las Vegas, Nevada 89131
Value:                                      $130,720.99

2525 Via Di Autostrada
Henderson, Nevada 89074
Value:                                      $125,000.00

509 Canyon Greens
Las Vegas, Nevada 89144

Value: _____ $807,141.58

**Total Appraised Value:** _____ **$4,949,289.78**

# EXHIBIT 2

**EXHIBIT 2**

Melani Schulte and William R. Schulte Leases and Executory Contracts to be Assumed Pursuant to the Plan

Residential Lease Agreements

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Luther and Rita Cobbs for the rental of:
9500 Aspen Glow Drive
Las Vegas, Nevada 89134

Standard Residential Lease Agreement dated June 27, 2008 between the Debtors and Shireen McGrath for the rental of:
2460 Avenida Cortes
Henderson, Nevada 89074

Standard Residential Lease Agreement dated February 18, 2005 between the Debtors and Evelyn and Richard Deschamps for the rental of:
4710 Brently Place
Las Vegas, Nevada 89122

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Antonio & Linda Reina for the rental of:
7873 Bridgefield Lane
Las Vegas, Nevada 89147

Standard Residential Lease Agreement dated May 27, 2008 between the Debtors and William Hallman for the rental of:
3322 Cheltenham Street
Las Vegas, Nevada 89129

Standard Residential Lease Agreement dated March 7, 2010 between the Debtors and Nikheel Arnold Prasad for the rental of:
3383 Cloverdale Court
Las Vegas, Nevada 89117

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Ryan Mack & Lorraine Acevedo for the rental of:
1624 Desert Canyon Court
Las Vegas, Nevada 89128

Standard Residential Lease Agreement dated June 27, 2005 between the Debtors and Tyler Taylor for the rental of:
3729 Discovery Creek Avenue
North Las Vegas, Nevada 89031

Standard Residential Lease Agreement dated June 12, 2004 between the Debtors and Shaun Powell, Nicholas Hurd and Chad Jordan for the rental of:
1392 Echo Falls Avenue
Las Vegas, Nevada 89183

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Roly Agreda for the rental of:
1701 Empire Mine Drive
Henderson, Nevada 89014

Standard Residential Lease Agreement dated June 17, 2007 between the Debtors and James and Judy Craig for the rental of:
9020 Feather River Court
Las Vegas, Nevada 89117

Standard Residential Lease Agreement dated December 1, 2010 between the Debtors and Arni Flenoy for the rental of:
1013 Golden Hawk Way
Las Vegas, Nevada 89108

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Linda Marrone for the rental of:
4521 W. La Madre Way
Las Vegas, Nevada 89031

Standard Residential Lease Agreement dated March 19, 2009 between the Debtors and Be Ngoc Dong and Tran Kim for the rental of:
8562 Lambert Drive
Las Vegas, Nevada 89147

Standard Residential Lease Agreement dated March 27, 2010 between the Debtors and Xeomara Ramos for the rental of:
276 Manzanita Ranch Lane
Henderson, Nevada 89012

Standard Residential Lease Agreement dated March 17, 2007 between the Debtors and Benjamin Tranquillo and Nicole Carpenter for the rental of:
2861 Marathon Drive
Henderson, Nevada 89074

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Earl Humphrey for the rental of:
5218 Misty Morning Drive
Las Vegas, Nevada 89118

Standard Residential Lease Agreement dated May 14, 2010 between the Debtors and Rosemary Karnay and Daniel Shaefer for the rental of:
10317 Neopolitan Place
Las Vegas, Nevada 89144

Standard Residential Lease Agreement dated September 1, 2007 between the Debtors and Clint Fisher for the rental of:
956 Ostrich Fern Court
Las Vegas, Nevada 89183

Standard Residential Lease Agreement dated April 30, 2001 between the Debtors and James Earl and Lisa Hammond for the rental of:
8216 Peaceful Canyon Drive
Las Vegas, Nevada 89128

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Darrin and Jody Miller for the rental of:
6091 Pumpkin Patch Avenue
Las Vegas, Nevada 89142

Standard Residential Lease Agreement dated February 1, 2010 between the Debtors and Donald and Bonnie Lee for the rental of:
5709 Ridgetree Avenue
Las Vegas, Nevada 89107

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Charles Gallo for the rental of:
5524 Rock Creek Lane
Las Vegas, Nevada 89130

Standard Residential Lease Agreement dated October 1, 2009 between the Debtors and Richard and Mary Gordon for the rental of:
922 Saddle Horn Drive
Henderson, Nevada 89002

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and J. Richard Stull for the rental of:
5609 San Ardo Place
Las Vegas, Nevada 89130

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Devin Marrin for the rental of:
2704 Sattley Circle
Las Vegas, Nevada 89117

Standard Residential Lease Agreement dated August 27, 2009 between the Debtors and Lyla and Phillip Dwyer for the rental of:
9521 Sierra Summit Avenue
Las Vegas, Nevada 89134

Standard Residential Lease Agreement dated April 27, 2010 between the Debtors and Karen Yos for the rental of:
1528 Splinter Rock Way
Las Vegas, Nevada 89031

Standard Residential Lease Agreement dated July 27, 2009 between the Debtors and Donna Hanna and Kenneth Wade for the rental of:
1194 Stormy Valley Road
Las Vegas, Nevada 89123

Standard Residential Lease Agreement dated April 27, 2007 between the Debtors and William Lundy and Theresa Orden for the rental of:
2290 Surrey Meadows Avenue
Las Vegas, Nevada 89130

Standard Residential Lease Agreement dated January 4, 2007 between the Debtors and Tyler Taylor for the rental of:
2614 Sweet Leilani Avenue
North Las Vegas, Nevada 89131

Standard Residential Lease Agreement dated June 1, 2010 between the Debtors and Brian Hobbs for the rental of:
2525 Via Di Autostrada
Henderson, Nevada 89074


**Residential Mortgages**

Residential Mortgage by and between the Debtors and America's Servicing Company for the purchase of:
509 Canyon Greens
Las Vegas, Nevada 89144
Cure Amount:                          $ 0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
9500 Aspen Glow Drive
Las Vegas, Nevada 89134
Cure Amount:                          $0.00

Residential Mortgage by and between Debtors and Chase Home Finance for the purchase of:
2460 Avenida Cortes
Henderson, Nevada 89074
Cure Amount:                                  $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Loans for the purchase of:
4710 Brently Place
Las Vegas, Nevada 89122
Cure Amount:                                  $0.00

Residential Mortgage by and between the Debtors and Chase Home Finance for the purchase of:
7873 Bridgefield Lane
Las Vegas, Nevada 89147
Cure Amount:                                  $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
3322 Cheltenham Street
Las Vegas, Nevada 89129
Cure Amount:                                  $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
3383 Cloverdale Court
Las Vegas, Nevada 89117
Cure Amount:                                  $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
1624 Desert Canyon Court
Las Vegas, Nevada 89128
Cure Amount:                                  $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
3729 Discovery Creek Avenue
North Las Vegas, Nevada 89031
Cure Amount:                                  $0.00

Residential Mortgage by and between the Debtors and Litton Loan Servicing for the purchase of:
1392 Echo Falls Avenue
Las Vegas, Nevada 89183
Cure Amount:                                  $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
1701 Empire Mine Drive
Henderson, Nevada 89014
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Chase Home Finance for the purchase of:
9020 Feather River Court
Las Vegas, Nevada 89117
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
1013 Golden Hawk Way
Las Vegas, Nevada 89108
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
4521 W. La Madre Way
Las Vegas, Nevada 89031
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
8562 Lambert Drive
Las Vegas, Nevada 89147
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
276 Manzanita Ranch Lane
Henderson, Nevada 89012
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
2861 Marathon Drive
Henderson, Nevada 89074
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Fifth Third Bank for the purchase of:
5218 Misty Morning Drive
Las Vegas, Nevada 89118
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
10317 Neopolitan Place
Las Vegas, Nevada 89144
Cure Amount:                          $0.00

