UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In RE: Chapter 11 bankruptcy of<br>SCHULTE PROPERTIES, LLC<br><br>Debtors | Case No.: **02:17-bk-12883 MKN**<br><br>**DEBTOR'S MOTION TO DISMISS** |

The Reorganized Debtor SCHULTE PROPERTIES, LLC ("Reorganized Debtor" or "MELANI"), by and through its attorneys, Amberlea Davis, Esq., of LAW OFFICE OF AMBERLEA DAVIS, hereby moves this Court for the entry of an order dismissing the above-captioned chapter 11 case.

In Support of this motion, the Reorganized Debtor submits the following Memorandum of Points and Authoritites, the attached exhibits, the Declaration of Amberlea Davis, Esq., Attorney for Debtor, and the papers and pleadings on file in this bankruptcy case, of which the Debtor asks the Court to take Judicial Notice pursuant to Fed.R.Evid. 201.

### I. JURISDICTION

1. The Debtor's case was commenced on May 31, 2017 by the filing of voluntary chapter 11 petition by the Debtor pursuant to 11 U.S.C. §301 in this Court. This Court has jurisdiction over the Debtor's chapter 11 case, all of the Debtor's property, wherever located, and the subject matter of this motion. 28 U.S.C. §§ 157 and 1334.

2. As debtor in possession, the Debtor has substantially all of the rights, powers and duties of a trustee appointed under chapter 11 of the Bankruptcy Code, 11 U.S.C. §1107(a). No trustee, examiner or committee of unsecured creditors has been appointed to serve in the chapter 11 case.

3. This is a core proceeding.

### II. BACKGOUND

4. The Debtor owns 14 parcels of real property which make up the entirety of the assets of the bankruptcy. The properties are all currently occupied and are in good condition.

5. In its Schedule of Assets and Liabilities filed in this case, the Debtor estimated the market value of the property at 3.247 million dollars.

6. Debtor has a lending relationship with Wells Fargo Loans pursuant to which Debtor owes Wells Fargo $132,600.00 on 152 Splinter Rock Way, North Las Vegas, NV 89031.

7. On September 15, 2017, Wells Fargo Bank, N.A. filed a Motion for Relief From Stay with the intent to conduct foreclosure proceedings.

8. Said motion was granted by order entered on November 7, 2017.

9. The Debtor filed this chapter 11 case with the intent of restructuring its obligations, including the Splinter Rock Way obligation through the chapter 11 plan process. The Debtor believed that restructuring was in the best interests of creditors and the Debtor's estate in that it would allow Debtor to reduce the debt service on the Properties to make them profitable in the current real estate market, thus allowing Debtor to maintain payments on all the properties.

10. With the relief from stay granted Debtor believes the creditors will be best served by dismissing the bankruptcy in order to seek alternative measures to restructure or cure the defaults on the properties and to address each one individually.

### III. ARGUMENT

11. 11 U.S.C. §1112(b)(1) provides that, on request of a party in interest, after notice and hearing, absent unusual circumstances, the Court **shall** dismiss or convert to chapter 7 a chapter 11 case, whichever is in the best interest of creditors and the estate, if the movant establishes just cause. (emphasis added)

12. 11 U.S.C. §1112(b)(4) sets forth a list of sixteen non-exclusive factors which may constitute cause to dismiss a chapter 11 case. *Pioneer Liquidating Corp. v. U.S. Trustee*, (In re Consol. Pioneer Mortg. Entities), 248 B.R. 368, 375 (9th Cir. BAP 2000) (finding that "the enumerated causes [in § 1112(b)] are not exhaustive, and `the court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases.'"(citing, in part, H.R. REP. NO. 95-595, at 405-06 (1977), reprinted in 1978 U.S.C.C.A.N. 6362)). The bankruptcy court has broad discretion in determining what constitutes "cause" adequate for dismissal under §1112(b). Id.; see also *Chu v. Syntron Bioresearch, Inc*. (In re Chu), 253 B.R. 92, 95 (S.D. Cal. 2000). See also *Rand v. Porsche Fin. Servs., Inc.*, (In re rand), 2010 WL 6259960, (9th Cir. Bap 2010)

13. Courts may use their equitable power to consider each individual case and should consider the totality of the circumstances in determining whether to grant a motion to dismiss. See, e.g., In re *Yukos Oil Co*., 321 B.R. 396, 400 (Bankr. SD TX 2005) (dismissing case for cause "using a totality of circumstances' approach which applies in all Chapter 11 cases.")