Residential Mortgage by and between the Debtors and Litton Loan for the purchase of:
956 Ostrich Fern Court
Las Vegas, Nevada 89183
Cure Amount:                    $0.00

Residential Mortgage by and between the Debtors and Chase Home Finance for the purchase of:
8216 Peaceful Canyon Drive
Las Vegas, Nevada 89128
Cure Amount:                    $0.00

Residential Mortgage by and between the Debtors and Chase Manhattan Mortgage for the purchase of:
6091 Pumpkin Patch Avenue
Las Vegas, Nevada 89142
Cure Amount:                    $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:
5709 Ridgetree Avenue
Las Vegas, Nevada 89107
Cure Amount:                    $0.00

Residential Mortgage by and between the Debtors and Fidelity Bank for the purchase of:
5524 Rock Creek Lane
Las Vegas, Nevada 89130
Cure Amount:                    $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
922 Saddle Horn Drive
Henderson, Nevada 89002
Cure Amount:                    $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:
5609 San Ardo Place
Las Vegas, Nevada 89130
Cure Amount:                    $0.00

Residential Mortgage by and between the Debtors and Mel Elizer and Maxine Llewellyn for the purchase of:
2704 Sattley Circle
Las Vegas, Nevada 89117
Cure Amount:                    $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:

9521 Sierra Summit Avenue

Las Vegas, Nevada 89134

Cure Amount:                                    $0.00

Residential Mortgage by and between the Debtors and Wells Fargo Home Mortgage for the purchase of:

1528 Splinter Rock Way

Las Vegas, Nevada 89031

Cure Amount:                                    $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:

1194 Stormy Valley Road

Las Vegas, Nevada 89123

Cure Amount:                                    $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:

2290 Surrey Meadows Avenue

Las Vegas, Nevada 89130

Cure Amount:                                    $0.00

Residential Mortgage by and between the Debtors and Countrywide Home Lending for the purchase of:

2614 Sweet Leilani Avenue

North Las Vegas, Nevada 89131

Cure Amount:                                    $0.00

Residential Mortgage by and between the Debtors and CitiMortgage for the purchase of:

2525 Via Di Autostrada

Henderson, Nevada 89074

Cure Amount:                                    $0.00

EXHIBIT 2



Return Mail Operations
PO Box 14411
Des Moines, IA 50306-3411

### Monthly Mortgage Statement

| | |
|---|---|
| Statement Date | 03/18/11 |
| Loan Number | 3464851 |
| Property Address | |
| 1528 SPLINTER ROCK WAY | |
| NORTH LAS VEGAS NV 89031 | |

## For Informational Purposes

### Customer Service

**Online**
wellsfargo.com/ym

**Fax**
(866) 278-1179

**Telephone**
(800) 274-7025

**Correspondence**
PO Box 10335
Des Moines IA 50306

**Hours of Operation**
Mon - Fri. 8 AM - 5 PM CT

**Payments**
PO Box 6417
Carol Stream IL 60197

**TTY Deaf/Hard of Hearing**
(800) 934-9998

1AT        2037/016227/002381 061 02 AGNU1C 472

WILLIAM R SCHULTE
MELANI SCHULTE
7201 W LAKE MEAD BLVD STE 550
LAS VEGAS NV  89128-8364

### Important Messages

This statement is for informational purposes only. Our records indicate that your loan is subject to bankruptcy. The attached coupon reflects the calendar due date, not the contractual due date of the bankruptcy case. If you have any questions regarding your loan, please contact your bankruptcy attorney or our office.

### Summary

| | | | | |
|---|---|---|---|---|
| Payment (Principal and/or Interest, Escrow) | $1,151.63 | **Unpaid Principal Balance** | | $105,942.62 |
| Optional Product(s) | $0.00 | (Contact Customer Service for your payoff amount) | | |
| **Current Monthly Payment 04/01/11** | **$1,151.63** | Interest Rate | | 7.500% |
| | | Interest Paid Year-to-Date | | $0.00 |
| Overdue Payments 07/01/09 - 03/01/11 | $24,388.39 | Taxes Paid Year-to-Date | | $364.47 |
| Unpaid Late Charge(s) | $1,070.38 | Escrow Balance | | $3,356.87- |
| Other Charges | $45.00 | | | |
| **TOTAL PAYMENT  04/01/11** | **$26,655.40** | | | |

### Activity Since Your Last Statement

This statement is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make your loan payments. This statement should not be construed as an attempt to collect a debt or a demand for payment contrary to any protections you may have received pursuant to your bankruptcy case.

If you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, we will only exercise our rights as against the property and we are not attempting any act to collect the discharged debt from you personally.

If your Plan requires you to make regular post-petition mortgage payments directly to the Bankruptcy Trustee, and you chose to maintain your mortgage payment, any payment should be remitted to the Trustee or otherwise in accordance with the Plan you filed with the Bankruptcy court.

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 03/16 | LATE FEE | | | | $46.07- | |
| 03/14 | PAYMENT | $568.72 | | | UNAPPLIED | $568.72 |
| 02/24 | COUNTY TAX PMT | $364.47- | | | $364.47- CLARK COUNTY | |

*Continued on the next page*

016227/002381 AGNU1C 2037 ETM3C003  1

---



| | | | |
|---|---|---|---|
| **Loan Number** | 3464851 | Monthly Payment A | $ |
| **Total Payment** | $26,655.40 | x pmt amt | |
| | | Additional B Principal | $ |
| *Check here and see reverse for address correction.* | WILLIAM R SCHULTE MELANI SCHULTE 2037/016227/002381 061 02 AGNU1C 472 | Late C Charges | $ |

Please specify additional funds. Any additional funds not specified will be applied first to any outstanding charges.

| | |
|---|---|
| Other D Charges | $ |

WELLS FARGO HOME MORTGAGE
PO BOX 6417
CAROL STREAM IL 60197-6417

| | |
|---|---|
| Additional E Escrow | $ |
| Total Amount Enclosed F (Please do not send cash) | $ |



472 0003464851 2 07050115163011977026655402554002 0000000006332542463 6



Return Mail Operations
PO Box 14411
Des Moines, IA 50306-3411

## For Informational Purposes

1AT    4881/022435/006985 082 01 AGNVFB 472

WILLIAM R SCHULTE
MELANI SCHULTE
7201 W LAKE MEAD BLVD STE 550
LAS VEGAS NV 89128-8364

RECEIVED APR 2017

### Monthly Mortgage Statement

Statement Date    04/15/11
Loan Number    3464851
Property Address
    1528 SPLINTER ROCK WAY
    NORTH LAS VEGAS NV 89031

#### Customer Service    Online
    wellsfargo.com/ym

Fax    Telephone
(866) 274-1179    (800) 274-7025
Correspondence    Hours of Operation
PO Box 10335    Mon - Fri, 8 AM - 5 PM CT
Des Moines IA 50306

Payments    TTY Deaf/Hard of Hearing
PO Box 6417    (800) 934-9998
Carol Stream IL 60197

### Important Messages

**DISASTER PREPARATION**
Our disaster assistance line is here
to help if you are ever affected by a
disaster such as a fire, flood, or storm.
If needed, please contact a customer service
representative at the number above.

This statement is for informational purposes
only. Our records indicate that your loan is
subject to bankruptcy. The attached coupon
reflects the calendar due date, not the
contractual due date of the bankruptcy case. If
you have any questions regarding your loan,
please contact your bankruptcy attorney or our
office.