14. Grounds to dismiss exist in that:
    a.  1112(b)(4)(a) – substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation in that, the relief from stay pertaining to the Splinter Rock Property so foreclosure proceedings may commence is a substantial loss to the estate. Debtor has no reasonable likelihood of rehabilitation in bankruptcy as Debtor will likely lose the property and cannot timely obtain refinance or cure the defect on the loan through the Chapter 11 plan process.

3

     b.    1112(b)(4)(J) - It has been more than 180 days since the filing of the Petition and Debtor has not filed a Disclosure Statement or Plan as required by 11 USC. 1121.

     c.    Debtor has also failed to file any first day motions other than to assume or reject leases.

15. Without the Splinter Rock property remaining subject to a chapter 11 plan, Debtor no longer believes it has a reasonable likelihood of rehabilitation in chapter 11. Creditor Wells Fargo is likely to receive a greater amount in a foreclosure sale than it would in a bankruptcy sale as a bankruptcy sale is unlikely to attract outside bidders willing to bid a sum which would result in the Debtor's estate receiving net proceeds sufficient to pay Wells Fargo in excess of what Wells Fargo believes they can realize at a foreclosure sale. Further, a bankruptcy sale will include significant costs of administration which are not present in a public non-judicial foreclosure sale.

16. The same is true for the other properties of the estate, few of which have any significant equity with the current state of the loans in default.

17. Conversion of this case to chapter 7 will saddle a trustee with a no-asset case. Even if there are legitimate defenses to any of the claims against the Property, the administrative costs of asserting those defenses are unlikely to achieve a net result which would realize value for the estate and creditors.

18. Accordingly, based on the foregoing, and the totality of the circumstances, the Debtor submits that cause exists to dismiss this case as dismissal is in the best interest of creditors and the Debtor's estate.

Wherefore the Debtor respectfully requests that the Court enter an order dismissing this chapter 11 case and granting such other and further relief as this Court deems just and appropriate.

Dated November 14, 2017

                                              Respectfully Submitted

                                   ____/s/ Amberlea Davis, Esq. _____
                                   Amberlea Davis, Esq.
                                   Law Offices of Amberlea Davis
                                   415 S. Sixth St, Ste 300
                                   Las Vegas, NV 89101
                                   Phone: (702) 440-8000
                                   Email: Amber@SheIsMyLawyer.com
                                   Attorney for Debtor Schulte Properties, LLC

## DECLARATION OF AMBERLEA DAVIS, ESQ.

STATE OF NEVADA        )
                      ) ss:
COUNTY OF CLARK        )

I, AMBERLEA DAVIS, ESQ., do hereby declare under penalty of perjury that

1. I am the attorney for the Debtor in this action, if called as a witness, I would testify as follows:

2. The Debtor owns 14 parcels of real property which make up the entirety of the assets of the bankruptcy. The properties are all currently occupied and are in good condition.

3. In its Schedule of Assets and Liabilities filed in this case, the Debtor estimated the market value of the property at 3.247 million dollars.

4. Debtor has a lending relationship with Wells Fargo Loans pursuant to which Debtor owes Wells Fargo $132,600.00 on 152 Splinter Rock Way, North Las Vegas, NV 89031.

5. On September 15, 2017, Wells Fargo Bank, N.A. filed a Motion for Relief From Stay with the intent to conduct foreclosure proceedings.

6. Said motion was granted by order entered on November 7, 2017.

7. The Debtor filed this chapter 11 case with the intent of restructuring its obligations, including the Splinter Rock Way obligation through the chapter 11 plan process. The Debtor believed that restructuring was in the best interests of creditors and the Debtor's estate in that it would allow Debtor to reduce the debt service on the Properties to make them profitable in the current real estate market, thus allowing Debtor to maintain payments on all the properties.

8. With the relief from stay granted Debtor believes the creditors will be best served by dismissing the bankruptcy in order to seek alternative measures to restructure or cure the defaults on the loans.

6

9. Debtor desires dismissal so it may seek to address each creditor individually in an effort to cure the defaults or obtain alternate financing.

10. The best interest of the creditors and the estate are served by dismissing the bankrutpcy

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Dated this 14th day of November, 2017.

                                         ___/s/ Amberlea Davis, Esq. _____
                                         Amberlea Davis, Esq.