### Summary

| | | |
|---|---|---|
| Payment (Principal and/or Interest, Escrow) | $1,151.63 | |
| Optional Product(s) | $0.00 | |
| **Current Monthly Payment 05/01/11** | **$1,151.63** | |
| Overdue Payments 08/01/09 - 04/01/11 | $24,362.82 | |
| Unpaid Late Charge(s) | $1,070.38 | |
| Other Charges | $45.00 | |
| **TOTAL PAYMENT  05/01/11** | **$26,629.83** | |

Unpaid Principal Balance    $105,677.60
*(Contact Customer Service for your payoff amount)*
Interest Rate    7.500%
Interest Paid Year-to-Date    $662.14
Taxes Paid Year-to-Date    $364.47
Escrow Balance    $3,123.91-

### Activity Since Your Last Statement

This statement is for informational purposes only and is being provided as a courtesy should you voluntarily
decide to make your loan payments. This statement should not be construed as an attempt to collect a debt or
a demand for payment contrary to any protections you may have received pursuant to your bankruptcy case.

If you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, we will only
exercise our rights as against the property and we are not attempting any act to collect the discharged debt
from you personally.

If your Plan requires you to make regular post-petition mortgage payments directly to the Bankruptcy Trustee,
and you chose to maintain your mortgage payment, any payment should be remitted to the Trustee or
otherwise in accordance with the Plan you filed with the Bankruptcy court.

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 04/15 | PAYMENT | | $265.02 | $662.14 | $232.96 | $1,160.12- |
| 04/14 | PAYMENT | $568.72 | | | UNAPPLIED | $568.72 |

022435/006985 AGNVFB 4881 E1M1C004  1



| Loan Number | 3464851 | | Monthly Payment | A | $ | • |
| Total Payment | $26,629.83 | | x pmt amt | | | |

*Check here and see
reverse for address
correction.*

WILLIAM R SCHULTE
MELANI SCHULTE
4881/022435/006985 082 01 AGNVFB 472

WELLS FARGO HOME MORTGAGE
PO BOX 6417
CAROL STREAM IL 60197-6417

Please specify
additional funds.
Any additional
funds not
specified will be
applied first to
any outstanding
charges.

| Additional Principal | B | $ | • |
| Late Charges | C | $ | • |
| Other Charges | D | $ | • |
| Additional Escrow | E | $ | • |
| Total Amount Enclosed | F | $ | • |
(Please do not send cash)



472 0003464851 2 07250115163011977026629832551445 00000000647918173b 8



Return Mail Operations
PO Box 14411
Des Moines, IA 50306-3411

## For Informational Purposes



RECEIVED APR 2 7 2011

ᵐᵢₗₗᵢᵢₗᵢₗᵢᵢₗᵢᵢₗᵢ

1AT        3696/017405/004201 068 01 AGNVNG 472

WILLIAM R SCHULTE
MELANI SCHULTE
7201 W LAKE MEAD BLVD STE 550
LAS VEGAS NV 89128-8364

### Monthly Mortgage Statement

| | |
|---|---|
| Statement Date | 04/20/11 |
| Loan Number | 3464851 |
| Property Address | |
| 1528 SPLINTER ROCK WAY | |
| NORTH LAS VEGAS NV 89031 | |

**Customer Service**

Online
wellsfargo.com/ym

Fax
(866) 278-1179

Telephone
(800) 274-7025

Correspondence
PO Box 10335
Des Moines IA 50306

Hours of Operation
Mon - Fri, 8 AM - 5 PM CT

Payments
PO Box 6417
Carol Stream IL 60197

TTY Deaf/Hard of Hearing
(800) 934-9998

### Important Messages

This statement is for informational purposes only. Our records indicate that your loan is subject to bankruptcy. The attached coupon reflects the calendar due date, not the contractual due date of the bankruptcy case. If you have any questions regarding your loan, please contact your bankruptcy attorney or our office.

### Summary

| | |
|---|---|
| Payment (Principal and/or Interest, Escrow) | $1,151.63 |
| Optional Product(s) | $0.00 |
| **Current Monthly Payment 05/01/11** | **$1,151.63** |
| Overdue Payments 08/01/09 - 04/01/11 | $24,362.82 |
| Unpaid Late Charge(s) | $1,116.45 |
| Other Charges | $45.00 |
| **TOTAL PAYMENT 05/01/11** | **$26,675.90** |

| | |
|---|---|
| Unpaid Principal Balance | $105,677.60 |
| (Contact Customer Service for your payoff amount) | |
| Interest Rate | 7.500% |
| Interest Paid Year-to-Date | $662.14 |
| Taxes Paid Year-to-Date | $364.47 |
| Escrow Balance | $3,123.91- |

### Activity Since Your Last Statement

This statement is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make your loan payments. This statement should not be construed as an attempt to collect a debt or a demand for payment contrary to any protections you may have received pursuant to your bankruptcy case.

If you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, we will only exercise our rights as against the property and we are not attempting any act to collect the discharged debt from you personally.

If your Plan requires you to make regular post-petition mortgage payments directly to the Bankruptcy Trustee, and you chose to maintain your mortgage payment, any payment should be remitted to the Trustee or otherwise in accordance with the Plan you filed with the Bankruptcy court.

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 04/18 | LATE FEE | | | | $46.07- | |

Late charges are assessed after the close of business on the assessment date and only after all payments received have been applied.

017405/004201 AGNVNG 3696 ETM1C003  1



| | | |
|---|---|---|
| Loan Number | 3464851 | |
| Total Payment | $26,675.90 | |

| | | |
|---|---|---|
| Monthly Payment | A | $ |
| x pmt amt | | |

Check here and see reverse for address correction.

WILLIAM R SCHULTE
MELANI SCHULTE
3696/017405/004201 068 01 AGNVNG 472

| | | |
|---|---|---|
| Additional Principal | B | $ |

Please specify additional funds. Any additional funds not specified will be applied first to any outstanding charges

| | | |
|---|---|---|
| Late Charges | C | $ |
| Other Charges | D | $ |

ᵢₗᵢₗᵢₗᵢᵢₗᵢₗᵢₗᵢᵢₗᵢ

WELLS FARGO HOME MORTGAGE
PO BOX 6417
CAROL STREAM IL 60197-6417

| | | |
|---|---|---|
| Additional Escrow | E | $ |



| | | |
|---|---|---|
| Total Amount Enclosed | F | $ |
| (Please do not send cash) | | |



472 0003464851 2 070501151630119770266759025514450 0000000065065120440

Page 1 of 2



Return Mail Operations
PO Box 14411
Des Moines, IA 50306-3411

## For Informational Purposes

‖‖ııⁿ‖ıⁿ‖‖‖ıⁿ‖ıⁿ‖‖ıⁿ‖‖ıⁿ‖‖ıⁿ‖‖ıⁿ‖‖ıⁿ‖‖ı

1AT    3271/017147/003732 065 02 AGNWX7 472

WILLIAM R SCHULTE
MELANI SCHULTE
7201 W LAKE MEAD BLVD STE 550
LAS VEGAS NV 89128-8364

### Monthly Mortgage Statement

| | |
|---|---|
| Statement Date | 05/18/11 |
| Loan Number | 3464851 |
| Property Address | |
| 1528 SPLINTER ROCK WAY | |
| NORTH LAS VEGAS NV 89031 | |

### Customer Service

**Online**
wellsfargo.com/ym

**Fax**
(866) 278-1179

**Telephone**
(800) 274-7025

**Correspondence**
PO Box 10335
Des Moines IA 50306

**Hours of Operation**
Mon - Fri, 8 AM - 5 PM CT

**Payments**
PO Box 6417
Carol Stream IL 60197

**TTY Deaf/Hard of Hearing**
(800) 934-9998

### Important Messages

This statement is for informational purposes only. Our records indicate that your loan is subject to bankruptcy. The attached coupon reflects the calendar due date, not the contractual due date of the bankruptcy case. If you have any questions regarding your loan, please contact your bankruptcy attorney or our office.

### Summary

| | | | |
|---|---|---|---|
| Payment (Principal and/or Interest, Escrow) | $1,151.63 | Unpaid Principal Balance | $105,677.60 |
| Optional Product(s) | $0.00 | *(Contact Customer Service for your payoff amount)* | |
| **Current Monthly Payment 06/01/11** | **$1,151.63** | Interest Rate | 7.500% |
| | | Interest Paid Year-to-Date | $662.14 |
| Overdue Payments 08/01/09 - 05/01/11 | $25,514.45 | Taxes Paid Year-to-Date | $364.47 |
| Unpaid Late Charge(s) | $1,162.52 | Escrow Balance | $3,123.91- |
| Other Charges | $45.00 | | |
| **TOTAL PAYMENT 06/01/11** | **$27,873.60** | | |

### Activity Since Your Last Statement

This statement is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make your loan payments. This statement should not be construed as an attempt to collect a debt or a demand for payment contrary to any protections you may have received pursuant to your bankruptcy case.

If you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, we will only exercise our rights as against the property and we are not attempting any act to collect the discharged debt from you personally.

If your Plan requires you to make regular post-petition mortgage payments directly to the Bankruptcy Trustee, and you chose to maintain your mortgage payment, any payment should be remitted to the Trustee or otherwise in accordance with the Plan you filed with the Bankruptcy court.

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 05/16 | LATE FEE | | | | $46.07- | |
| 05/10 | PAYMENT | $568.72 | | | UNAPPLIED | $568.72 |

*Continued on the next page*

MAY 28 2011 PM 2:55

017147/003732 AGNWX7 3271 ETM1C003 1

---



| | | |
|---|---|---|
| Loan Number | **3464851** | |
| Total Payment | **$27,873.60** | |

*Check here and see reverse for address correction.*

WILLIAM R SCHULTE
MELANI SCHULTE
3271/017147/003732 065 02 AGNWX7 472

‖ıⁿ‖‖ıⁿ‖‖ıⁿⁿ‖‖ıⁿ‖‖‖‖‖ıⁿ‖‖ıⁿⁿ‖ıⁿⁿ‖‖ıⁿ‖ıⁿ‖‖ıⁿ

WELLS FARGO HOME MORTGAGE
PO BOX 6417
CAROL STREAM IL 60197-6417

| | | |
|---|---|---|
| Monthly Payment x pmt amt | A | $ |
| Additional Principal | B | $ |
| Late Charges | C | $ |
| Other Charges | D | $ |
| Additional Escrow | E | $ |
| Total Amount Enclosed (Please do not send cash) | F | $ |

Please specify additional funds. Any additional funds not specified will be applied first to any outstanding charges.

472  0003464851 2 0705011516301197702787360266660B 0000000066415046591 2



Return Mail Operations
PO Box 14411
Des Moines, IA  50306-3411

## For Informational Purposes

**Monthly Mortgage Statement**

| | |
|---|---|
| Statement Date | 06/13/11 |
| Loan Number | 3464851 |
| Property Address | |
| 1528 SPLINTER ROCK WAY | |
| NORTH LAS VEGAS NV 89031 | |

### Customer Service

Online
wellsfargo.com/ym

Fax
(866) 278-1179

Telephone
(800) 274-7025

Correspondence
PO Box 10335
Des Moines IA 50306

Hours of Operation
Mon - Fri, 8 AM - 5 PM CT

Payments
PO Box 6417
Carol Stream IL 60197

TTY Deaf/Hard of Hearing
(800) 934-9998

1AT        3972/003972/004276 014 01 AGNYAS 472

WILLIAM R SCHULTE
MELANI SCHULTE
7201 W LAKE MEAD BLVD STE 550
LAS VEGAS NV  89128-8364

### Important Messages

This statement is for informational purposes only. Our records indicate that your loan is subject to bankruptcy. The attached coupon reflects the calendar due date, not the contractual due date of the bankruptcy case. If you have any questions regarding your loan, please contact your bankruptcy attorney or our office.

### Summary

| | | | |
|---|---|---|---|
| Payment (Principal and/or Interest, Escrow) | $1,151.63 | Unpaid Principal Balance | $105,410.93 |
| Optional Product(s) | $0.00 | Unpaid Advance Balance | $2,515.58 |
| **Current Monthly Payment 07/01/11** | **$1,151.63** | *(Contact Customer Service for your payoff amount)* | |
| | | Interest Rate | 7.500% |
| Overdue Payments 09/01/09 - 06/01/11 | $25,488.88 | Interest Paid Year-to-Date | $1,322.63 |
| Unpaid Late Charge(s) | $1,162.52 | Taxes Paid Year-to-Date | $364.47 |
| Other Charges | $45.00 | Escrow Balance | $2,890.95- |
| **TOTAL PAYMENT 07/01/11** | **$27,848.03** | | |

### Activity Since Your Last Statement

This statement is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make your loan payments. This statement should not be construed as an attempt to collect a debt or a demand for payment contrary to any protections you may have received pursuant to your bankruptcy case.

If you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, we will only exercise our rights as against the property and we are not attempting any act to collect the discharged debt from you personally.

If your Plan requires you to make regular post-petition mortgage payments directly to the Bankruptcy Trustee, and you chose to maintain your mortgage payment, any payment should be remitted to the Trustee or otherwise in accordance with the Plan you filed with the Bankruptcy court.

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 06/13 | Payment | | $266.67 | $660.49 | $232.96 | $1,160.12- Unapplied |
| 06/10 | Funds received | $568.72 | | | | $568.72 Unapplied |
| 05/26 | Advance | $20.00- | | | | Property inspection |

JUN 20 2011 PM 2:38

003972/004276 AGNYAS 3972 ETM1C001  1

---

| | | | | |
|---|---|---|---|---|
| Loan Number | **3464851** | Monthly Payment | A | $ |
| Total Payment | **$27,848.03** | x pmt amt | | |

*Check here and see reverse for address correction.*

| | | |
|---|---|---|
| | Additional Principal | B | $ |

WILLIAM R SCHULTE
MELANI SCHULTE
3972/003972/004276 014 01 AGNYAS 472

| | | |
|---|---|---|
| Late Charges | C | $ |

Please specify additional funds. Any additional funds not specified will be applied first to any outstanding charges.

| | | |
|---|---|---|
| Other Charges | D | $ |

WELLS FARGO HOME MORTGAGE
PO BOX 6417
CAROL STREAM IL 60197-6417

| | | |
|---|---|---|
| Additional Escrow | E | $ |

| | | |
|---|---|---|
| Total Amount Enclosed | F | $ |
| (Please do not send cash) | | |

472  0003464851 2 0725011516301197702784803266405l 00000000676459265b 8



Return Mail Operations
PO Box 14411
Des Moines, IA 50306-3411

## For Informational Purposes

1AT        4382/017554/005272 066 01 AGNYKA 472

WILLIAM R SCHULTE
MELANI SCHULTE
7201 W LAKE MEAD BLVD STE 550
LAS VEGAS NV 89128-8364

### Monthly Mortgage Statement

| | |
|---|---|
| Statement Date | 06/20/11 |
| Loan Number | 3464851 |

**Property Address**
1528 SPLINTER ROCK WAY
NORTH LAS VEGAS NV 89031

### Customer Service

**Online**
wellsfargo.com/ym

**Fax**
(866) 278-1179

**Telephone**
(800) 274-7025

**Hours of Operation**
Mon – Fri, 8 AM – 5 PM CT

**Correspondence**
PO Box 10335
Des Moines IA 50306

**Payments**
PO Box 6417
Carol Stream IL 60197

**TTY Deaf/Hard of Hearing**
(800) 934-9998

### Important Messages

This statement is for informational purposes only. Our records indicate that your loan is subject to bankruptcy. The attached coupon reflects the calendar due date of the bankruptcy case. If you have any questions regarding your loan, please contact your bankruptcy attorney or our office.

### Summary

| | | | | |
|---|---|---|---|---|
| Payment (Principal and/or Interest, Escrow) | $1,151.63 | Unpaid Principal Balance | $105,410.93 | |
| Optional Product(s) | $0.00 | Unpaid Advance Balance | $2,515.58 | |
| **Current Monthly Payment 07/01/11** | **$1,151.63** | (Contact Customer Service for your payoff amount) | | |
| | | Interest Rate | 7.500% | |
| Overdue Payments 09/01/09 - 06/01/11 | $25,488.88 | Interest Paid Year-to-Date | $1,322.63 | |
| Unpaid Late Charge(s) | $1,208.59 | Taxes Paid Year-to-Date | $364.47 | |
| Other Charges | $45.00 | Escrow Balance | $2,890.95- | |
| **TOTAL PAYMENT  07/01/11** | **$27,894.10** | | | |

### Activity Since Your Last Statement

This statement is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make your loan payments. This statement should not be construed as an attempt to collect a debt or a demand for payment contrary to any protections you may have received pursuant to your bankruptcy case.

If you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, we will only exercise our rights as against the property and we are not attempting any act to collect the discharged debt from you personally.

If your Plan requires you to make regular post-petition mortgage payments directly to the Bankruptcy Trustee, and you chose to maintain your mortgage payment, any payment must be remitted to the Trustee or otherwise in accordance with the Plan you filed with the Bankruptcy court.

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 06/16 | Late fee assessed | | | | | $46.07- |

Late charges are assessed after the close of business on the assessment date and only after all payments received have been applied.

017554/005272 AGNYKA 4382 ETM1C003  1

---



| | | |
|---|---|---|
| **Loan Number** | 3464851 | |
| **Total Payment** | $27,894.10 | |

Check here and see reverse for address correction.

WILLIAM R SCHULTE
MELANI SCHULTE
4382/017554/005272 066 01 AGNYKA 472

WELLS FARGO HOME MORTGAGE
PO BOX 6417
CAROL STREAM IL 60197-6417

Please specify additional funds. Any additional funds not specified will be applied first to any outstanding charges

| | | |
|---|---|---|
| Monthly Payment | A | $ |
| x pmt amt | | |
| Additional Principal | B | $ |
| Late Charges | C | $ |
| Other Charges | D | $ |
| Additional Escrow | E | $ |
| Total Amount Enclosed | F | $ |
| (Please do not send cash) | | |





472  0003464851 2 0705011516301197702789410266405l 00000000680288403□ 0



Return Mail Operations
PO Box 14411
Des Moines, IA 50306-3411

## Monthly Mortgage Statement

**Statement Date** 07/20/11
**Loan Number** 3464851
**Property Address**
1528 SPLINTER ROCK WAY
NORTH LAS VEGAS NV 89031

## For Informational Purposes

**Customer Service**      💻 **Online**
wellsfargo.com/ym

📠 **Fax**                    ☎ **Telephone**
(866) 278-1179            (800) 274-7025
**Correspondence**        **Hours of Operation**
PO Box 10335             Mon - Fri, 8 AM - 5 PM CT
Des Moines IA 50306

✉ **Payments**
PO Box 6417              **TTY Deaf/Hard of Hearing**
Carol Stream IL 60197    (800) 934-9998

1AT      5202/018377/006341 066 02 AGNZQF 472

WILLIAM R SCHULTE
MELANI SCHULTE
7201 W LAKE MEAD BLVD STE 550
LAS VEGAS NV 89128-8364

**Important Messages**

This statement is for informational purposes only. Our records indicate that your loan is subject to bankruptcy. The attached coupon reflects the calendar due date, not the contractual due date of the bankruptcy case. If you have any questions regarding your loan, please contact your bankruptcy attorney or our office.

### Summary

| | | | | |
|---|---|---|---|---|
| Payment (Principal and/or Interest, Escrow) | $1,151.63 | **Unpaid Principal Balance** | $105,410.93 | |
| Optional Product(s) | $0.00 | **Unpaid Advance Balance** | $2,535.58 | |
| **Current Monthly Payment  08/01/11** | **$1,151.63** | *(Contact Customer Service for your payoff amount)* | | |
| | | Interest Rate | 7.500% | |
| Overdue Payments 09/01/09 - 07/01/11 | $26,640.51 | Interest Paid Year-to-Date | $1,322.63 | |
| Unpaid Late Charge(s) | $1,254.66 | Taxes Paid Year-to-Date | $364.47 | |
| Other Charges | $45.00 | Escrow Balance | $3,337.95- | |
| **TOTAL PAYMENT  08/01/11** | **$29,091.80** | | | |



### Activity Since Your Last Statement

This statement is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make your loan payments. This statement should not be construed as an attempt to collect a debt or a demand for payment contrary to any protections you may have received pursuant to your bankruptcy case.

If you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, we will only exercise our rights as against the property and we are not attempting any act to collect the discharged debt from you personally.

If your Plan requires you to make regular post-petition mortgage payments directly to the Bankruptcy Trustee, and you chose to maintain your mortgage payment, any payment should be remitted to the Trustee or otherwise in accordance with the Plan you filed with the Bankruptcy court.

| Date | Description | Total | Principal | Interest | Escrow | Other | |
|---|---|---|---|---|---|---|---|
| 07/18 | Funds received | $568.72 | | | | Unapplied $568.72 | |
| 07/18 | Late fee assessed | | | | | $46.07- | |
| 07/01 | Advance | $20.00- | | | | Property inspection | |

*Continued on the next page*

018377/006341 AGNZQF 5202 ETM1C003  1

---



| Loan Number | 3464851 | Monthly Payment | A | $ |
| **Total Payment** | **$29,091.80** | x pmt amt | | |

*Check here and see reverse for address correction.*

WILLIAM R SCHULTE
MELANI SCHULTE
5202/018377/006341 066 02 AGNZQF 472

Additional
Principal                    B   $

Late
Charges                      C   $

Please specify
additional funds.
Any additional
funds not
specified will be
applied first to
any outstanding
charges.

Other
Charges                      D   $

WELLS FARGO HOME MORTGAGE
PO BOX 6417
CAROL STREAM IL 60197-6417

Additional
Escrow                       E   $



Total Amount Enclosed        F   $
(Please do not send cash)

472 0003464851 2 07050115163011977029091802779214 0000000069706024962 3



Return Mail Operations
PO Box 14411
Des Moines, IA 50306-3411

Statement Date          08/11/11
Loan Number             3464851
Property Address
    1528 SPLINTER ROCK WAY
    NORTH LAS VEGAS NV 89031

# For Informational Purposes

**Customer Service**    ⬛ Online
                        wellsfargo.com/ym



📠 Fax                  ☎ Telephone
(866) 278-1179          (800) 274-7025
Correspondence          Hours of Operation
PO Box 10335            Mon – Fri, 8 AM – 5 PM CT
Des Moines IA 50306
✉ Payments
PO Box 6417
Carol Stream IL 60197

We accept telecommunications relay service calls.

1MB      2070/002070/002206 008 02 AGP0TC 472

WILLIAM R SCHULTE
MELANI SCHULTE
7201 W LAKE MEAD BLVD STE 550
LAS VEGAS NV 89128-8364

**Important Messages**

This statement is for informational purposes
only. Our records indicate that your loan is
subject to bankruptcy. The attached coupon
reflects the calendar due date of the
contractual due date of the bankruptcy case. If
you have any questions regarding your loan,
please contact your bankruptcy attorney or our
office.

### Summary

| | | | |
|---|---|---|---|
| Payment (Principal and/or Interest, Escrow) | $1,151.63 | Unpaid Principal Balance | $105,142.59 |
| Optional Product(s) | $0.00 | Unpaid Advance Balance | $2,555.58 |
| **Current Monthly Payment 09/01/11** | **$1,151.63** | (Contact Customer Service for your payoff amount) | |
| | | Interest Rate | 7.500% |
| Overdue Payments 10/01/09 - 08/01/11 | $26,614.94 | Interest Paid Year-to-Date | $1,981.45 |
| Unpaid Late Charge(s) | $1,254.66 | Taxes Paid Year-to-Date | $709.29 |
| Other Charges | $45.00 | Escrow Balance | $3,449.81- |
| **TOTAL PAYMENT 09/01/11** | **$29,066.23** | | |

### Activity Since Your Last Statement

This statement is for informational purposes only and is being provided as a courtesy should you voluntarily
decide to make your loan payments. This statement should not be construed as an attempt to collect a debt or
a demand for payment contrary to any protections you may have received pursuant to your bankruptcy case.

If you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, we will only
exercise our rights as against the property and we are not attempting any act to collect the discharged debt
from you personally.

If your Plan requires you to make regular post-petition mortgage payments directly to the Bankruptcy Trustee,
and you chose to maintain your mortgage payment, any payment should be remitted to the Trustee or
otherwise in accordance with the Plan you filed with the Bankruptcy court.

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| | | | $268.34 | $658.82 | $232.96 | Unapplied $1,160.12- |
| 08/11 | Payment | | | | | Unapplied $568.72 |
| 08/10 | Funds received | $568.72 | | | | Property inspection |
| 07/26 | Advance | $20.00- | | | | |

*Continued on the next page*

002070/002206 AGP0TC 2070 ETM1C001 1



| | Loan Number | 3464851 | Monthly Payment | A | $ |
| | Total Payment | $29,066.23 | x pmt amt | | |

Additional   B   $
Principal

Check here and see      WILLIAM R SCHULTE            Late    C   $
reverse for address     MELANI SCHULTE              Charges
correction.             2070/002070/002206 008 02 AGP0TC 472

Please specify          Other   D   $
additional funds.       Charges
Any additional
funds not
specified will be       Additional   E   $
applied first to        Escrow
any outstanding
charges

WELLS FARGO HOME MORTGAGE
PO BOX 6417
CAROL STREAM IL 60197-6417

Total Amount Enclosed   F   $
(Please do not send cash)

472 0003464851 2 07250115163011977029066232776657 000000007090580208 3



Return Mail Operations
PO Box 14411
Des Moines, IA 50306-3411

**Monthly Mortgage Statement**

Statement Date          09/19/11
Loan Number             3464851
Property Address
 1528 SPLINTER ROCK WAY
 NORTH LAS VEGAS NV 89031

## For Informational Purposes

**Customer Service**  ☐ Online
                      wellsfargo.com/ym

| | |
|---|---|
| ☐ Fax | ☐ Telephone |
| (866) 278-1179 | (800) 274-7025 |
| Correspondence | Hours of Operation |
| PO Box 10335 | Mon - Fri, 8 AM - 5 PM CT |
| Des Moines IA 50306 | |
| ☐ Payments | |
| PO Box 6417 | |
| Carol Stream IL 60197 | |

We accept telecommunications relay service calls.

1AT       5365/018947/006390 069 02 AGP278 472

WILLIAM R SCHULTE
MELANI SCHULTE
7201 W LAKE MEAD BLVD STE 550
LAS VEGAS NV 89128-8364

**Important Messages**

This statement is for informational purposes only. Our records indicate that your loan is subject to bankruptcy. The attached coupon reflects the calendar due date, not the contractual due date of the bankruptcy case. If you have any questions regarding your loan, please contact your bankruptcy attorney or our office.

### Summary

| | | | |
|---|---|---|---|
| Payment (Principal and/or Interest, Escrow) | $1,151.63 | Unpaid Principal Balance | $105,142.59 |
| Optional Product(s) | $0.00 | Unpaid Advance Balance | $2,575.58 |
| **Current Monthly Payment 10/01/11** | **$1,151.63** | (Contact Customer Service for your payoff amount) | |
| | | Interest Rate | 7.500% |
| Overdue Payments 10/01/09 - 09/01/11 | $27,766.57 | Interest Paid Year-to-Date | $1,981.45 |
| Unpaid Late Charge(s) | $1,346.80 | Taxes Paid Year-to-Date | $1,053.47 |
| Other Charges | $45.00 | Escrow Balance | $3,793.99- |
| **TOTAL PAYMENT  10/01/11** | **$30,310.00** | | |

### Activity Since Your Last Statement

This statement is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make your loan payments. This statement should not be construed as an attempt to collect a debt or a demand for payment contrary to any protections you may have received pursuant to your bankruptcy case.

If you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, we will only exercise our rights as against the property and we are not attempting any act to collect the discharged debt from you personally.

If your Plan requires you to make regular post-petition mortgage payments directly to the Bankruptcy Trustee, and you chose to maintain your mortgage payment, any payment should be remitted to the Trustee or otherwise in accordance with the Plan you filed with the Bankruptcy court.

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| | | | | | | CLARK COUNTY (W) |
| 09/16 | County tax payment | | | | $344.18- | $46.07- |
| 09/16 | Late fee assessed | | | | | Unapplied $568.72 |
| 09/12 | Funds received | $568.72 | | | | |

*Continued on the next page*

018947/006390 AGP278 5365 ETM1C003



| | | | |
|---|---|---|---|
| Loan Number | 3464851 | Monthly Payment A | $ |
| Total Payment | $30,310.00 | x pmt amt | |
| | | Additional B Principal | $ |

*Check here and see reverse for address correction.*

WILLIAM R SCHULTE
MELANI SCHULTE
5365/018947/006390 069 02 AGP278 472

*Please specify additional funds. Any additional funds not specified will be applied first to any outstanding charges.*

| | |
|---|---|
| Late C Charges | $ |
| Other D Charges | $ |
| Additional E Escrow | $ |

WELLS FARGO HOME MORTGAGE
PO BOX 6417
CAROL STREAM IL 60197-6417

Total Amount Enclosed F  $
(Please do not send cash)



472 0003464851 2 070501151630119770303100028918620 00000007279832800 0

EXHIBIT 3

## U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



**Item #45**
Account No.: 153754402060
Amount: $568.72
Check No.: 1981
Routing No.: 12120169
Sequence No.: 008992455156
Date: 09/12/2011

## U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #35**
Account No.: 153754402060
Amount: $568.72
Check No.: 2091
Routing No.: 12120169
Sequence No.: 008998729270
Date: 10/17/2011

Front:

WILLIAM R. & MELANI SCHULTE
RENTALS- OPERATING ACCOUNT
7201 WEST LAKE MEAD BLVD, STE 550
LAS VEGAS, NV 89128-8364

U.S. BANK NATIONAL ASSOCIATION
LAS VEGAS, NV 89102
94-169/1212

2091

10/7/2011

PAY TO THE ORDER OF    WELLS FARGO HOME MORTGAGE                    $ **568.72

Five Hundred Sixty-Eight and 72/100***********************************    DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

MEMO    LOAN # 3464851 /1528 SPLINTER ROCK WAY

VOID AFTER 90 DAYS

⑈00 2091⑈ ⑆121201694⑆ 153754402060⑈

Back:

3464851  Check21 - DEP TO WFBNA
REGULUS CDS    4171424864    101711
300829.004 2193426 1  85

## U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #46**

| | | | |
|---|---|---|---|
| Account No.: 153754402060 | Check No.: 2144 | | Sequence No.: 008998468202 |
| Amount: $568.72 | Routing No.: 12120169 | | Date: 11/14/2011 |

**Front:**



## U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #45**
Account No.: 153754402060       Check No.: 2251          Sequence No.: 008894317323
Amount: $568.72                 Routing No.: 12120169     Date: 12/15/2011

Front:



## U.S. Bank Confidential Communication



Requested by: Kyle Lopez

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

Item #1
Account No.: 153754402060        Check No.: 2356        Sequence No.: 008893386913
Amount: $568.72                  Routing No.: 12120169   Date: 01/10/2012

Front:



## U.S. Bank Confidential Communication



Requested by: Christine Neubauer

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



Item #28
Account No.: 153754402060
Amount: $568.72
Check No.: 2454
Routing No.: 12120169
Sequence No.: 008896676425
Date: 02/13/2012

## U.S. Bank Confidential Communication



Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

| Item #6 | | |
|---|---|---|
| Account No.: 153754820907 | Check No.: 1038 | Sequence No.: 008993656769 |
| Amount: $568.72 | Routing No.: 12120169 | Date: 03/19/2012 |



## U.S. Bank Confidential Communication



Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

| Item #5 | | |
|---|---|---|
| Account No.: 153754820907 | Check No.: 1182 | Sequence No.: 008995134138 |
| Amount: $568.72 | Routing No.: 12120169 | Date: 05/14/2012 |



## U.S. Bank Confidential Communication



Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #4**

| | | |
|---|---|---|
| Account No.: 153754820907 | Check No.: 1221 | Sequence No.: 008998271027 |
| Amount: $568.72 | Routing No.: 12120169 | Date: 06/14/2012 |

**Front:**



## U.S. Bank Confidential Communication



Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



| Item #3 | | |
|---|---|---|
| Account No.: 153754820907 | Check No.: 1413 | Sequence No.: 008992686521 |
| Amount: $568.72 | Routing No.: 12120169 | Date: 07/03/2012 |

Front:

MELANI SCHULTE
RENTALS- OPERATING ACCOUNT
7201 WEST LAKE MEAD BLVD, STE 550
LAS VEGAS, NV 89128-8364

U.S. BANK N.A.
LAS VEGAS, NV 89102
94-169/1212

1413

6/1/2012

PAY TO THE ORDER OF     WELLS FARGO HOME MORTGAGE        $ **568.72

Five Hundred Sixty-Eight and 72/100********************************************  DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417

MEMO    LOAN # 3464851  1528 SPLINTER ROCK WAY

VOID AFTER 90 DAYS

⑈0014131⑈ ⑆121201694⑆ 153754820907⑈

Back:

## U.S. Bank Confidential Communication



Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #2**

| | | |
|---|---|---|
| **Account No.:** 153754820907 | **Check No.:** 1462 | **Sequence No.:** 008997113413 |
| **Amount:** $568.72 | **Routing No.:** 12120169 | **Date:** 08/07/2012 |



## U.S. Bank Confidential Communication



Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #1**
Account No.: 153754820907    Check No.: 1669    Sequence No.: 008890682752
Amount: $568.72    Routing No.: 12120169    Date: 09/10/2012

Front:



MELANI SCHULTE
RENTALS- OPERATING ACCOUNT
7201 WEST LAKE MEAD BLVD, STE 550
LAS VEGAS, NV 89128-8364

U.S. BANK N.A.
LAS VEGAS, NV 89102
94-169/1212

1669

8/6/2012

PAY TO THE ORDER OF    WELLS FARGO HOME MORTGAGE    $ **568.72

Five Hundred Sixty-Eight and 72/100************ DOLLARS

WELLS FARGO HOME MORTGAGE
P O BOX 6417
CAROL STREAM, IL 60197-6417    EXPRESS    VOID AFTER 90 DAYS

MEMO    LOAN # 3464851  1528 SPLINTER ROCK WAY

⑈001669⑈ ⑆121201694⑆ 153754820907⑈

Back:



## U.S. Bank Confidential Communication

Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #1**
Account No.: 153754820907    Check No.: 1795    Sequence No.: 008895583322
Amount: $568.72    Routing No.: 12120169    Date: 12/10/2012



## U.S. Bank Confidential Communication



Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

| Item #2 | | |
|---|---|---|
| Account No.: 153754820907 | Check No.: 1854 | Sequence No.: 008895422620 |
| Amount: $568.72 | Routing No.: 12120169 | Date: 11/13/2012 |



## U.S. Bank Confidential Communication



Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #6**

| | | |
|---|---|---|
| Account No.: 153754820907 | Check No.: 2260 | Sequence No.: 008894397967 |
| Amount: $568.72 | Routing No.: 12120169 | Date: 03/06/2013 |

Front:



## U.S. Bank Confidential Communication



Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



## U.S. Bank Confidential Communication 

Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #3**

| | | |
|---|---|---|
| Account No.: 153754820907 | Check No.: 2475 | Sequence No.: 008994599584 |
| Amount: $568.72 | Routing No.: 12120169 | Date: 05/20/2013 |



## U.S. Bank Confidential Communication



Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



| Item #4 | | | |
| --- | --- | --- | --- |
| **Account No.:** 153754820907 | | **Check No.:** 2549 | **Sequence No.:** 008994599583 |
| **Amount:** $568.72 | | **Routing No.:** 12120169 | **Date:** 05/20/2013 |

## U.S. Bank Confidential Communication



Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #2**

| | | |
|---|---|---|
| Account No.: 153754820907 | Check No.: 2670 | Sequence No.: 008997494886 |
| Amount: $568.72 | Routing No.: 12120169 | Date: 06/24/2013 |

**Front:**





## U.S. Bank Confidential Communication

Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

**Item #1**

| | | |
|---|---|---|
| Account No.: 153754820907 | Check No.: 2963 | Sequence No.: 008994210026 |
| Amount: $568.72 | Routing No.: 12120169 | Date: 09/24/2013 |

Front:

Back:



## U.S. Bank Confidential Communication



Requested by: Nathaniel Marshall

This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.



| Item #1 | | | |
|---|---|---|---|
| **Account No.:** 153754820907 | **Check No.:** 3518 | **Sequence No.:** 009092989174 | |
| **Amount:** $568.72 | **Routing No.:** 12120169 | **Date:** 03/19/2014 | |

**Front:**

**Back:**

EXHIBIT 4

**WELLS FARGO | HOME MORTGAGE**

Return Mail Operations
PO Box 14411
Des Moines IA 50306-3411

Statement date    *SPLTR*    05/12/17
Loan number    0535704241
Property address
1528 SPLINTER ROCK WAY
NORTH LAS VEGAS, NV 89031

## Customer Service

**Online**
wellsfargo.com

**Telephone**
1-800-274-7025

**Correspondence**
PO Box 10335
Des Moines IA 50306

**Fax**
1-866-278-1179

**Payments**
PO Box 14507
Des Moines IA 50306

**Hours of operation**
Mon – Fri 7 a.m. - 8 p.m.
CT

**PLEASE NOTE: If you are presently seeking relief (or have previously been granted relief) under the United States Bankruptcy Code, this statement is being sent to you for informational purposes only.**

DCSF1TDTSR  024929DCSF1T00000026675708

WILLIAM R SCHULTE
MELANI SCHULTE
#351
9811 W CHARLESTON BLVD STE 2
LAS VEGAS, NV 89117

MAY 18 2017

We accept telecommunications relay service calls.

## Payment summary

| | |
|---|---|
| Principal | $138.25 |
| Interest | $430.47 |
| Escrow | $135.64 |
| **Current payment** 06/01/17 | **$704.36** |
| Unpaid payment 05/01/11–05/01/17 | $52,724.17 |
| **Total payment** | **$53,428.53** |

## Balance summary

| | |
|---|---|
| **Unpaid principal balance** | **$112,000.00** |
| **Unpaid advance balance** | **$360.00** |
| **Unapplied funds balance** | **$15,272.74** |
| Escrow balance | $-8,961.12 |
| (Contact Customer Service for your payoff balance) | |
| Interest rate | 5.000% |
| Maturity date | 04/41 |

## Year-to-date summary

| | |
|---|---|
| Total received* | $-15,222.78 |
| Principal | $-2,510.04 |
| Interest** | $-8,312.28 |
| Taxes disbursed | $287.43 |

*This total may include the Unapplied funds balance from the Balance summary section.
**This information should not be used for tax purposes. If you have tax related questions, please consult your tax advisor.

## Activity since your last statement

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 04/13 | Payment reversal | | -$134.57 | -$466.67 | -$224.47 | Unapplied $825.71 |
| 04/13 | Payment reversal | | -$135.13 | -$466.11 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$135.70 | -$465.54 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$136.26 | -$464.98 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$136.83 | -$464.41 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$137.40 | -$463.84 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$137.97 | -$463.27 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$138.55 | -$462.69 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$139.13 | -$462.11 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$139.70 | -$461.54 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$140.29 | -$460.95 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$140.87 | -$460.37 | -$224.47 | Unapplied $825.71 |

Activity continued on next page

## Important messages

Your loan has an unpaid advance balance of $360.00; this is a result of funds paid on your behalf. Types of advances include but are not limited to taxes, insurance, utility payments, and attorney fees. If you would like to make a payment, send additional funds with your next mortgage payment to be applied to the advance balance or call us at the number listed above.

**DISASTER PREPARATION**
Our disaster assistance team is here to help you if you are ever affected by a disaster such as a fire, flood, or storm. If needed, please contact us at the number above or visit **wellsfargo.com/recovery** for additional information including the insurance claim check process.

**Important information**

Payments received after normal business hours will be credited the following business day.

If you send your payment to any other location, it may cause a processing delay. When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. If your mortgage check does not clear upon initial presentment, your bank may charge a fee and we may attempt to withdraw funds from your account electronically up to a maximum of three times. If we are not able to successfully collect these funds, the check amount will be reversed from your loan.

**Disputing account information reported to credit bureaus**

We may furnish information about your account to credit bureaus. You have the right to dispute the accuracy of information that we have reported by writing to us at the correspondence address noted on the front of this statement and describing the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation. In the case of information that you believe relates to identity theft, you will need to provide us with an identity theft report.

**Fee schedule**

Fees for assumptions, partial releases, and other services will be quoted upon request. Allowable fees for checks and drafts that are not honored by your bank vary by state and will be assessed automatically. States with fixed fees are as follows: ID-$20, NV-$25, SD-$30. Fees are subject to change without notice.

**Access your account online any time**

View details of your mortgage account, including official tax information, payment activity and more. Please visit the website listed on the front of this statement.

**Payment options**

There are multiple ways to make a payment:
-Online - You can schedule free payments online. Simply sign on to the website listed on the front of this statement and schedule your payment securely at your convenience.
-Pay by Phone - Payments can be scheduled by calling Customer Service; A fee for an automated telephone payment of $6 and for an agent-assisted telephone payment of $12 may be applicable based on the status of your account.
-By Mail or in person - You can mail your payment or bring it into any Wells Fargo Branch at no charge. Please be sure to include your payment coupon from your statement.

**Need to wire payment funds?** For assistance in finding the nearest location, call 1-800-926-9400 for MoneyGram® Express Payments or 1-800-325-6000 for Western Union® "Quick Collect" payments.

For those customers who reside in the state of Texas, we will <u>not</u> recognize 3rd Party Property Tax Lien Transfers or Property Tax Deferrals. These programs create a lien on your property which takes priority over your mortgage. A change in lien position violates your mortgage agreement and we will take the necessary steps needed to ensure the mortgage lien is not at risk.

**Servicemembers Civil Relief Act** - The Servicemembers Civil Relief Act (SCRA) may offer protection or relief to members of the military who have been called to active duty. If either you have been called to active duty, or you are the spouse, registered domestic partner, partner in a civil union, or financial dependent of a person who has been called to active duty, and you haven't yet made us aware of your status, please contact our Military Customer Service Center at 1-866-936-7272 or fax your Active Duty Orders to 1-877-658-4585, attention SCRA.

**Housing counselor information**

For help exploring options, the Federal government provides contact information for housing counselors, which you can access by contacting the Consumer Financial Protection Bureau at http://www.consumerfinance.gov/find-a-housing-counselor/, or obtain no-cost assistance by contacting the Department of Housing and Urban Development at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or by calling 1-800-569-4287.

**Contact us**

If you'd like to request information, notify us of an error, or share any concerns you may have about the servicing of your loan, please contact us at P.O. Box 10335, Des Moines, IA 50306. Please include your account number with all correspondence.

**Special note for customers with New York properties**

For those customers who reside in the state of New York, the debtor may file complaints about the servicer and obtain further information from the New York Banking Department by calling the Department's Consumer Help Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov



**Important bankruptcy notice -** If you are presently seeking relief (or have previously been granted relief) under the United States Bankruptcy Code, this statement is being sent to you for informational purposes only. It is provided to you as a courtesy should you voluntarily decide to make payments on your account. Notwithstanding any language contained in this statement, we want to assure you that we:

   · Are not providing this information to you in an attempt to collect a debt from you or in any way violate any provision of the United States Bankruptcy Code;
   · Will not seek collection of any amount owing on your account that will be (or has been) discharged in connection with your bankruptcy case, except any amount that may be payable to us as a result of filing a proof of claim in your bankruptcy case; and
   · Will only file a proof of claim for any amount owing on your account in your bankruptcy case if and when it is appropriate to do so.

In addition, if you filed a Chapter 7 bankruptcy case and received a discharge, but you did not reaffirm this debt, then please be advised that we are not sending this statement to you in an attempt to collect this debt from you personally and we can only exercise our rights against the property securing this debt.

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. ©2017 Wells Fargo Bank, N.A. All rights reserved.
NMLSR ID 399801                         non-adv-May 2017



WILLIAM R SCHULTE
MELANI SCHULTE

Loan number: 0535704241

## Activity since your last statement (continued)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|------|-------------|-------|-----------|----------|--------|-------|
| 04/12 | Payment reversal | | -$141.46 | -$459.78 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$142.05 | -$459.19 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$142.64 | -$458.60 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$143.23 | -$458.01 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$143.83 | -$457.41 | -$224.47 | Unapplied $825.71 |
| 04/12 | Payment reversal | | -$144.43 | -$456.81 | -$224.47 | Unapplied $825.71 |
| 04/10 | Payment reversal | | | | | Advance balance adj -$360.00 |
| 04/10 | | | | | | Unapplied $360.00 |
| 04/10 | Advance | $360.00 | | | | Advance balance adj |

DCSF1TDTSR 024929  1NNNNNNNN NNN NN 002 002    050229    20420547.1